UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICK TRACY,
*on behalf of himself and all other
employees similarly situated,*

                        *Plaintiffs,*

    v.

NVR, INC.

                        *Defendant.*

**Civil Action No.
04-CV-06541 DGL(P)**

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND TO LIMIT DISCOVERY AND IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO TAKE MORE THAN TEN DEPOSITIONS

**DOLIN, THOMAS & SOLOMON LLP**
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

Of Counsel:    J. Nelson Thomas, Esq.
                    Annette Gifford, Esq.
                    Cristina A. Bahr, Esq.

## PRELIMINARY STATEMENT

For the reasons set forth herein, plaintiffs seek, during the pendency of named plaintiff Patrick Tracy's motion for summary judgment, a Protective Order:

1. protecting from disclosure all discovery relating to employees other than Patrick Tracy;

2. limiting discovery only to facts related to Patrick Tracy's individual overtime claim;

3. permitting discovery from defendant or any third-parties relating to Patrick Tracy's individual overtime claim; and

4. denying without prejudice defendant's motion for leave to take more than ten depositions.

On November 16, 2007 defendant served interrogatories and document demands for each of the party plaintiffs who have opted in to this action. Defendant also served notices of deposition for 10 of the party plaintiffs, and on November 30, 2007 sought leave from this Court to serve additional notices of deposition on the remaining party plaintiffs. However, discovery from the collective action members is, at this time, not necessary and would only waste the parties' time and resources, due to named plaintiff Patrick Tracy's recently-filed dispositive motion.

On December 12, 2007 named plaintiff filed a motion for summary judgment on his individual Fair Labor Standards Act ("FLSA") Claim. (Docket Nos. 269-274). As set forth in those papers, the issue for the Court to determine is a straightforward legal question concerning the outside sales exemption. *See* 29 C.F.R. § 541.502. That question is, did Patrick Tracy, in performing his job duties, "customarily and regularly" make sales at his customers' places of business or homes. *Id*. As illustrated in plaintiff's summary judgment papers, this case has only one very simple legal issue for the Court to address. Once summary

judgment is decided, there is likely little left to occur in the case. Thus, discovery on the opt-in class would be a wasteful use of the parties' time and resources and discovery should be limited pending the outcome of the summary judgment motion. Accordingly, this memorandum of law shall also serve as plaintiffs' response in opposition to defendant's motion for leave to file more than ten depositions—as opt-in class discovery serves no fruitful function at this point and the scope of class discovery should be determined after a ruling on Patrick Tracy's dispositive motion.

Accordingly, plaintiffs respectfully request a protective order limiting discovery to only named plaintiff Patrick Tracy and discovery from defendant and third parties. Plaintiffs also request that defendant's motion for leave to take more than ten depositions be denied without prejudice.

### FACTS

Patrick Tracy filed this action on October 29, 2004 on behalf of himself and all others similarly situated against NVR, Inc. as a collective action under the FLSA, 29 U.S.C. §216(b) and as a class action for violations of state law for failure to pay wages and overtime.

The amended complaint seeks to recover on behalf of Sales and Marketing Representatives ("SMRs") employed by NVR, Inc. or its subsidiaries or divisions, including, without limitation, Ryan Homes, NVHomes and Fox Ridge Homes (collectively, "NVR"), that were denied overtime by defendant's misclassification of SMRs depriving such employees of statutorily required overtime payments.

On June 14, 2007 the Court granted conditional certification of a collective action and granted Court-authorized notice to current and former SMRs. (Docket No. 135). One hundred and fifty-five individuals opted into the action. On November 16, 2007, defendant

served individual discovery requests on each the opt-in plaintiffs, and noticed depositions for ten of the opt-in plaintiffs. Several weeks later, on November 30, 2007, defendant filed a motion for leave to notice more than ten depositions. (Docket No. 255).

On December 4, 2007 the parties attended a status conference with the Court. *See* Affirmation of Cristina Bahr, Esq., sworn to December 18, 2007 ("Bahr Aff.") ¶ 3. During the conference, the parties discussed several of the pending motions filed by each of the parties, including Plaintiffs' Motion for an Extension of Time to Amend the Pleadings (Docket No. 246), Plaintiffs' Motion to Compel (Docket No. 250), and Defendant's Motion for Leave to Take More Than Ten Depositions (Docket No. 255). *See* Bahr Aff. ¶ 4. Prior to the conference the Court had set January 8, 2008 as the oral argument date for those motions. (Docket Nos. 254, 258). *See* Bahr Aff. ¶ 5. During the conference, defense counsel stated that this meant he would have no choice but to assent to an extension of the discovery deadline, given that the discovery deadline (December 31, 2007) predated the oral argument date for defendant's Motion for Leave to Take More than Ten Depositions. *See* Bahr Aff. ¶ 6. Defense counsel stated that that being the case, he wanted a short extension. *See* Bahr Aff. ¶ 7. Defense counsel also expressed that he expected plaintiffs to respond to defendant's interrogatories and document demands by their due date. *See* Bahr Aff. ¶ 8. Plaintiffs' counsel responded that they did not need an extension to serve responses. *See* Bahr Aff. ¶ 9. Plaintiffs' counsel also stated that either responses would be served or plaintiffs would file a motion. *See* Bahr Aff. ¶ 10. In response, defense counsel stated that if a motion was filed, he requested that it be expedited, and that oral argument on any such motion be heard on January 8, 2008, with the other motions. *See* Bahr Aff. ¶ 11. The Court responded that if any motion was filed, counsel should inform the Court by letter that it wished for such

motion to be expedited.  *See* Bahr Aff. ¶ 12.  Towards the end of the conference, plaintiffs' counsel also stated that plaintiffs may file a dispositive motion.  *See* Bahr Aff. ¶ 13.  The Court responded that plaintiffs were permitted to file such a motion prior to the deadline for dispositive motions.  *See* Bahr Aff. ¶ 14.  On December 12, 2007, plaintiff Patrick Tracy filed a dispositive motion seeking summary judgment in his favor.  (Docket No. 269).  *See* Bahr Aff. ¶ 15.  Tracy moved for summary judgment on his individual claim on the issue of whether he was properly classified as non-exempt. *See* Bahr Aff. ¶ 16.  Counsel for plaintiff sent defense counsel a letter that same day concerning the possibility of limiting the scope of discovery, in light of plaintiff's motion.  *See* Bahr Aff. ¶ 17, Exhibit A.  On December 17, 2007, defense counsel responded via email declining to agree to limit discovery.  *See* Bahr Aff. ¶ 18, Exhibit B.  Accordingly, plaintiffs now file this motion seeking a protective order and to limit discovery.

## ARGUMENT

**I.    THIS COURT HAS BROAD DISCRETION TO LIMIT DISCOVERY.**

Under Federal Rule of Civil Procedure 26 ("FRCP 26" or "Rule 26"), the Court "must limit the frequency or extent of discovery otherwise allowed by [the] rules or by local rule if it determines that…the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case…the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  F.R.C.P. 26(b)(2)(c).  *See Schwab v. Philip Morris USA, Inc.*, No. 04-CV-1945, 2006 WL 721368 (E.D.N.Y. March 20, 2006) ("discovery regarding a matter that will not be useful in considering the issues before the court is inappropriate"); *Young v. Liberty Mutual Insurance*

*Co.*, No. 3:96-CV-1189 (EBB), 1999 WL 301688 (D. Conn. Feb. 16, 1999) ("while the Federal Rules mandate a liberal standard, they also afford courts the means to limit discovery").

II. **DISCOVERY ON THE OPT-IN CLASS WOULD NOT ADVANCE THIS CASE, BUT WOULD WASTE THE PARTIES' TIME AND RESOURCES.**

Although this case was filed as a collective action, plaintiff has moved for summary judgment to provide an opportunity to resolve the case quickly and efficiently. This case turns on a very narrow legal question: whether SMRs, like Patrick Tracy, customarily and regularly sold homes at their customer's homes or places of business. The resolution of that question will likely resolve this action—whether plaintiff prevails or not. Thus, that issue should be resolved before the parties and this Court invest extensive resources on discovery on over 100 opt-in plaintiffs.

If plaintiff wins his motion, the liability issues in this case will likely be disposed of. It is hard to imagine that in that scenario defendant can prove the exemption does not apply to the remaining opt-in plaintiffs. In that case, discovery from the class will be virtually useless. In the opposite scenario, if the Court rules that sales like Patrick Tracy's meet the exemption, it would be difficult to see how plaintiffs can prevail. In the unlikely event that the Court rules some factual issues remain, the ruling will certainly substantially narrow the scope of relevant discovery. Until then however, the potential finality of the summary judgment ruling means discovery on the opt-in class at this point will do nothing to advance the case at this point. If anything, it will only waste the parties' resources by heavily overburdening them with an exercise that is premature. Further, if discovery commences at a later point it will be more efficient and narrowed to focus on only the issues left open by the Court.

- 5 -

Plaintiffs acknowledge however, this reasoning does not apply to discovery on Patrick Tracy himself. Plaintiffs understand that defendant may desire some discovery from Patrick Tracy—although plaintiffs believe there are no facts in dispute with regard to his claim. Therefore, with this motion, plaintiffs do not seek to foreclose defendant's opportunity to conduct discovery on Patrick Tracy. As such, today, plaintiff has served its responses to defendant's discovery demands relating to Patrick Tracy and plaintiffs do not object to producing Patrick Tracy for a deposition, provided that defendant provides the documents plaintiffs have requested in their discovery demands.[1] Should discovery on Pat Tracy proceed, there remain some outstanding issues, such as which entities may be considered Patrick Tracy's employer (on which plaintiff has already moved to compel) as well as information sought from third parties on other issues that would warrant discovery from the defendant.

## **CONCLUSION**

It is in the Court's, the parties' and their counsel's interest to limit discovery to Patrick Tracy, pending the outcome of plaintiff's motion for summary judgment. To conduct class-wide discovery at this stage, is not appropriate. Discovery will proceed more efficiently once the Court has defined the factual burden defendant must meet for Patrick Tracy and the opt-in class to be properly classified as exempt.

---

[1] If and when discovery is ordered to proceed with respect to the remaining individuals, plaintiffs would subject additional objections to defendant's discovery demands, including objections regarding both the individual demands and the proper scope or sampling to be applied with respect to that discovery. In the instant motion, however, plaintiffs' position is merely that those objections and issues are more appropriately saved for another day—when the pending dispositive motion has been decided and when the parties have conferred and engaged in appropriate motion practice regarding any discovery issues that remain following that decision.

H:\Tracy, P\Motion for Protective Order\Memorandum_of_Law_in_Support_of_Motion_for_Protective_Order[1].doc

For the foregoing reasons, plaintiffs respectfully request the entry of a Protective Order:

1. protecting from disclosure all discovery relating to employees other than Patrick Tracy; and

2. limiting discovery only to facts related to Patrick Tracy's individual overtime claim;

3. permitting discovery from defendant or any third-parties relating to Patrick Tracy's individual overtime claim; and

4. denying without prejudice defendant's request for leave to notice more than ten depositions.

Dated: December 18, 2007

                                        **DOLIN, THOMAS & SOLOMON LLP**

                       By:   /s/ Cristina A. Bahr
                               J. Nelson Thomas, Esq.
                               Annette Gifford, Esq.
                               Cristina A. Bahr, Esq.
                               *Attorneys for Plaintiffs*
                               693 East Avenue
                               Rochester, New York 14607
                               Telephone: (585) 272-0540
                               nthomas@theemploymentattorneys.com
                               agifford@theemploymentattorneys.com
                               cbahr@theemploymentattorneys.com