UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK TRACY, on behalf of himself and
all other employees similarly situated,

                DECISION & ORDER

        Plaintiffs,

                04-CV-6541L

    v.

NVR, INC.,

        Defendant.
_____

## PRELIMINARY STATEMENT

      Plaintiff Patrick Tracy commenced this action on behalf of himself and other similarly-situated individuals, alleging that defendant NVR, Inc. ("NVR") failed to compensate him at the required overtime rate when he worked more than forty hours during a work week. (Docket # 4). By order dated January 5, 2007, the above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B). (Docket # 10).

      On February 7, 2008, Tracy filed a motion to compel, among other things, responses to interrogatories served upon NVR. (Docket # 301). This Court conducted oral argument on that and other motions on March 3, 2008. During the course of oral argument, counsel for the parties resolved several motions, and the Court issued oral rulings as to many of the remaining motions. The Court reserved decision on Tracy's motion to compel responses to two of his interrogatories.

Specifically, Tracy's fourth interrogatory requests that NVR "[i]dentify any and all interviews [d]efendant or its agents, including attorneys, have had with [p]ersons [c]oncerning this matter and [i]dentify all [d]ocuments [c]oncerning such [c]ommunications." (Docket # 307, Ex. A).  Tracy's sixth interrogatory requests that NVR "[i]dentify each [p]erson who has been asked to locate [d]ocuments or provide information to respond to any discovery request in this matter, and [i]dentify which requests the [p]erson was asked to provide information or [d]ocuments for and whether the individual provided information or [d]ocuments for that response." (*Id.*).  NVR objects to both interrogatories on the grounds, among others, that the information requested is protected from disclosure under the work product doctrine. (*Id.*; Docket # 330).

## DISCUSSION

The threshold requirement of discoverability under the Federal Rules of Civil Procedure is whether the information sought is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  To be discoverable, the information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence" and may encompass information concerning "the existence, description, nature, custody, condition, and location of any documents . . . and the identity and location of persons who know of any discoverable matter." *Id*.  The relevance standard is necessarily broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).  *See Daval Steel Prods. v.*

*M/V Fakredine*, 951 F.2d 1357, 1368 (2d Cir. 1991) (parties entitled to discovery of any matter that appears "reasonably calculated to lead to the discovery" of evidence) (quoting Fed. R. Civ. P. 26(b)(1)); *American Banana Co. v. Republic Nat'l Bank of New York*, 2000 WL 521341, *2 (S.D.N.Y. 2000) ("Rule 26 plainly allows discovery related to the claims and defenses of any party").

The attorney work product doctrine protects from disclosure "materials prepared by or at the behest of counsel in the anticipation of litigation or for trial." *In re Grand Jury Subpoenas Dated Mar. 19, 2002 and Aug. 2, 2002*, 318 F.3d 379, 383 (2d Cir. 2003) (citing *Hickman v. Taylor*, 329 U.S. at 511); *see* Fed. R. Civ. P. 26(b)(3). This doctrine ensures the privacy of an attorney's mental impressions and strategies. *Id.* at 383-84. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman*, 329 U.S. at 510-11. The work product doctrine does not, however, extend to "documents in an attorney's possession that were prepared by a third party in the ordinary course of business and that would have been created in substantially similar form irrespective of any litigation anticipated by counsel." *In re Grand Jury Subpoenas Dated Mar. 19, 2002 and Aug. 2, 2002*, 318 F.3d at 384-85 (citing *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998)).

Of course, work product protection is not absolute; it may yield, but only upon a showing "'that the party seeking discovery has substantial need of the materials...and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by

other means.'" *Id.* (quoting Fed. R. Civ. P. 26(b)(3)[1]). For purposes of this motion, the Court's inquiry is limited to whether the requested material enjoys the protection of the work product doctrine. No attempt has been made by plaintiffs to satisfy the showing necessary to overcome the protection, if indeed such protection is justified. (Docket # 333).

NVR argues that the work product doctrine applies because identification of the individuals whom counsel has interviewed and from whom counsel has requested documents will provide insight into those attorneys' mental processes and strategies.[2] In rejoinder, Tracy contends that the mere disclosure of the identities of such individuals discloses nothing about counsels' thought processes. Both parties have cited relevant authority in support of their positions. Having examined that caselaw, I conclude that the more persuasive authority favors NVR's position.

The better reasoned decisions, in my estimation, are those that draw a distinction between discovery requests that seek the identification of persons with knowledge about the claims or defenses (or other relevant issues) – requests that are plainly permissible – and those that seek the identification of persons who have been contacted or interviewed by counsel concerning the case. *See, e.g., Seven Hanover Assoc. v. Jones Lang LaSalle Americas, Inc.*, 2005 WL 3358597, *1 n.1 (S.D.N.Y. 2005) ("[d]efendant is free to ask for names of persons with knowledge of the facts, but is not entitled, through plaintiffs, to identification of who among such

---

[1] The language quoted has been revised in the current version of Fed. R. Civ. P. 26(b)(3)(A)(iii), but is substantively identical to the earlier version.

[2] Work product protection generally extends to documents and things, but also may apply to information sought through depositions and, as here, interrogatories. *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 230-31 (E.D.N.Y. 2007) (citing *United States v. District Council of New York City and Vicinity of the United Bhd. of Carpenters*, 1992 WL 208284, *7 (S.D.N.Y. 1992)).

knowledgeable individuals have been interviewed by plaintiffs' attorney"); *Morgan v. City of New York*, 2002 WL 1808233, *3 (S.D.N.Y. 2002) (upholding request for identification of persons with knowledge of the claims, but sustaining objection to request for identification of those contacted and/or interviewed by plaintiff or her agents); *United States v. District Council of New York City and Vicinity of the United Bhd. of Carpenters*, 1992 WL 208284 at *10 ("[h]ow a party, its counsel and agents choose to prepare their case, the efforts they undertake, and the people they interview is not factual information to which an adversary is entitled"); *Massachusetts v. First Nat'l Supermarkets, Inc.*, 112 F.R.D. 149, 152 (D. Mass. 1986) ("when the terms of the interrogatory are not cast in terms of identification of persons with knowledge but rather in terms of the identification of persons interviewed by counsel, the work product product may be applicable"). As the court observed in *District Council of New York City*, disclosure of the identities of witnesses interviewed and contacted "would inevitably teach [the requesting party] which individuals [opposing counsel] consider[s] more or less valuable as witnesses and how [he or she] [is] preparing for trial." 1992 WL 208284 at *10 (citing *Appeal of Hughes*, 633 F.2d 282, 288-90 (3d Cir. 1980) (additional citations omitted)). As part of mandatory initial disclosures, NVR has provided Tracy with a list identifying persons likely to have discoverable information that NVR may use to support its defense of this action. (Docket # 302 at 14-15). Nothing has been presented to the Court to demonstrate that the list is inadequate. *See EEOC v. Jewel Food Stores, Inc*, 231 F.R.D. 343, 348 (N.D. Ill. 2005) ("where the discoverable information . . . has already been produced in some manner (either through prior document production or through Rule 26 disclosures or by answering interrogatories about persons with knowledge and the substance of that knowledge), then the answering party does not

need to disclose the identity of witnesses it has chosen or documents it has selected to review to prepare its case"). For this reason, and applying the above-cited authority, I deny Tracy's request to compel NVR to answer Interrogatory No. 4 seeking identification of those persons whom counsel for NVR has interviewed concerning this case.

      For similar reasons, I deny Tracy's motion to compel a response to Interrogatory No. 6, seeking information about the individuals who assisted counsel in responding to Tracy's discovery demands. That request seeks the identification of every person whom counsel contacted about those requests (whether or not such persons actually provided information or documents) and, in particular, which requests they were contacted about. This request, which goes well beyond a request for information about the locations from which documents produced were found (which would be discoverable), is too broad for the reasons previously outlined. *See, e.g.*, *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. at 231-32 (denying request for identification of individuals contacted to prepare interrogatory responses, but granting request for identification of individuals who supplied documents responsive to document requests; "requiring plaintiffs to reveal the identities of individuals who assisted them with their interrogatory responses could easily reveal 'every person whom Plaintiff[s or their] agents have contacted, interviewed or communicated with concerning Plaintiff[s'] allegations in this case,' or even which persons plaintiffs believe to have the most relevant information" (quoting *Morgan v. City of New York*, 2002 WL 1808233 at *3).

## **CONCLUSION**

For the foregoing reasons, it is this Court's Decision and Order that Tracy's motion to compel NVR to respond to his fourth and sixth interrogatories **(Docket # 301)** is **DENIED**.

**IT IS SO ORDERED.**

                                             *s/Marian W. Payson*
                                               MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated: Rochester, New York
        May   7  , 2008