UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICK TRACY,
*on behalf of himself and all other
employees similarly situated,*

         *Plaintiffs,*

  v.

NVR, INC.

         *Defendant.*

**Civil Action No.
04-CV-06541 DGL(P)**

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

**DOLIN, THOMAS & SOLOMON LLP**
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

Of Counsel: J. Nelson Thomas, Esq.
      Michael J. Lingle, Esq.
      Cristina A. Bahr, Esq.

## PRELIMINARY STATEMENT

Plaintiffs submit this memorandum of law in support of their motion to amend the second amended complaint (the "complaint"). Plaintiffs seek to amend the complaint to add as defendants, Dwight Schar, Chairman of the Board of defendant NVR, Inc.; Paul C. Saville, President and Chief Executive Officer of NVR, Inc.; and Joseph Madigan, Senior Vice President of Human Resources. As set forth below, and in the accompanying affirmation of Cristina Bahr, sworn to May 30, 2008 ("Bahr Aff."), plaintiffs can adequately allege that there are additional employers of the plaintiffs, warranting amendment of the complaint. Plaintiffs have attached a proposed amended complaint as <u>Exhibit A</u> to the affirmation of Cristina Bahr, submitted in support of this motion.[1]

## FACTS

Patrick Tracy filed this action on October 29, 2004 on behalf of himself and all others similarly situated against NVR, Inc. as a collective action under the FLSA, 29 U.S.C. §216(b) and as a class action for violations of state laws for failure to pay wages and overtime.[2] The amended complaint seeks to recover on behalf of Sales and Marketing Representatives ("SMRs") and Sales and Marketing Associates ("SMAs") of NVR, Inc. or its subsidiaries or divisions, including, without limitation, Ryan Homes, NVHomes and Fox Ridge Homes (collectively, "NVR"). The complaint alleges that the SMRs and SMAs were denied overtime

---

[1] For the Court's convenience, all affirmations, and other supporting documents are attached as exhibits to the Affirmation of Cristina Bahr, sworn to May 30, 2008 ("Bahr Aff").
[2] On November 11, 2004, plaintiffs amended the complaint to add claims pertaining to an additional group of employees, called Sales and Marketing Associates (also known as Sales Associates).

- 2 -

because defendant misclassified their positions as outside sales persons, depriving them of statutorily required overtime payments.[3]

To date, the parties have exchanged document requests and interrogatories, after resolving several discovery disputes, and will soon move further into discovery, including conducting depositions of several of defendant's employees who supervised named plaintiff Tracy directly. Defendant deposed Patrick Tracy in April 2008. So far, discovery has only covered named plaintiff Tracy, and not other class members.

From the earliest stages of the discovery process, plaintiffs have requested that defendant provide information about additional individuals or entities which could be considered joint employers of the plaintiffs under the FLSA. Plaintiffs have served discovery requests and 30(b)(6) deposition notices seeking such information, yet defendant has not responded to those requests, or produced a proper deponent, instead claiming that no other individuals or entities are employers. However, publicly available information about NVR, Inc., court filings in this case, and documents turned over by defendant in discovery, demonstrate otherwise. Accordingly, for the reasons set forth below, leave to amend should be granted.[4]

---

[3] In 2006, the parties settled the claims of Sales and Marketing Associates, and NVR, Inc. reclassified those individuals as non-exempt. Upon information and belief, those employees are now paid on an hourly basis and receive overtime pay. Currently, the litigation involves only Sales and Marketing Representatives. *See* Bahr Aff. ¶ 6.

[4] As discussed during the last conference with the Court, as discovery moves forward, information about additional employers may be revealed, at which time, plaintiffs would likely again seek to amend the complaint.

- 3 -

H:\Tracy, P\Motion to Amend\Memorandum_of_Law_in_Support_of_Motion_to_Amend version 2.doc

## ARGUMENT

### I. LEAVE TO AMEND IS FREELY GRANTED.

The lenient standard for amendment set forth in the Federal Rules of Civil Procedure warrants in favor of amendment of the complaint. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend should "freely" be given. *See* Fed. R. Civ. P. 15(a). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Werner v. Werner*, 267 F.3d 288, 296 (3d Cir. 2001); *Harding v. Duquesne Light Co.*, 882 F. Supp. 422, 429 (W.D. Pa. 1995) (Ambrose, J.). Here, plaintiffs' proposed changes, which are set out in the proposed amended complaint, should be permitted based on both the letter of Rule 15(a) and its underlying policy: "that pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits." 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1473 (2007).

Courts have interpreted Rule 15(a)'s lenient standard to permit a wide variety of amendments. For example, courts "have allowed a party to amend in order to change the nature or theory of his claim or the capacity in which he is bringing the action, or to state additional claims" or "to add, substitute, or drop parties to the action." 6 WRIGHT & MILLER § 1474. *See also, e.g., Martin v. Virgin Islands Nat'l Bank*, 455 F.2d 985, 986 (3d Cir. 1972) (granting motion to amend to add a claim that "arose out of the conduct or occurrence set forth in the original complaint"); *Quinlan v. Matthews*, 23 F.R.D. 25, 26-27 (E.D. Pa. 1958) (granting motion to amend and refraining from considering the merits of the amended complaints). The Supreme Court has noted that permissible amendments comprise a broad range of permissible revisions: "[i]f the underlying facts or circumstances relied upon by a

plaintiff may be a proper subject of relief, [the plaintiff] ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178 ,182 (1962).

Generally, leave to amend is denied only where the relevant circumstances suggest amendment would be contrary to the interests of justice. The Supreme Court has noted that such circumstances include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," which demonstrate the proposed amendment would not promote justice. *Id*. Indeed, the Court cautioned that "refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id*.

None of the circumstances identified by the Supreme Court as proper grounds for denying a motion to amend are present here. There has been no undue delay, bad faith or dilatory motive on the part of plaintiffs; instead, plaintiffs have continuously sought information on the issue of whether joint employers exist in this case but defendant has refused to provide any such information in discovery. There has also been no "repeated failure to cure deficiencies by amendments previously allowed," as plaintiffs have only previously sought leave to amend the complaint, first, in order to add the claims of SMAs and then, to settle the claims of the SMAs, as discussed above.[5] *Id*. As set forth below, the proposed amendments would not be futile, but assert valid allegations which, when proven at trial, will entitle plaintiffs to relief.

---

[5] Plaintiffs amended the complaint in correlation with the settlement of the SMAs' claims, in order to add to the caption, plaintiffs who worked as SMAs in various states, so those state law claims could be released in connection with the settlement.

## II. THE NAMED INDIVIDUALS ARE PROPER DEFENDANTS UNDER THE FLSA.

The definition of "employer" under the FLSA is "necessarily a broad one in accordance with the remedial purpose of the Act." *See Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058 (2d Cir. 1988). The Supreme Court has noted the FLSA defines the verb "employ" with "striking breadth," and in such a way as to "stretch[ ] the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992).

Individuals may be "employers" themselves. *See* 29 U.S.C. § 203(d) ("'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee…"). *See also Aguilar v. Complete Landsculpture, Inc.*, No. Civ.A.3:04 CV 0776 D., 2004 WL 2293842, at *3 (N.D.Tex., Oct. 7, 2004) ("The term "includes individuals with managerial responsibilities and substantial control over the terms and conditions of the [employee's] work") (citation omitted). An individual's operational control over an entity can be sufficient for that individual to be deemed an employer under the FLSA as well. *See Herman v. RSR Security Svcs. Ltd.*, 172 F.3d 132, 140 (2d Cir. 1999).

At the pleading stage plaintiffs need only make allegations sufficient to put defendants on notice of the claims and the grounds on which they rest. *See EEOC v. Thomas Dodge Corp. of N.Y.*, 534 F.Supp.2d 227, 234 (E.D.N.Y. 2007). On a motion to amend, the Court is tasked to "accept[] all factual allegations set forth in the proposed amended complaint as true and draw[] all reasonable inferences in favor of the plaintiff[s]," to determine whether the proposed amendment is futile. *Id*. at 235. *See also Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). Thus, while the Court at this time need only examine the face of the proposed

amended complaint, there is ample evidence showing each individual defendant's liability as an employer under the FLSA. Through their affirmative conduct, direction and control of business operations of NVR, including human resources functions, they may appropriately be named as defendants named in the complaint.

### A. *Dwight Schar and Paul C. Saville*

Individual defendant Dwight Schar has served as NVR, Inc.'s Chairman of the Board since September 30, 1993, and simultaneously served as the President and Chief Executive Officer until June 30, 2005. *See* Bahr Aff., Exhibit B at 12 (NVR, Inc. 2007 Annual Report). Paul C. Saville has served as NVR, Inc.'s President and Chief Executive Officer since July 1, 2005. *See* Bahr Aff., Exhibit B at 12. As noted in the 2007 annual report, signed by Mr. Schar and Mr. Saville, NVR's "preferred marketing method is for customers to visit a furnished model home," and that "sales representatives are compensated predominantly on a commission basis." *See* Bahr Aff., Exhibit B at 4. This "preferred marketing method's" mention in the company annual report exemplifies that NVR's sales method is an integral part of the company's marketing approach, and is strategically implemented at the company's highest levels.

NVR, Inc.'s 2007 annual report also references this litigation, specifically noting the legal issue involved (SMRs' exempt status). *See* Bahr Aff., Exhibit B at 11. Mention of the lawsuit in the report, and Mr. Schar's and Mr. Saville's signature on the report, demonstrate their full awareness of the disputed classification of SMRs—and their ongoing approval of the classification. Indeed, in 2006 NVR decided to *change* the classification of Sales and Marketing Associates (and agreed to pay wages due them)—as part of the settlement of the portion of this case involving those employees. *See* Bahr Aff. ¶ 6. There can be little doubt

- 7 -

that the individual defendants Schar and Sayville were involved in the significant decision to reclassify SMAs, and logically, are still involved in the significant decision to continue to pay SMRs as exempt. Indeed, Mr. Schar is kept abreast of company decisions as small as whether to play music for customers on hold, and how long customers should be kept on hold when calling in for customer service. *See* Bahr Aff. ¶ 7, Exhibit C, "Guidelines for Customer Response Procedure." It is thus clear that Mr. Schar and Mr. Saville exercise sufficient "operational control" to be named as defendant employers in this action. *See Herman,* 172 F.3d at 140.

### B. *Joseph Madigan*

Additionally, the Senior Vice President of Human Resources, Joseph Madigan, has also shown his essential role in exercising direction and control over defendant NVR's nationwide policies concerning the exempt status of SMRs. The Senior Vice President of Human Resources originated documents produced by NVR in discovery, clearly demonstrating his level of control over the job functions and compensation of the plaintiffs. For example, among those documents are the Ryan Homes/NV Homes Sales and Marketing Representative Compensation Program. *See* Bahr Aff., Exhibit D. Joseph Madigan even admitted his broad influential role over the subject plaintiffs' duties and pay in an affidavit submitted on behalf of NVR, Inc. Mr. Madigan admitted that he oversees all human resources functions for NVR. *See* Bahr Aff., Exhibit E. Among the topics addressed by Mr. Madigan in his affidavit are: NVR's business and organizational structure, training for SMRs, SMR job duties and SMR compensation. *See* Bahr Aff., Exhibit E. Mr. Madigan has openly stated facts demonstrating his control and direction over human resources functions, thus he can appropriately be named as a defendant employer.

By virtue of their respective positions with defendant NVR, Mr. Schar, Mr. Sayville and Mr. Madigan have control over the employment situation of the plaintiffs, as alleged in the proposed amended complaint. Although at the pleading stage the ultimate merits need not be proved, there is an adequate factual basis to conclude that <u>all</u> of the individual defendants are liable as employers under the FLSA. Accordingly, the proposed amended complaint properly names them as defendants.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request the entry of an Order granting leave to file a Third Amended Complaint.

Dated: May 30, 2008

**DOLIN, THOMAS & SOLOMON LLP**

By: /s/ Cristina A. Bahr
J. Nelson Thomas, Esq.
Michael J. Lingle, Esq.
Cristina A. Bahr, Esq.
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com
cbahr@theemploymentattorneys.com