UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICK TRACY,
*on behalf of himself and all other*
*employees similarly situated,*

                          *Plaintiffs,*

v.

NVR, INC.

                          *Defendant.*

Civil Action No.
04-CV-06541 DGL(P)

# REPLY MEMORANDUM OF LAW IN FURTHER
# SUPPORT OF PLAINTIFFS' MOTION
# TO AMEND THE COMPLAINT

**DOLIN, THOMAS & SOLOMON LLP**
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

Of Counsel:    J. Nelson Thomas, Esq.
                    Michael J. Lingle, Esq.
                    Cristina A. Bahr, Esq.

**PRELIMINARY STATEMENT**

Plaintiffs submit this reply memorandum of law in further support of their motion to amend the second amended complaint (the "complaint") to add as defendants, Dwight Schar, Chairman of the Board of defendant NVR, Inc.; Paul C. Saville, President and Chief Executive Officer of NVR, Inc.; and Joseph Madigan, Senior Vice President of Human Resources.

To challenge the complaint's sufficiency, defendant has asked this Court to review plaintiffs' amended complaint as though it were evidence presented at trial or on a motion for summary judgment. However, this is not the Court's task at this time. All that plaintiffs are required to do is set forth factual allegations that actively and plausibly suggest that the individuals are liable under the FLSA, which plaintiffs have unmistakably done. In addition to proposing a valid amended complaint, the amendment is not prejudicial to either party, nor have plaintiffs moved for leave to amend in bad faith. For the reasons set forth below, leave to amend should be granted.

**FACTS**

For facts, see plaintiffs' memorandum of law in support of their motion to amend, filed on May 30, 2008, Docket No. 337, and the affirmation of Cristina A. Bahr, sworn to June 30, 2008 ("Bahr Aff.") filed contemporaneously with this reply memorandum of law.

**ARGUMENT**

**I.  THE AMENDED COMPLAINT IS NOT FUTILE.**

The amended complaint states valid allegations against the individual defendants, because accepting the amended complaint's allegations as true, the claim is not futile. A complaint may properly be amended if the new claims it presents would survive a motion to

dismiss, or, are not futile.[1] *See EEOC v. Thomas Dodge Corp. of N.Y.*, 524 F.Supp.2d 227, 234-35 (E.D.N.Y. 2007). Additionally, in order to survive, a complaint must allege facts that actively and *plausibly suggest* the conclusion that the defendant violated the law—and in this context, the complaint must allege facts that (taken as true) *plausibly suggest* that the individual defendants were employers of the plaintiff class. *See Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (holding that to state a claim of conspiracy under the Sherman Act, complaint must contain "enough factual matter (taken as true) *to suggest* that an agreement was made") (emphasis added).

However, neither the futility or plausibility requirements mandate that a plaintiff prove his or her case at the pleading stage. *See Pelchy v. U.S.*, No. 5:07-CV-277 (NAM/DEP), 2008 WL 686969, *1 (N.D.N.Y., March 12, 2008) quoting *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999) (issue on a motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims"); *Modis, Inc. v. Bardelli*, 531 F.Supp.2d 314, 318 (D. Conn. 2008) (function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof") quoting *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984).

In this regard, defendant has overstated the pleading requirement set forth in *Bell Atlantic v. Twombly*. While it is true that in *Twombly* the Supreme Court retired the "no set of facts" language, and set forth a standard of "enough facts to state a claim to relief that is

---

[1] Plaintiffs do not dispute that the amended complaint is to be judged according to this standard, and contest defendant's assertion that plaintiffs have "ignored" the futility standard. *See* Plaintiffs' Memorandum of Law in Support of Motion to Amend, Docket No. 337 at p. 5, 6.

plausible on its face," the standard for dismissal is by no means now heightened. *See Twombly,* 127 S. Ct. at 1974 ("[W]e do not require heightened fact pleading of specifics…"); *Boykin v. Keycorp,* 521 F.3d 202, 213 (2d Cir. 2008) (noting that *Twombly* affirmed the vitality of the notice pleading standard)*; Thompson v. Linvatec Corp.*, No. 06-CV-0404 (NPM / GJD), 2008 WL 541164, *2 (N.D.N.Y. Feb. 25, 2008) *citing Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007) (noting that the Second Circuit does not interpret *Bell Atlantic* as requiring heightened fact pleading).

### A. Plaintiff has made allegations that plausibly suggest the individual defendants are employers under the FLSA.

Under the above-cited cases, defendant's analysis of the amended complaint fails to recognize the amended complaint's allegations are entirely plausible. Plausibility does not mean that plaintiffs' case starts and ends with the facts alleged in the amended complaint—which is precisely how defendant challenges this motion.

Defendant claims the complaint is defective because it relies on the individual defendants' status to support its allegations that they are employers, and does not attribute any "specific conduct" to the named defendants. However, plaintiffs have offered direct evidence to the contrary. Not intending in any way to suggest that proof of the individual defendants' involvement in creating and perpetuating the alleged pay violations is required at the pleading stage, plaintiffs have provided evidence in support of their motion that clearly shows such involvement. Accordingly, defendant is incorrect to assert that plaintiffs' allegations about the individuals' involvement is not plausible. For example, Mr. Schar is involved in a wide range of issues and decisions at NVR, including those as miniscule as telephone "holds" for customer service calls. *See* Plaintiffs' Memo of Law at p. 8. Also, the Ryan Homes/NV Homes Sales and Marketing Representative Compensation Program is

issued by Mr. Madigan himself—strongly supporting that he is not as far-removed from the design, operation and control of defendant's pay practices as defendant wishes were the case. Compensation *is* the disputed issue in this case. Any argument that Mr. Madigan is not centrally active in human resources issues, including SMR pay policies (as evidenced by documents), is simply incredulous. Clearly, plaintiffs' assertions are not implausible. *See* Plaintiffs Memo of Law at p. 8.

Plaintiffs simply do not know what more "specific conduct" need be alleged to show plausible claims. Reliance on the individuals' roles to make plausible allegations that they had the power to, and did, commit acts that make them employers under the FLSA is both sufficient and adequate. In those roles, it is expected that the individual employers would commit such acts—for if not, it would seem that the individuals held functionless jobs, or did not do the functions required of them. And although defendant claims it is implausible that because of their high-level jobs, the individuals committed the acts alleged in the proposed amended complaint, defendant has not shown otherwise. Instead, defendant touches on potential substantive defenses which can only be determined after discovery.

Plaintiffs in fact agree, that for other individuals perhaps *not* in those roles, allegations not tied to a specific high-level corporate role may not plausibly suggest their FLSA employer status. Yet it is simply *implausible* that individuals at the corporate levels of Messrs. Shar, Saville and Madigan did not commit the acts alleged in some way shape or form, either themselves or by virtue of controlling another person or persons at NVR. The Court must only find it plausible, that by virtue of their role, the individual defendants:

- actively manage NVR;
- make decisions that concern the policies defendant adopts and the implementation of those policies;

- make decisions that concern defendant's operations, including functions related to employment, human resources, training, payroll, and benefits;

- make decisions that concern standard pay policies;

- make decisions that concern defendant's human resources policies, the resolution of issues and disputes regarding policies and their applications, the counsel locations receive regarding human resources issues, and communications with employees about human resources issues and policies;

- make decisions that concern defendant's employment and human resources records, including the systems for keeping and maintaining those records;

- make decisions that concern payroll functions across NVR;

- hire or fire employees, provide and direct support regarding human resources issues, including the hiring and firing of Plaintiffs, and control the drafting and enforcement of the policies which govern the hiring and firing of employees;

- supervise and control employees' work schedules and/or conditions of employment.

Each of these acts, support a finding of an individual's employer status under the FLSA. *See Herman v. RSR Security Svcs. Ltd.*, 172 F.3d 132, 140 (2d Cir. 1999) (finding individual who hired and fired employees, and supervised and controlled employees' work schedules or conditions of employment, among other things, liable as employer under the FLSA). The amended complaint *plausibly suggests* that the individuals committed these acts, and others, and therefore, a claim that these individuals are employers under the FLSA is not futile.

**B. Defendant conducts a "mini-trial" on the amended complaint's allegations.**

By citing case law regarding individual liability under the FLSA, defendant believes it has shown the amended complaint's futility. However, defendant uses the case law for

nothing other than to test the facts alleged against those cases, as though making a motion for summary judgment. Plaintiffs do not disagree with those cases themselves, and agree that eventually the individual defendants must be proven liable as employers under the FLSA. Yet the pleading phase is not the time to test what Messrs. Shar, Saville and Madigan actually did or did not do in the course of their duties at NVR, as done in those cases, particularly before any discovery has been conducted, and indeed, because defendant has refused it.² Notably, the plausibility standard does not require proof, but, the suggestion of liability—which is precisely what plaintiffs' amended complaint does. *See Twombly*, 127 S.Ct. at 1965.

As noted in subpoint A above, plaintiffs need only *make plausible allegations* about what Messrs. Shar, Saville and Madigan did in order for the claims that they are employers to not be futile. Plaintiffs have done just that—by alleging the individuals did the acts described in defendant's cases. Proving these issues however, as at trial or on a motion for summary judgment, is a battle for another day.³ Today, the issue is whether the complaint plausibly suggests the conclusion that the individual defendants are employers.

Under defendant's interpretation of the plausibility standard, no complaint could ever sustain a futility analysis (or motion to dismiss) because any plaintiff would be required to allege and prove his or her case with only the complaint itself. Thus, defendant's approach oversteps the actual legal burden plaintiffs have on this motion. Plaintiffs have alleged facts

---

²     Courts note the fact-intensive nature of the joint-employer inquiry. *See Ouedraogo v. Durso Assoc's, Inc.*, No. 03 CV 1851 (RLC), 2005 WL 1423308, *3 (N.D.N.Y. June 16, 2005) (denying motion to dismiss claims against potential co-employers finding dismissal inappropriate prior to discovery).

³     Indeed, well beyond the standard of plausible suggestion, each of the cases chosen by defendant are cases seeking to dismiss individuals as employers on *summary judgment* or *after trial*.

that actively and plausibly suggest that Messrs. Shaw, Saville and Madigan are plaintiffs' employers. Therefore, leave to amend should be granted.

## II. THE AMENDMENT WOULD NOT CAUSE PREJUDICE.

A complaint may be amended, even after substantial delay, unless the movant has acted in bad faith, the amendment will prejudice the non-movant, or the amendment is futile. *See Thomas Dodge Corp. of N.Y.*, 524 F.Supp.2d at 231. Here, the complaint is not futile, defendant will not be prejudiced, and plaintiffs are not acting in bad faith.

### A. Neither defendant nor plaintiffs would be prejudiced by amendment of the complaint.

Defendant grossly exaggerates the effect that amendment of the complaint would have on this litigation. Discovery in this case has progressed minimally beyond its initial phases. After plaintiffs filed their summary judgment motion, plaintiffs sought a stay of discovery pending the outcome of that motion. Defendant opposed that proposal, and the Court ruled that discovery as to named plaintiff would commence, and be followed by discovery on a limited group of individuals, agreed upon by the parties. *See* Bahr Aff. ¶¶ 3-5.

To date, defendant has taken the deposition of named plaintiff only, and, both parties have answered interrogatories and document demands, also with respect to only named plaintiff Tracy. As to the limited discovery on the other individuals in the opt-in class, no discovery schedule has even been set. Further, the parties are not even finished with discovery as to named plaintiff Tracy, as the depositions of his supervisors will not occur until mid-July. *See* Bahr Aff. ¶¶ 6-8. Thus, defendant's projected scenario of reinvention of the wheel to conduct discovery on the individual defendants is a gross exaggeration. If defendant needs further discovery they can simply serve supplemental discovery requests.

Yet no other individual has even been the focus of discovery yet, making any argument of disruption of the discovery process unconvincing.

It should come as no surprise to defendant that plaintiff now moves to amend the complaint. The motion was made pursuant to a Court imposed deadline establishing the deadline to move to amend. *See* Bahr Aff. ¶ 25. To argue that the amendment is "prejudicial" is not consistent with the Court's imposition of a discrete time by which the plaintiffs could properly make such a motion. Indeed, this is the initial motion to amend contemplated by the first discovery order in this case—which has been repeatedly put off because of defendant's refusal to cooperate in discovery. *See* Bahr Aff. ¶¶ 16-25. However, the Court has explicitly stated that plaintiffs could make such a motion, which contradicts any argument that defendant is prejudiced by such a motion. *See* Bahr Aff. ¶ 25.

Further, defendant's contention that the plaintiff class would be prejudiced is also absurd. As a matter of common sense, it is highly unlikely that members of the class would have chosen not to join this suit had the individual defendants been named in an earlier version of the complaint. Nonetheless, should any individuals decide not to be a part of the lawsuit upon learning that Messrs. Shar, Saville and Madigan are named defendants, those individuals have the option to drop out of the case, just as they would at any time.

Defendant also incorrectly claims that plaintiffs *will not* suffer prejudice if amendment is not allowed, because of joint and several liability between the individual defendants and NVR. To the contrary, by adding three individual co-defendants, plaintiffs protect their future monetary compensation for unpaid overtime in the event NVR is found liable, yet defaults on payments, claims financial hardship, or files for bankruptcy protection. *See Chung v. New Silver Palace Restaurant, Inc.*, 246 F.Supp.2d 220, 226 (S.D.N.Y. 2002) (finding

individual co-defendants liable as "employers" for FLSA violations, while claims against the restaurant employer were automatically stayed after it filed a petition for bankruptcy); *Millard v. Developmental Disabilities Institute, Inc.*, 266 B.R. 42, 43 (E.D.N.Y. 2001) (automatic stay imposed on corporate defendant due to bankruptcy not extended to non-bankrupt co-defendants and co-defendants found liable for FLSA overtime violations).

Accordingly as the parties will not suffer prejudice due to amendment, but rather plaintiffs suffer the risk of prejudice if leave to amend is not granted, the Court should grant plaintiffs' motion.

**B. Any delay in seeking to amend the complaint is attributable to defendant.**

This Court should not accept defendant's argument that plaintiffs have delayed amendment of the complaint. First, amendment is routinely allowed, even after considerable delay. *See Thomas Dodge Corp. of N.Y.*, 524 F.Supp.2d at 231-32 citing collective cases. Second, as noted in subpoint A above, any argument that defendant will suffer prejudicial delay is belied by the fact that plaintiffs have filed this motion in accordance with a Court-imposed deadline. That plaintiffs have moved no earlier than now, is because of defendant. Defendant has known since at least the spring of 2007 that plaintiffs have sought to amend the complaint to add as defendants, any appropriate individuals or entities who were plaintiffs' employers under the FLSA. *See* Bahr Aff. ¶¶ 16-24. Since that time, plaintiff has repeatedly sought information on the issue of additional employers from defendant in discovery. At each pass, defendant has refused to cooperate. Eventually, this refusal necessitated a motion for extension of time in November 2007 (along with a motion to compel discovery) which was granted. At that time, the Court requested plaintiffs' counsel to serve additional discovery on the issue—which was again met with opposition. *See* Bahr Aff.

¶¶ 16-24. As far as defendant's claims about other extensions, they were all rooted in defendant not answering discovery, necessitating further conferral with the Court, and ultimately, appropriate extensions of time.

Additionally, defendant is aware that the litigation was largely stalled from 2004 until 2007 as the parties were settling the claims of the SMA class and even contemplating settling the claims of the SMR class. *See* Bahr Aff. ¶¶ 9-15. Thus, it is not wholly inappropriate that plaintiff would seek to amend the complaint after the litigation regarding SMRs recommenced after the long period of time during which the SMR claims were tolled, and the parties were not litigating them.

There is a sufficient and adequate basis for holding the individual defendants liable in this case. Plaintiffs have maintained the existence of these additional employers for at least over a year—showing that this motion is not made in bad faith. Further, as plaintiffs have not been permitted to explore the claims, any delay in making this motion is completely justifiable.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request the entry of an Order granting leave to file a Third Amended Complaint.

Dated: June 30, 2008

        **DOLIN, THOMAS & SOLOMON LLP**

    By:    /s/ Cristina A. Bahr
             J. Nelson Thomas, Esq.
             Michael J. Lingle, Esq.
             Cristina A. Bahr, Esq.
             *Attorneys for Plaintiffs*
             693 East Avenue
             Rochester, New York 14607
             Telephone: (585) 272-0540
             nthomas@theemploymentattorneys.com
             mlingle@theemploymentattorneys.com
             cbahr@theemploymentattorneys.com