UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK TRACY, on behalf of himself
and all other employees similarly situated,

                              Plaintiff,

                                                      <u>ORDER</u>

                                                      04-CV-6541L

                      v.

NVR, INC.,
                              Defendant.
_____

       Pending in this class action are two motions for preliminary approval of a settlement for a specific subset of the plaintiff class: a motion filed by defendant on March 29, 2007 (Dkt. #87), and a recently filed joint motion by the parties, which incorporates some minor changes from the earlier proposal (Dkt. #359).

       Rule 23(e) of the Federal Rules of Civil Procedure provides that a class action may not be dismissed without the court's approval. In reviewing a request for preliminary approval of a class action settlement and deciding whether it is appropriate to order notice to class members and conduct a fairness hearing, the Court must first determine whether the proposed settlement is within the "range of reasonableness." Among the factors that the Court should consider are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class through the trial; (7) the ability of the defendants to satisfy a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the

settlement fund to a possible recovery, in light of all the attendant risks of litigation. *See County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1323-24 (2d Cir. 1990); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

While "[c]ompromises of disputed claims are favored by the courts" and the parties' joint efforts to reach a settlement for the relevant subclass are laudable, I nonetheless conclude that the Court cannot, on the papers submitted, determine the fairness and reasonableness of the proposed settlement with respect to the relevant factors. *Williams v. First Nat'l Bank of Pauls Valley*, 216 U.S. 582, 595 (1910). Further clarification and amplification is necessary.

Specifically, although the relevant points are addressed in the parties' joint memorandum of law, the parties' submissions contain no sworn affidavits or other evidence in admissible form establishing why the settlement payment to class members was selected. I have no basis to determine whether the agreed upon payment to each class member is reasonable and fair without having some explanation as to the basis for choosing it. The parties are directed to provide the Court with some basis to assist the Court in determining whether the proposed settlement is reasonable. *See generally Plummer v. Chemical Bank*, 668 F.2d 654 (2d Cir. 1982) (noting that district court has discretion to decline to grant preliminary settlement approval in class action under Fed. R. Civ. Proc. 23 where evidence of reasonableness factors is insufficient, and remanding matter for the purpose of allowing plaintiffs to file a renewed application, with a firmer evidentiary foundation, in support of the proposed settlement).

The settlement agreement also establishes a proposed fee for the attorneys. There is, however, no information upon which the Court can determine whether such a fee is appropriate and reasonable under all the circumstances. In determining whether the fee is appropriate, the Court should consider the time spent by the attorneys on the case, the result achieved, as well as any other factor which plaintiff believes support the requested fee.

The above requested information is necessary not only for the Court but also for the affected class members, who have the right to comment on the proposed settlement at a fairness hearing. Accordingly, the parties are instructed to submit, within twenty (20) days of this Order, supplemental proof in evidentiary form relating to the above terms.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
         September 4, 2008.