UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK TRACY, et al., on behalf of themselves
and all other employees similarly situated,

                              Plaintiff,

                                                    ORDER

                                                04-CV-6541L

                              v.

NVR, INC.,

                               Defendant.
_____

      The following matters having come before the Court with the assent of the Parties on the subjects addressed below, it is hereby ORDERED as follows:

**(1)**       **Certification of a Class for Settlement Purposes Only**

      Pursuant to Fed. R. Civ. P. 23, a class is hereby certified for settlement purposes only consisting of persons who were employed by Defendant NVR, Inc., ("NVR") as Sales and Marketing Associates ("SMAs") and Sales and Marketing Representatives in Training ("SMR ITs"), in any state except New York who were not paid on an hourly basis from October 28, 2001 through December 31, 2005; and SMAs and SMR-ITs employed by NVR within the State of New York who were not paid on an hourly basis from October 28, 1998 through December 31, 2005 (collectively, "Settlement Class Members"). If, for any reason, the Court does not issue a Final Approval of the Settlement Agreement, neither the Parties' request for certification of a Settlement Class nor the Court's grant of such request shall be deemed grounds for certification of a class for any other purpose.

**(2)     Preliminary Approval of the Settlement Agreement**

The Court preliminarily finds that the class action settlement is within the range of reasonableness, is fair, reasonable and adequate to the Settlement Class Members. The Settlement Agreement, as amended (attached as Exhibit 1 to the Parties' moving papers) is hereby preliminarily approved.

**(3)     Approval of Notice to the Class Members**

The Notice of Proposed Class Action Settlement (attached as Exhibit 2 to the Parties' moving papers) is fair, adequate, and reasonable, and is hereby approved. The notice of the settlement which has been submitted by the Parties for Court approval is the only notice required and shall constitute the best notice practical under the circumstances, and such notice constitutes a valid and sufficient notice to the Class Members complying fully with the requirements of due process and applicable state and federal law including Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

**4.     Scheduling of a Fairness Hearing on the Proposed Settlement**

The Court hereby schedules a Fairness Hearing to allow Settlement Class Members to be heard on the Parties' request for Final Approval of the Settlement Agreement for **Tuesday, February 17, 2009 at 10:00 a.m.** Pursuant to Section III., Paragraph D. of the Settlement Agreement, not later than forty-five (45) days following the date of this ORDER, notice of the settlement shall be mailed to the last known address of each Class Member by a Third Party Administrator (Rust Consulting, Inc.).

Pursuant to Section VII, Paragraph A of the Settlement Agreement, within thirty (30) days after the date of this ORDER, Defendant shall disburse to the Third Party

Administrator the Total Potential Recovery which the Third Party Administrator will use to create the Class Action Account, which shall be an interest-bearing bank account entitled "Class Action Account" and which shall be a "Qualified Settlement Fund" pursuant to Internal Revenue Code § 468B. The amount shall be deposited in a financial institution of the Third Party Administrator's choosing, after consultation with Class Counsel and NVR's Counsel, in an interest-bearing account.

Any further amendments made to the Settlement Agreement, notice form, or this Order, may be made upon written agreement of the Plaintiffs' and Defendant's counsel and approved by this Court.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 2, 2008.