UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK TRACY, et al., on behalf of themselves
and all other employees similarly situated,

                                     Plaintiff,

DECISION AND ORDER

04-CV-6541L

                 v.

NVR, INC.,

                                   Defendant.
_____

Plaintiff Patrick Tracy ("Tracy"), brings this collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., and the New York Labor Law, alleging that defendant NVR, Inc. ("NVR") failed to provide Tracy and other similarly-situated employees overtime compensation at the statutory rate. By order dated January 5, 2007, I referred the supervision of pretrial discovery and all non-dispositive motions to United States Magistrate Judge Marian Payson pursuant to 28 U.S.C. § 636(b)(1). (Dkt. #10).

Tracy filed two motions: (1) a motion for leave to amend the complaint to join three additional defendants (Dkt. #336), and (2) a motion for an order striking several of NVR's affirmative defenses (Dkt. #347). Magistrate Judge Payson issued a detailed, nineteen-page Report and Recommendation on the motions. (Dkt. #438). The Magistrate Judge recommended granting Tracy's motion to amend the complaint with respect to one proposed new defendant and

denying it with respect to the other two proposed defendants. She also recommended granting Tracy's motion to dismiss several of NVR's affirmative defenses while granting NVR leave to replead. *Id.* NVR timely filed objections to the Magistrate Judge's Report and Recommendation. (Dkt. #444).

I have carefully considered the Magistrate Judge's Report and Recommendation as well as NVR's objections. With one exception, detailed below, I accept and adopt the Report and Recommendation of Magistrate Judge Payson in substantial part and see no reason to modify, amend or reject it.

Initially, I concur with Magistrate Judge Payson's finding that amendment of the complaint to add NVR's Chairman of the Board and Chief Executive Officer would be futile, because NVR has failed to allege sufficient operational control or involvement in the relevant corporate policies by either one to withstand a motion to dismiss for failure to state a claim.

I reach a different result than Magistrate Judge Payson with respect to whether Tracy's proposed amended complaint alleges sufficient involvement and operational control by NVR's Vice President of Human Resources, Joseph Madigan, to justify granting leave to Tracy to amend the complaint to add him as a defendant.

Plaintiff's proposed amendment to the complaint alleges, solely upon information and belief, that Madigan has the authority to make decisions concerning the human resources, training, payroll, employee hiring and firing, FLSA classification and benefits aspects of NVR's business, and that he provides "support" or controls policies which ultimately impact day-to-day operations, employees' work schedules and conditions of employment. (Dkt. #338-1, Exh. A at ¶¶60-85).

In cases where a plaintiff-employee is employed by a corporation, individual officers or directors of the corporation may be "deemed employers under the FLSA where the individual has overall operational control of the corporation, possesses an ownership interest in it, controls significant functions of the business, or determines employees' salaries and makes hiring decisions." *Jiao v. Chen*, 2007 U.S. Dist. LEXIS 96480 at *32 (S.D.N.Y. 2007) (internal quotations omitted). Determination of the individual's control is governed by the "economic reality" test developed by the Second Circuit, which seeks to answer the question of whether the purported employer had the power to control the plaintiff-employees, in light of four factors. Those factors are: (1) the power to hire and fire the employees; (2) the power to supervise and control the employees' work schedules or conditions of employment; (3) the power to determine the rate and method of the plaintiff-employees' compensation; and (4) the maintenance of employment records. *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). "[S]uch status does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of ones' employees." *Id.* Nonetheless, bare allegations of an individual's control over employee-plaintiffs that are based solely upon the individual's job title and presumed duties are insufficient to establish that the individual is an "employer" under *Herman*'s economic reality test. *See Bravo v. Eastpoint Int'l*, 2001 U.S. Dist. LEXIS 3647 (S.D.N.Y. 2001). The "economic reality" factors are not exclusive, and do not all need to weigh in favor of a finding of employment in order for an individual to be held liable under the FLSA. *See Jiao*, 2007 U.S. Dist. LEXIS 96480 at *32.

Here, plaintiffs allegations establish only that, *upon information and belief*, Madigan had the general authority to hire and/or fire employees, and that he maintained employee records. Plaintiffs offer no supporting details to substantiate their belief other than Madigan's job title,

and allege no facts concerning the extent of Madigan's alleged involvement in NVR's hiring and/or firing processes or record-keeping policies. Notably, plaintiffs do not allege that they or anyone else were hired by Madigan, or by any predecessor in his position. Plaintiffs' allegations concerning Madigan's level of control, if any, over their work schedules, conditions of employment, and compensation, are even more attenuated. Plaintiffs assert only that Madigan's exercise of his supposed policy-setting powers as the Director of Human Resources in some way "support[ed]," or indirectly impacted, those aspects of their employment.

I find that mere boilerplate allegations that an individual meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details – essentially "a formulaic recitation of the elements of a cause of action" – are insufficient to raise plaintiffs' right to relief "above a speculative level" with respect to that individual's liability as an employer under the FLSA. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation [to state a claim] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level").

As such, I find that the plaintiffs have failed to sufficiently allege that Madigan – the chief human resources officer in an enormous, multi-billion dollar corporation scattered across hundreds of miles – had and exercised sufficient control over them to satisfy the economic reality test, or that he was otherwise their "employer" for FLSA purposes.

I concur with Magistrate Judge Payson's determination that Tracy's motion to dismiss a number of NVR's affirmative defenses should be granted, and that NVR should be afforded leave to replead some or all of those defenses, for the reasons set forth in the Magistrate Judge's Report and Recommendation. (Dkt. #438).

I have considered the arguments raised by NVR and discussed by Magistrate Judge Payson, as well as NVR's objections to the Report and Recommendation. I accept and adopt the Magistrate Judge's reasoning, analysis and conclusion with respect to Tracy's motion to dismiss NVR's affirmative defenses (Dkt. #347). I modify Magistrate Judge Payson's Report and Recommendation, in part, with respect to Tracy's motion to amend the complaint (Dkt. #336), and I find that that motion should be denied in its entirety.

CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Marian Payson (Dkt. #438) to the extent described above. I modify the Report and Recommendation concerning Tracy's motion to amend the complaint, and that motion is accordingly denied in its entirety. (Dkt. #336). Tracy's motion to strike nine of NVR's affirmative defenses (Dkt. #347) is granted, and NVR is granted leave to amend its answer to replead any such defenses with supporting facts, within twenty (20) days of entry of this order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 5, 2009.