UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICK TRACY,
*on behalf of himself and all other
employees similarly situated,*

                        *Plaintiffs,*

v.

NVR, INC.

                        *Defendant.*

**Civil Action No.
04-CV-06541 DGL(P)**

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFFS' MOTION TO COMPEL

THOMAS & SOLOMON LLP
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

Of Counsel:   J. Nelson Thomas, Esq.
                   Michael J. Lingle, Esq.
                   Cristina A. Douglass, Esq.

## PRELIMINARY STATEMENT

Plaintiffs file this motion to compel defendant to produce certain discovery pursuant to this Courts' Order dated April 22, 2009 under which the parties have engaged in discovery concerning the class of opt-in plaintiffs in the case. *See* Docket No. 400. Throughout the period of class-wide discovery defendant has not produced adequate responses in discovery, or appropriate responsive documents in response to plaintiffs' requests. As described below, as to some responses defendant has not complied with the Court's previous direction concerning specific types of documents and information the Court has previously deemed responsive, and as to others, defendant has simply not adequately responded. Further, defendant has not produced information concerning electronically stored information as to each noticed plaintiff, such that its production is incomplete.

Accordingly, as set forth below, plaintiffs respectfully request that defendant be compelled to produce the information described below.

## STATEMENT OF FACTS

Patrick Tracy filed this action on October 29, 2004 on behalf of himself and all others similarly situated against NVR, Inc. as a collective action under the FLSA, 29 U.S.C. §216(b) and as a class action for violations of state laws for failure to pay wages and overtime. On June 14, 2007 this Court conditionally certified a class of current and former NVR employees pursuant to §216(b) and directed that notice be sent to the class. *See* Docket No. 135. After the notice and opt-in period, the parties engaged in discovery as to named plaintiff Patrick Tracy only. As this Court is aware, certain elements of discovery as to Mr. Tracy were the subject of dispute, which were resolved through motion practice and several hearings before this Court. *See* Affirmation of Cristina Douglass, sworn to January 4, 2010, filed herewith

("Douglass Aff.") ¶ 5.  During that time, plaintiff's motion for summary judgment as to Named Plaintiff Tracy's claim was also pending before the Court.  Upon the conclusion of discovery as to Mr. Tracy, defendant filed its response to plaintiff's motion.  *See* Douglass Aff. ¶ 6.  The Court denied plaintiff's motion.  After the Court's ruling, the parties agreed to a schedule concerning limited class discovery and the Court ordered that all discovery in the case be completed by February 2010, and that motions to compel be filed 30 days prior to the discovery deadline.  *See* Douglass Aff. ¶ 7; Docket No. 400.

Defendant initially sought preliminary discovery concerning a number of opt-in plaintiffs whose claims defendant believed to be facially defective, either because the individuals had not worked in the relevant position at issue (as Sales and Marketing Representatives or "SMRs"), or because the individuals' FLSA claims were time-barred.  *See* Douglass Aff. ¶ 8.  After the parties engaged in such preliminary discovery, plaintiffs' counsel investigated the claims of those individuals defendant contended had defective FLSA claims and agreed with some of defendant's contentions as to those individuals.  *See* Douglass Aff. ¶ 9.  In the interest of judicial economy and to streamline the case to litigate only valid claims, plaintiffs' counsel agreed to voluntarily dismiss persons with defective FLSA claims.  *See* Douglass Aff. ¶ 10.  However, as to those individuals whose FLSA claims were merely time-barred (versus the individuals who never worked in the relevant position), plaintiffs' counsel agreed to dismiss them, so long as only their FLSA claims were dismissed with prejudice.  *See* Douglass Aff. ¶ 11.

Defendant then identified six individuals for an initial round of discovery which would include the exchange of written discovery and depositions.  It was also established that the parties were to exchange all written discovery and documents as to each plaintiff prior to

the commencement of each noticed plaintiff's deposition. *See* Douglass Aff. ¶ 12. Defendant served written discovery requests and deposition notices, and plaintiffs also served Plaintiffs' Fourth Set of Interrogatories and Fourth Request for Production of Documents as to those six individuals, as well as other class issues ("set four" or "fourth set"). Defendant responded.[1] *See* Douglass Aff. ¶ 13, Exhibit A (Defendants' Responses to Plaintiffs' Fourth Set of Interrogatories and Fourth Request for Production of Documents).

*Plaintiffs' Fourth Set of Discovery Requests*

The parties conferred in good faith concerning several issues plaintiffs noted within defendant's responses. *See* Douglass Aff. ¶ 14. Among those issues were the following:

- Interrogatory No. 2 which sought the names, addresses and telephone numbers of all relevant employees (excluding those named in defendant's previous discovery response which referred only to the list of employees to whom the Court Ordered collective-action notification be sent).

During the conferral process, defendant refused to produce such information. *See* Douglass Aff. ¶¶ 15-18, Exhibit B (Letter to Mr. Miller from Ms. Douglass dated August 5, 2009); Exhibit C (Letter to Ms. Douglass from Mr. Miller dated August 14, 2009).

- Interrogatory No. 3 which sought information concerning the job titles and job postings of Sales and Marketing Representatives. *See* Douglass Aff. ¶ 19.

Previously, this issue had arisen in the context of plaintiffs' second motion to compel concerning discovery as to Mr. Tracy. *See* Douglass Aff. ¶ 20; Docket No. 302. The Court

---

[1] During the course of the discovery exchange, the parties came to agree to dismiss two of the individuals from whom defendant sought discovery (Christine Gebhardt Valente and Allison Wildman). Thus, after that agreement, the remaining opt-in plaintiffs for whom discovery was

- 3 -

had previously Ordered defendant to produce job postings by NVR one year following Mr. Tracy's last year of employment.  *See* Douglass Aff. ¶ 21, Exhibit D (March 3, 2008 oral argument transcript).  In response to plaintiffs' fourth set of requests, defendant did not produce updated postings consistent with the Court's Order as to the noticed plaintiffs.  *See* Douglass Aff. ¶ 22.  However, after plaintiff requested updated postings through the conferral process, defendant agreed to produce postings up to one year beyond the last date of Megan Dabulewicz's employment (through 2008).  *See* Douglass Aff. ¶ 23, Exhibits B and C; Exhibit E (Letter from Mr. Miller to Ms. Douglass dated August 27, 2009).

- Interrogatory No. 6 which requested defendant to indentify each person who has located documents or provided information to respond to discovery and identify for which requests the person provided documents or information for.

Previously this issue had also arisen in the context of plaintiffs' second motion to compel.  *See* Douglass Aff. ¶ 24.  The parties briefed the issue, and the Court determined that plaintiffs' previous request was overly broad.  *See* Douglass Aff. ¶ 24; Docket No. 334.  Thus, plaintiffs revised the request to narrow the information sought, yet through the conferral process, defendant has maintained that it still will not provide the more narrowly requested information.  *See* Douglass Aff. ¶ 25, Exhibits B and C.[2]

- Document Request No. 6 which sought documents concerning employment manuals and/or policy manuals of defendant.

---

sought (by both plaintiffs and defendant) were Meghan Brown Dabulewicz, Megan Fox, Megan Grey and Amber Wilcox.

[2]   Plaintiffs also made this request in set five (Interrogatory No. 3), and received the same response from defendant.

During conferral plaintiffs sought to confirm that defendant produced updated manuals, or manuals that are pertinent to the time period when the noticed deponents worked. *See* Douglass Aff. ¶ 26, <u>Exhibit B</u>. For other document requests, defendant did provide updated information, thus plaintiff sought consistent updates to documents responsive to Document Request 6. *See* Douglass Aff. ¶ 27, <u>Exhibit B</u>. Defendant responded that it would produce documents through December 2007, "the last year in which one of the Appearing Plaintiffs (Megan Brown Dabulewicz) was employed as an SMR." Defendant however also stated that any documents created or distributed after any of the appearing plaintiffs worked have no relevance and would not be produced. *See* Douglass Aff. ¶ 28, <u>Exhibit F</u> (Letter from Mr. Miller to Ms. Douglass dated August 7, 2009).

- <u>Compensation Related Documents (Document Request Nos. 8-11)</u>

These requests sought documents concerning pay and pay rates of the plaintiffs, as well as paystubs, paychecks, paycheck data, W-2s or other documentation reflecting payments made to the plaintiffs. *See* Douglass Aff. ¶ 29. Defendant did produce some information, but notably did not produce W-2s or a document entitled "Pay Detail Sheet," which notably *were* produced for Mr. Tracy. During conferral, defendant gave little explanation of why it could not produce pay stubs or W-2s, stating only that the types of records created and maintained varied by location, such that identical documents could not be produced for each plaintiff. Defendant did supplement its production in some regard after conferral but has not produced any W-2s or paystubs for the noticed plaintiffs. *See* Douglass Aff. ¶ 30, <u>Exhibits B</u> and <u>F</u>.

Thus, as to some issues, the parties were able to resolve apparent deficiencies with defendant's responses, and as to others, the parties were unable to agree.[3] *See* Douglass Aff. ¶ 31. Defendant then took the deposition of Ms. Dabulewicz, Ms. Fox and Ms. Wilcox in September, and scheduled the deposition of Ms. Grey for a later date. *See* Douglass Aff. ¶ 32.

*Plaintiffs' Fifth Set of Discovery Requests*

Defendant then served another round of requests as to opt-in plaintiffs JoLaine Ross, Kevin Tripler and Jessica McKnight to which plaintiff responded and produced documents. *See* Douglass Aff. ¶ 33. Plaintiffs then served Plaintiffs' Fifth Set of Interrogatories and Fifth Request for Production of Document ("set five" or "fifth set"), concerning those individuals. Defendants responded and produced documents. *See* Douglass Aff. ¶ 34, Exhibit G (Defendant's Responses to Plaintiffs' Fifth Set of Interrogatories and Fifth Request for Production of Documents).

However, as with defendant's responses to plaintiffs' fourth set of discovery requests, plaintiffs noted deficiencies with defendant's response to plaintiffs' fifth set of discovery requests. *See* Douglass Aff. ¶ 35. Plaintiffs have attempted to confer with defendant on these issues but as of the filing of this motion have not received a response. *See* Douglass Aff. ¶ 36, Exhibit H (Letter from Ms. Douglass to Mr. Miller dated December 29, 2009). Specifically, plaintiff raised the following issues:

---

[3] Plaintiff notes the areas upon which the parties did agree as to set four for purposes of explaining that defendant should be compelled produce consistent responses in response to set five (for example, the issue of manuals, Set 4, Document Request No. 6 which is the same request interposed in Set 5, Document Request No. 6, yet for which defendant has not produced updated information).

- Interrogatory No. 1 which sought information concerning the job titles and job postings of Sales and Marketing Representatives.[4]

As in set four, plaintiffs seek updated job postings, up to one year beyond the latest year in which one of the noticed deponents worked as an SMR. Through discovery, plaintiffs have learned that Ms. Amber Wilcox became re-employed by NVR in 2009 and is presently employed as an SMR. Thus, plaintiff seeks updated job postings through the present, which is consistent with what the Court previously Ordered. *See* Douglass Aff. ¶¶ 37-38; Exhibits D and H.

- Document Request No. 6 which sought documents concerning employment manuals and/or policy manuals of defendant.

As in set four, plaintiffs seek updated documents, including those covering the time period in which the plaintiffs worked—which is notably what defendant agreed to produce in response to this request in set 4. *See* Douglass Aff. ¶ 39; Exhibits F and H. Thus, as described above, by virtue of Ms. Wilcox's re-employment by NVR in 2009 responsive documents include updated manuals, not only those through 2007, the year in which Ms. Dabulewicz was employed. However, in response to this request in set 5, defendant only referred to its previous production and did not supply additional documents. *See* Douglass Aff. ¶ 40; Exhibit H.

---

[4] This request is the same as Interrogatory No. 3 in plaintiff's fourth set, yet seeks updated information.

- 7 -

- <u>Compensation Related Documents (Document Request Nos. 8 and 11)</u>

As it did in response to set four, defendant has not produced pay stubs or W-2s, and indeed produced relatively scant compensation documents concerning Ms. Ross, Mr. Tripler and Ms. McKnight. *See* Douglass Aff. ¶ 41; <u>Exhibit H</u>.

*Electronically Stored Information*

Plaintiffs have also sought to confer with defendant on the issue of electronically stored information. In its letter of December 29, 2009, plaintiff specifically noted that defendant has not produced electronically stored information as to each of the noticed deponents (such as email communications or other electronically stored documents). During depositions of the noticed deponents, the issue of NVR-provided laptop computers was addressed, however plaintiff has seen no such information concerning those computers or information contained on them, as well as their relation to the performance of plaintiffs' job duties. Thus, as described below plaintiffs seek any electronically stored information as it relates to plaintiffs' previous requests. *See* Douglass Aff. ¶ 42; <u>Exhibits H</u> and <u>I</u>.

Accordingly, plaintiffs respectfully request that defendant be ordered to produce the information requested by plaintiffs.

**ARGUMENT**

I. **DEFENDANT SHOULD BE COMPELLED TO PROVIDE COMPLETE RESPONSES TO PLAINTIFFS' REQUESTS BECAUSE THE INFORMATION IS RELEVANT.**

Through this motion, plaintiffs simply seek information that is relevant, including that which appears reasonably calculated to lead to the discovery of evidence that is admissible at trial. *See* Fed. R. Civ. Pro. 26 (b). Specifically, plaintiffs request an order compelling complete responses to plaintiffs' requests as set forth below.

- 8 -

A. <u>Set 4, Interrogatory No. 2</u>

In this request plaintiffs seek the name and address of all relevant employees. As set forth in the letter to Mr. Miller from Ms. Douglass dated August 5, 2008, reference to the names provided in response to plaintiffs' motion for collective active notification is underinclusive as a response. *See* <u>Exhibit B</u> to the Douglass Aff. Defendant's response excludes all relevant employees who have been employed in the SMR position since July 2007. As those individuals are witnesses with knowledge in this case, defendant should be ordered to provide the information requested.

B. <u>Sets 4 and 5, Document Request Nos. 8 and 11</u>

Compensation documents are directly relevant to the issue of damages for each of the plaintiffs in this case, among other things. As described above, defendant has produced few compensation related documents for Ms. Ross, Mr. Tripler and Ms. McKnight, and no pay stubs or W-2s for any of the plaintiffs. As such defendant should be ordered to produce all such responsive compensation related information for each plaintiff including W-2s and pay stubs. *See* <u>Exhibit H</u> to the Douglass Aff.

C. <u>Set 5, Document Request No. 6</u>

Defendant should be compelled to produce updated employment manuals and policies in effect at the time of each of the noticed deponents' employment. As defendant has refused to produce manuals that are pertinent to the period beyond 2007, a time period which includes employment by Ms. Wilcox (who is presently employed), it should be compelled to do so. Defendant has indeed impliedly conceded this point in noting that manuals in effect after an appearing plaintiff's employment are not relevant to their claims—

- 9 -

such that manuals that are in effect during an employee's employment (i.e., Ms. Wilcox) logically are relevant. *See* Douglass Aff. ¶¶ 39-40, Exhibit F and Exhibit H.

### D. Electronically Stored Information

As described above, the issue of defendant's failure to produce electronically stored information has emerged through the testimony provided by the noticed deponents as some have testified to the use of NVR provided laptops. *See* Douglass Aff. ¶ 41, Exhibit I (Dabulewicz testimony p. 115-116; Ross testimony p. 73). Such electronically stored information is responsive to plaintiffs' requests, including requests related to communications and those concerning the processes SMRs used to sell for defendant. *See* Set 4, Interrogatory Nos. 11, 14, 15, 16, 17 and 18, Document Request Nos. 4, 15, 16, 17, 18; Set 5, Interrogatory Nos. 7, 8, 9, 10, 11, Document Request Nos. 4, 11, 12, 13, 14.

Accordingly, defendant should be compelled to produce such electronically stored information to the degree it exists and is responsive to plaintiffs' prior requests.

## II. DEFENDANT SHOULD BE COMPELLED TO PROVIDE COMPLETE RESPONSES THAT ARE CONSISTENT WITH THIS COURT'S PREVIOUS RULINGS.

This Court has already ruled that the information sought by plaintiffs is relevant and responsive, and plaintiffs simply request that it be produced.

### A. Set 4, Interrogatory No. 6; Set 5, Interrogatory No. 3

Through these requests plaintiffs merely seek to know who specifically has *actually* provided information in response to plaintiffs' requests, not the identity of each person defendant has asked to provide information. Previously this issue was briefed by the parties, and as a result, plaintiffs revised their requests to comply with the Court's Order by seeking only information concerning who actually provided documents—not those defense counsel

asked for assistance. *See* Douglass Aff., Exhibit B. *See* Docket No. 334. Thus, plaintiff's request is consistent with the direction of the Court and defendant should be ordered to fully respond.

### B. Set 5, Interrogatory No. 1

In this request, plaintiffs have sought relevant job postings by NVR for the Sales and Marketing position. Plaintiffs' previous motion to compel raised this issue, and the Court deemed job postings to be responsive to the issue of plaintiffs' job titles and job descriptions. As described above in the Statement of Facts, consistent with this Court's previous Order, plaintiff seeks all job postings through the present given Ms. Wilcox's present employment. *See* Douglass Aff. ¶¶ 37-38; Exhibits D and H.

### CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that their motion to compel be granted.

Dated: January 4, 2010

THOMAS & SOLOMON LLP

By:  /s/ Cristina Douglass
J. Nelson Thomas, Esq.
Michael J. Lingle, Esq.
Cristina A. Douglass, Esq.
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com
cdouglass@theemploymentattorneys.com