UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK TRACY, et al., on behalf of themselves
and all other employees similarly situated,

                                      Plaintiff,                    DECISION AND ORDER

                                                                       04-CV-6541L

                v.

NVR, INC.,

                                      Defendant.
_____

       Defendant Ryan Homes ("NVR") is a home construction company with operations in upstate New York. Plaintiff Patrick Tracy ("Tracy") was employed by NVR from January 2000 until August 2005 as a Sales and Marketing Representative ("SMR"). Tracy claims that during his employment with NVR, he regularly worked more than forty hours per week, for which he was not paid overtime at the statutory rate.

       On or about October 29, 2004, Tracy commenced this action against NVR on behalf of himself and all other similarly situated NVR employees, alleging that NVR misclassified his position as exempt, and failed to pay him overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., and New York Labor Law. On or about February 20, 2009, this Court granted final approval to a partial settlement agreement ("the Settlement Agreement") between the parties, which resolved a portion of the asserted claims.

The Settlement Agreement provided, among other things, that defendant would pay Tracy attorney's fees in the amount of $350,000.00.

The present dispute relates to these fees. Tracy does not dispute that those fees were paid but claims that they were not timely paid and, therefore, defendant is obligated to pay interest at a rate of 9% for a total of $36,922.60. Tracy now requests an order from this Court enforcing the Settlement Agreement and specifically ordering NVR to pay interest on the attorney's fees to Tracy's counsel. NVR opposes the motion and has cross-moved for sanctions (Dkt. #439).[1]

For the reasons that follow, Tracy's motion for enforcement of the Settlement Agreement (Dkt. #404) is denied, and NVR's motion to dismiss and for sanctions (Dkt. #439) is denied.

## DISCUSSION

The Settlement Agreement provided that NVR was required to pay attorneys' fees to Tracy in the amount of $350,000.00. Payment of that sum, though, was contingent in two respects. The Agreement provided that the sum would be paid within fifteen (15) days after NVR received notice of a final approval order entered by the Court approving the Settlement Agreement. The Agreement further provided that if the attorney's fees were not paid by December 31, 2007, the agreed upon amount shall begin to accrue interest as of that date.

The problem is that the Court had not granted an order approving the settlement until *after* December 31, 2007. Tracy's position now appears to be that NVR was required to make the attorney fee payment by December 31, 2007 regardless of whether the Court had approved

---

[1]NVR has also moved to dismiss certain claims by two of the opt-in plaintiffs, Allison Wildman and Christine Gebhardt, and for sanctions against Tracy. (Dkt. #439). In response, Tracy has cross-moved to file stipulations voluntarily dismissing the claims of those plaintiffs. (Dkt. #452). This matter is, therefore, not in issue.

the Settlement Agreement. I believe this interpretation is clearly contrary to the language in the Settlement Agreement and, in addition, makes little practical sense. It appears totally unreasonable to interpret the Agreement to require defendant to pay attorney's fees prior to the date that the Court approved the Agreement. Should the Court have failed to approve the Agreement, the obligation to pay fees would have been a nullity.

The parties jointly moved for approval of the partial settlement on August 11, 2008 (Dkt. #359), and after the class members were notified and a fairness hearing held, final approval for the partial settlement was granted on February 23, 2009 (Dkt. #397). NVR paid the agreed-upon fees of $350,000.00, as well as an additional $30,000.00 agreed upon by the parties as compensation for a subsequent expansion of the settlement class, to Tracy's counsel on March 2, 2009, just days after final approval was granted, but fourteen months after the December 31, 2007 "deadline" set forth in the Settlement Agreement for the accrual of interest. Tracy's counsel now requests that interest be awarded on the $350,000.00 amount, at a statutory rate of 9% per annum, for a total of $36,922.60.

It is well settled that a settlement agreement is a contract that "is binding and conclusive." *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007). Thus, where a settlement agreement is clear and unambiguous, "its meaning must be determined from the four corners of the instrument without resort to extrinsic evidence of any nature." *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2010), *quoting Goldman v. C.I.R.*, 39 F.3d 402, 405-406 (2d Cir. 1994). Courts have the "inherent power to enforce summarily a settlement agreement when the terms of the agreement are clear and unambiguous," and "[s]uch power is especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom

proceedings." *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 444 (2d Cir. 2005) (internal quotations and citations omitted).

NVR alleges that it is not obligated to pay interest on the attorneys' fees because, among other things, its "late" payment of the principal amount was caused solely by Tracy's delay in obtaining final approval of the settlement. Specifically, NVR alleges that after the terms of the settlement had been reached in or around February 2007 and the scope of the settlement class clarified in the months that followed, Tracy's counsel inexplicably delayed for more than a year before seeking judicial approval of the settlement. Language concerning the December 31, 2007 payment deadline was omitted by Tracy's counsel from the parties' joint application for approval of the settlement, at NVR's request, and Tracy's counsel expressly affirmed in support of that motion that its fee would not exceed the principal amount of the total agreed-upon fees, $380,000.00. NVR urges that by omitting any mention of interest on the attorneys' fee award in connection with the joint motion for settlement approval, Tracy's counsel conceded that it was not owed such a fee.

I find that the Settlement Agreement did not clearly and unambiguously obligate NVR to pay Tracy attorneys fees on or before December 31, 2007 *in the absence of the Court's approval of the settlement*. To the contrary, the provision relating to accrual of NVR's obligation to pay attorneys fees makes the accrual of interest contingent upon final approval of the settlement *and* a failure to pay attorneys fees – but only if *both* occur on or before December 31, 2007.

The Settlement Agreement requires that, "[o]n the condition that [the] Court grants Final Approval of this Settlement Agreement, if the attorneys fees payment is not paid to Class Counsel by December 31, 2007, this sum shall begin to accrue interest as of that date, which will be included in the attorneys fee payment to be made..." (Dkt. #406-2, Exh. A at 16). The

Settlement Agreement's description of final approval as the condition precedent to the payment of attorneys fees before December 31, 2007, suggests that the parties contemplated a time line in which Final Approval was expected to occur sufficiently prior to December 31, 2007 for the attorneys fees payment to be able to be made by that date. The Settlement Agreement is silent upon when or if interest would begin to accrue if final approval were granted at a later date, and I find no basis to conclude that the parties intended for NVR to be obligated to pay interest on the settlement before it had been approved by the Court.

Indeed, to accept the interpretation urged by Tracy's counsel would render the Settlement Agreement's attorney fees provision nonsensical, by requiring NVR to have paid attorneys fees by a date certain, despite the fact that the specified condition precedent for that obligation (notice of final court approval) had not yet occurred, or else risk the accrual of interest on fees that it was not yet obligated to pay. Where a contractual interpretation would nullify or frustrate the purpose of some of its provisions, the court may properly reject it. *See Chapman v. N.Y. State Div. for Youth*, 546 F.3d 230, 236 ("A contract should be construed so as to give full meaning and effect to all of its provisions"). Accordingly, I find that because NVR's obligation to pay attorneys fees was contingent upon NVR's receipt of notice of the Court's final approval of the settlement, NVR's obligation to pay "late fees" on that amount was equally contingent on the Court's approval, in the sense that NVR could not have been required to pay "late fees" on an amount that was not actually due. Because final approval for the settlement – the act which triggered NVR's duty to pay attorneys fees – was not obtained until after the December 31, 2007 date the parties had anticipated would serve as a deadline for payment, that deadline was rendered a nullity.

Finally, to the extent that NVR requests sanctions against Tracy's counsel, NVR has failed to present that request in the proper form: a separate motion. *See* Fed. R. Civ. Proc. 11(c)(2) (requiring that a "motion for sanctions must be made separately from any other motion"). In any event, I conclude that the instant motion, while unsuccessful, was not frivolous, and that sanctions are not warranted.

## CONCLUSION

For the foregoing reasons, Tracy's motion to enforce the settlement agreement (Dkt. #404) is denied. Tracy's motion to file stipulations of voluntary dismissal of the claims of Allison Wildman and Christine Gebhardt (Dkt. #452) is granted, and plaintiff is instructed to file such stipulations within twenty (20) days of entry of this Decision and Order. NVR's motion to dismiss those claims and for sanctions (Dkt. #439) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 16, 2010.