UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK TRACY, et al., on behalf of themselves
and all other employees similarly situated,

                                        Plaintiff,

                                                            DECISION AND ORDER

                                                            04-CV-6541L

                    v.

NVR, INC.,

                                        Defendant.
_____

       Plaintiff Patrick Tracy ("Tracy"), brings this collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., and the New York Labor Law, alleging that defendant NVR, Inc. ("NVR") failed to provide Tracy and other similarly-situated employees overtime compensation at the statutory rate. By order dated January 5, 2007, I referred the supervision of pretrial discovery and all non-dispositive motions to United States Magistrate Judge Marian Payson pursuant to 28 U.S.C. § 636(b)(1). (Dkt. #10).

       A flurry of discovery motions was made thereafter, including a motion by plaintiff to, inter alia, compel the deposition of Tammy McCutchen, Esq. ("McCutchen") (Dkt. #474). Magistrate Judge Payson conducted a lengthy hearing and issued a detailed order on that motion, which granted plaintiff's request to subpoena McCutchen, but only for "a deposition on the limited issue discussed on the record [at the hearing] on June 23, 2010." (Dkt. #489 at 2). NVR timely filed partial objections to that order and requested that it be overturned or modified

pursuant to Fed. R. Civ. Proc. 72(a). NVR chiefly contends that Magistrate Judge Payson's ruling lacked a legal basis and failed to adequately protect against potential infringements of the attorney-client privilege. (Dkt. #491).

I have carefully considered the Magistrate Judge's order (Dkt. #489), the transcript of the hearing before her on June 23, 2010 (Dkt. #490), and NVR's objections (Dkt. #491). For the following reasons, I find that NVR has failed to demonstrate that the order was "clearly erroneous or contrary to law." Fed. R. Civ. Proc. 72(a).

Initially, NVR identifies no actual mistake or law or fact by Magistrate Judge Payson. To the extent that NVR expresses general anxiety over the scope of the deposition as ordered, its usefulness in reaching the central issues in the case, and privilege issues it might raise, I find that these concerns are premature and/or exaggerated. Magistrate Payson ruled that McCutchen could be deposed solely for the purpose of answering the "yes or no" question of whether she was representing NVR during particular interactions with the Department of Labor, and the meaning of certain online statements relevant to that issue. (Dkt. #490 at 73:4-21, 75:11-76:17). In light of the circumstances of this case, familiarity with which is presumed, I find that Magistrate Judge Payson's limitations on the specific topics and questions to be pursued at McCutchen's deposition are very narrowly tailored. In the event that attorney-client privilege issues are implicated – and there is no certainty that they will – such issues can be addressed with the Magistrate Judge as they arise.

I concur with the Magistrate Judge's reasoning, analysis and conclusions in their entirety, and find no clear error in her order partially granting NVR's motion to compel (Dkt. #471) and partially granting plaintiff's motion to compel (Dkt. #474).

CONCLUSION

NVR's application to modify or set aside (Dkt. #491) the July 1, 2010 Order of United States Magistrate Judge Marian Payson (Dkt. #489) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 23, 2011.