UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK TRACY, on behalf of himself and
all other employees similarly situated,

                                            Plaintiffs,

                                                                                             <u>DECISION AND ORDER</u>

                                                                                               04-CV-6541L

                        v.

NVR, INC.,

                                            Defendant.
_____

      In this prolonged matter, this Court referred pretrial motions and the supervision of discovery to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b). During the action's pendency, the parties have filed a series of discovery motions, including multiple motions to compel. Magistrate Judge Payson conducted oral argument on several motions simultaneously on March 9, 2011, and thereafter issued an order (Dkt. #563) summarizing several of her rulings from the bench.

      Although not referenced in that written order, the Magistrate Judge did issue a ruling from the bench on March 9, 2001, relative to plaintiffs' motion to compel discovery of the circumstances surrounding a letter issued by defendant to its employees on or about January 18, 2007. The letter concerns the classification of certain employees denominated as sales and marketing representatives ("SMR"), some of whom are now plaintiffs in this lawsuit alleging violations of the Fair Labor Standards Act. The portion of the letter that is at the heart of the instant discovery dispute is as follows:

> Regarding the SMRs we stand by our policies and pay practices, which we believe, and our counsel advises, conform to long-standing Department of Labor Guidelines.

During discovery, including at some depositions, counsel for plaintiffs sought to explore the circumstances and the content of the advice given by counsel, as referenced in the January 18, 2007 letter. Defendant generally objected on the grounds that such information was protected by the attorney-client privilege. Plaintiffs, on the other hand, contended that this public letter disclosing the substance of counsel's advice constituted a waiver of the attorney-client privilege.

Counsel appeared before Magistrate Judge Payson on March 9, 2011 and argued their respective positions. At the conclusion of the argument, the Magistrate Judge stated her conclusion on the record, and found that the statement contained in the letter "constitutes a waiver of the privilege concerning counsel's advice that the SMR pay practices conformed to long-standing Department of Labor Guidelines. (Tr. of March 9, 2011, p. 33). The Magistrate Judge cited several cases in the Second Circuit supporting that view. It is this decision of the Magistrate Judge that defendant now appeals to this Court.

The standard of review of appeals to the District Court from decisions of a magistrate judge is well established and set forth at 28 U.S.C. § 636(b)(1)(A) and FED. R. CIV. P. 72(a). The District Court must set aside any part of an order that is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). An order is clearly erroneous or contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Roman v. Napoli*,, 2010 WL 1509355 at *1 (W.D.N.Y. 2010), *quoting Mitchell v. Goord*, 2005 WL 701096 at *2 (N.D.N.Y. 2005). *See also United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."). In matters concerning discovery, the Magistrate Judge is afforded "broad discretion." *Am. Rock Salt Co. v. Norfolk S. Corp.*, 371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005).

In light of that standard, and after considering the authority relied on by Magistrate Judge Payson and the authority provided to me by the parties, I believe the Magistrate Judge's decision is correct. The burden is on the appellant, NVR, to establish the Magistrate Judge's ruling as clearly erroneous, and I believe that it has failed to do so.

Magistrate Judge Payson acted well within her broad discretion in ruling that NVR's letter constituted a waiver of attorney-client privilege. The Second Circuit has found that an extra-judicial, third-party disclosure may effect a waiver of attorney-client privilege. *United States v. Jacobs*, 117 F.3d 82, 91 (2d Cir. 1997), *citing In re Kidder Peabody,* 168 F.R.D. 459, 469 (S.D.N.Y. 1996); *see also, In re Horowitz,* 482 F.2d 72, 81 (2d Cir. 1973). In *Jacobs*, the court found a waiver of attorney client-privilege where a party publicly disclosed a summary of two letters from his legal counsel. 117 F.3d at 89, 91. The court noted that even the disclosure of an inaccurate summary of letters from legal counsel was "as effective a waiver as a direct quotation (or copy of the letters)." *Id.* at 90-91. *See also Scholtisek v. Eldre Corp.*, 441 F. Supp. 2d 459, 461, 465 (W.D.N.Y. 2006) (Larimer, J.) (finding a waiver of privilege where one corporate employee told another that the attorneys had reviewed the company handbook and that "everything in it was legal"); *In re TargetTech Co., LLC*, 2006 WL 3006708 at *1-2 (Fed. Cir. 2006) (affirming the district court's finding a waiver of privilege where a sales letter stated that "I also asked my patent attorney to conduct a search in the U.S. patent literature, and no potential infringement was found").

The cases cited by NVR including, *Furminator, Inc. v. Kim Laube & Co., Inc.*, 2009 WL 5176562 at *1-2 (E.D. Mo. 2009) (disclosure of general summary of legal opinions to third-party investors does not effect waiver of privilege); *Aspex Eyewear, Inc. v. E'Lite Optik, Inc.*, 2002 WL 1592606 at *3 (N.D. Tex. 2002) (finding no waiver where brief summary of legal opinions were disclosed to third-party customers) do not require a different conclusion. The Magistrate Judge's decision is supported by Second Circuit authority and is warranted on the facts presented.

I therefore affirm the decision of Magistrate Judge Payson entered orally on March 9, 2011 that the statement contained in the defendant's January 18, 2007 letter constituted a waiver of the

attorney-client privilege. In her ruling, the Magistrate Judge anticipated that the parties would return to resolve issues relating to the scope of the waiver. I expect, therefore, that the parties will make an attempt to work together to resolve this aspect of the discovery issue. Failing that, they must return to Magistrate Judge Payson for her ruling on the matter.

 IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
  June 14 , 2011.