UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
PATRICK TRACY,                                              :
on behalf of himself and all other                          :
employees similarly situated,                               :
                                                            :
                            Plaintiff,                      :   No. 04-CV-06541 DGL(P)
                                                            :
        - against -                                         :
                                                            :
NVR, INC.,                                                  :
                                                            :
                            Defendant.                      :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NVR, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR CERTIFICATION OF ISSUE FOR INTERLOCUTORY APPEAL

Of Counsel:
Lorie E. Almon
Richard L. Alfred (*pro hac vice*)
Barry J. Miller (*pro hac vice*)
Dana L. Fleming (*pro hac vice*)
James M. Hlawek (*pro hac vice*)

Local Counsel:
William G. Bauer

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018

---------------------

Two Seaport Lane, Suite 300
Boston, MA 02210


WOODS, OVIATT, GILMAN, LLP
700 Crossroads Building, 2 State Street
Rochester, New York 14614

*Attorneys for Defendant NVR, Inc.*

Defendant NVR Inc. ("NVR"), by its attorneys, Seyfarth Shaw LLP, respectfully submits this memorandum in support of its motion requesting this Court to certify for interlocutory appeal its June 14, 2011 Decision and Order overruling NVR's objection to Magistrate Judge Payson's March 9, 2011 ruling, which held that a portion of a letter from NVR to its employees dated January 18, 2007 stating, "Regarding the SMRs we stand by our policies and pay practices, which we believe, and our counsel advises, conform to long-standing Department of Labor Guidelines," effected a waiver of the attorney-client privilege. NVR submits that this ruling is well suited to immediate appellate review because it meets the statutory standard for interlocutory review and concerns an issue of vital importance to the judicial process, the attorney-client privilege. Furthermore, NVR's ability to seek meaningful review and preserve the protections of the attorney-client privilege will be irremediably destroyed if NVR is not permitted to seek such review on an interlocutory basis.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

As this Court is aware, this action arises out of claims brought on behalf of a putative class of current and former Sales and Marketing Representatives ("SMRs") who allege that NVR misclassified them as "exempt" under the Fair Labor Standards Act and thus denied them overtime compensation. After four years of discovery in this matter, five separate extensions of the discovery deadline, and the expiration of the last Court-appointed deadline to complete discovery on October 30, 2010, the Court ordered the parties to submit all motions to compel and for protective orders by January 7, 2011 (docket no. 521). Consistent with that Order, the parties filed cross-motions to compel (docket nos. 525, 528) and for protective orders (docket nos. 523, 536). The Court heard oral argument on the parties' cross-motions on March 9, 2011, at which time, the Magistrate Judge made certain rulings from the bench. (*See* docket no. 564, 565). The Magistrate Judge then issued a written Order on March 10, 2011, that addressed some, but not all, of her rulings from the prior day's hearing (docket no. 563).

Plaintiffs' Motion to Compel sought seven different categories of information, including all privileged communications between NVR and its trial counsel regarding the classification of SMRs. Plffs.' Mem. of Law (docket no. 529). As grounds for that request, Plaintiffs claimed that NVR had "waived its right to assert any privilege over communications with counsel." *Id*. Plaintiffs posited three different theories for NVR's alleged waiver of the attorney-client privilege. First, Plaintiffs argued that NVR's "good faith" defense in this matter acted as a *per se* waiver of the privilege. Second, Plaintiffs argued that NVR's Rule 30(b)(6) witness waived the privilege by testifying that NVR had consulted with counsel after this lawsuit commenced (though, upon instructions from counsel, he declined to provide any testimony regarding the content of those communications). Third, Plaintiffs argued that a sentence appearing in NVR's January 18, 2007 letter to employees notifying them of a partial settlement in this matter constituted a waiver of the attorney-client privilege. *Id*.

The Magistrate Judge rejected Plaintiffs' first two "waiver" theories out of hand. Hearing Tr., 31-32. As to the third theory, however, the Magistrate Judge found an implied waiver of privilege based on a five-word dependent clause in a sentence appearing in a letter that NVR sent to employees on January 18, 2007, regarding the partial settlement of claims in this matter related to the Sales and Marketing Associate ("SMA") position. The letter noted that the Company had elected to reclassify the SMA position as non-exempt and further stated:

> Regarding the SMRs, we stand by our policies and pay practices, which we believe, and our counsel advises us, conform to long-standing Department of Labor guidelines.

Hearing Tr., 33.

Based on nothing more than the phrase "and our counsel advises us" in this one sentence, the Magistrate Judge found an implied waiver of privilege. *Id*. The Magistrate Judge acknowledged that the question of whether the letter constituted a waiver was a "closer question" than the other theories

2

posited by Plaintiffs.  The Magistrate Judge also acknowledged that one party or the other would likely seek a review of the ruling, regardless of what she ordered, and accordingly stayed that portion of the Order pending such review.  Hearing Tr., 33, 37.  The Magistrate Judge declined to make any findings as to the scope of the waiver effected by her ruling or the specific impact it would have on the parties' several related discovery disputes.  Hearing Tr., 34-37.

NVR filed an objection to that portion of the Magistrate Judge's decision finding that the letter effected a waiver of attorney-client privilege.  (docket no. 568)  In its objection, NVR argued that the Magistrate Judge made an error of law by failing to apply the proper standard governing waiver of privilege based on an extrajudicial disclosure of information pertaining to communications between a party and its counsel.  Specifically, NVR argued that the Magistrate Judge's ruling was premised on the errant assumption that *any* reference to the advice of counsel made in a communication with a third party effects a subject matter waiver of the privilege, which is not the law because none of the cases cited by either party support a finding of an implied waiver based on a single, oblique reference to consultation with counsel.  On the contrary, NVR argued, the case law requires a far broader and more substantive disclosure in order to abrogate the privilege.

The Court heard oral argument on NVR's objection on May 26, 2011 and issued a Decision and Order on June 14, 2011 affirming the Magistrate Judge's decision. (docket no. 584)  In that Decision and Order, the Court reasoned that there is Second Circuit authority supporting the proposition that an extra-judicial disclosure of an attorney-client communication can effect a waiver of the privilege, and the Court found that the authorities that NVR had cited dealing more specifically with the type of limited disclosure at issue in this case did not require a contrary result.  (docket no. 584, p. 3)

3

II.     ARGUMENT

This Court should amend its Decision and Order to certify for interlocutory appeal the question of whether the phrase "and our counsel advises us" in a letter sent by an employer to its employees effects a waiver of attorney-client privilege.  This Court's Decision and Order presents a vital issue concerning the attorney-client privilege and clearly meets the statutory standard for certification of an interlocutory appeal.

    A.    **The Court's Rulings on NVR's Ostensible Waiver of the Attorney-Client Privilege Present a Vital Issue on Which Appellate Review Can Only Be Had on an Interlocutory Basis**

The attorney-client privilege plays an essential and foundational role in the American legal system.  By assuring confidentiality, the privilege encourages clients to make "full and frank" disclosures to their attorneys, who are then better able to provide candid advice and effective representation.  *Upjohn Co.* v. *United States*, 449 U.S. 383, 389 (1981).  This, in turn, serves "broader public interests in the observance of law and administration of justice."  *Id.*  Indeed, "[i]t is often stated that the attorney-client privilege is at the heart of the adversary system; its purpose is to support that system by promoting loyalty and trust between an attorney and a client."  *Kelly v. Ford Motor Co.*, 110 F.3d 954 (3d Cir. 1997).  Rightly or wrongly, our system assumes that the competition between vigorous and effective advocates, when pitted against each other in an adversary setting, will help to produce the best legal result in any given litigation.  In short, the attorney-client privilege is one of the pillars that supports the edifice that is our adversary system.  As such, the attorney-client privilege lies at the heart of our adversary system, promotes loyalty and trust between attorney and client, and advances the broader public interests in the observance of law and administration of justice.  Because the attorney-client privilege is deeply rooted in public policy and essential to achieving a healthy legal system, a district court order that compromises the privilege by compelling the disclosure of privileged information threatens rights critical to the public good.

4

Appellate review after final judgment is not adequate for discovery decisions finding a privilege waiver. As one court put the point, "Once the door to view privileged material has been wrongly opened, the secret has been disclosed and there is little gain in relocking the chamber." *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139 (E.D.N.Y. 1999). If immediate review is not had until a final order issues, it will be "too late" because by then the breach of the privilege will have occurred and cannot be undone. For this reason, the Second Circuit has repeatedly utilized mandamus in cases involving privilege claims where there is a potential for irreparable loss of a litigant's confidentiality privilege absent immediate appellate review. *Salomon Bros. Treasury Litig. v. Steinhardt Partners,* 9 F.3d 230 (2d Cir. 1993) (work-product privilege claim over legal memorandum); *Chase Manhattan Bank v. Turner & Newall, PLC,* 964 F.2d 159 (2d Cir. 1992) (attorney-client privilege claim over corporate documents); *von Bulow v. von Bulow,* 828 F.2d 94 (2d Cir. 1987) (waiver of attorney-client privilege claim).

**B.   The Court's Rulings on NVR's Ostensible Waiver of the Attorney-Client Privilege Meet the Statutory Standard for Interlocutory Review**

Appeals of interlocutory district court orders are governed by 28 U.S.C. § 1292(b). Under Section 1292(b), the order being appealed must "(1) involve a controlling question of law (2) over which there is substantial ground for difference of opinion," and the movant must also show that "(3) an immediate appeal would materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The decision whether to grant an interlocutory appeal from a district court order lies within the district court's discretion. *See, e.g.*, *Swint v. Chambers County Comm'n,* 514 U.S. 35, 47 (1995) ("[D]istrict courts [have] first line discretion to allow interlocutory appeals.").

Under the first prong of the Section 1292(b) analysis, the District Court must determine whether the "question of law" is a "'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *In re Worldcom, Inc.,* No. M47, 2003 WL

5

21498904, at *10 (S.D.N.Y. June 30, 2003) (citations omitted). "In determining whether a controlling question of law exists the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or the certified issue has precedential value for a large number of cases." *Primavera Familienstifung v. Askin,* 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001).

The second prong requires a genuine doubt as to the correct legal standard to be applied giving rise to a "substantial ground for a difference of opinion." *In re Worldcom,* 2003 WL 21498904, at *10 (citation omitted). Such a substantial ground may exist when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *In re Lloyd's Am. Trust Funds Litig.,* No. 96-CV-1262, 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997)

Finally, the moving party must satisfy the third prong by demonstrating that the "appeal promises to advance the time for trial or shorten the time required for trial." *Transp. Workers Union of Am., Local 100, AFL-CIO v. New York City Transit Auth.,* 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005). "Review under § 1292(b) is available where decision on an issue would affect the scope of the evidence in a complex case, even short of requiring complete dismissal." *Garner v. Wolfinbarger*, 430 F.2d 1093, 1097 (5th Cir. 1970). This last factor is particularly important. *Consub Celaware,* 476 F. Supp. 2d 305, 310 (S.D.N.Y. 2007) (*citing Koehler v. Bank of Bermuda, Ltd.,* 101 F.3d 863, 865-66 (2d Cir. 1996) ("The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation.") and *Lerner v. Millenco, L.P.,* 23 F. Supp. 2d 345, 347 (S.D.N.Y. 1998) ("The Court of Appeals has emphasized the importance of the third consideration in determining the propriety of an interlocutory appeal.")).

All three prongs are met here. First, there is no doubt that the issue of whether the phrase "and our counsel advises us" in a letter sent by an employer to its employees effects a waiver of attorney-client privilege is a pure question of law. Neither the Magistrate Judge nor this Court needed any facts other than the letter itself to decide the issue.

Second, there is a "substantial ground for a difference of opinion" on whether an oblique reference to the ultimate opinion of counsel waives the attorney client privilege. There is no Second Circuit precedent on point, and the parties each have cited authorities that they contend to support their diametrically opposed positions on the issue. On the one hand, Plaintiffs rely on *In re Target Technology Company LLC*, 2006 WL 3006708 (Fed. Cir. Oct. 12, 2006), which held that a sales letter stating "I also asked my patent attorney to conduct a search in the U.S. patent literature, and no potential infringement was found" constituted a waiver of attorney-client privilege. On the other hand, the court in *Terra Novo, Inc. v. Golden Gate Prods., Inc.*, 2004 WL 2254559 (N.D. Cal. Oct. 1, 2004), held that a statement that the defendant would continue its challenged practices based on "advice from our lawyers" was too general and conclusory to effect a waiver. NVR has cited several other cases that are consistent with the holding in *Terra Novo* and, in NVR's view, in conflict with the Court's ruling regarding the ostensible privilege waiver in the present case. S*ee, e.g., K-Tec, Inc. v. Vita-Mix Corp.*, 2009 WL 2436696 (D. Utah Aug. 7, 2009), *Furminator, Inc. v. Kim Laube & Co., Inc.*, 2009 WL 5176562 (E.D. Mo. Dec. 21, 2009), *Aspex Eyewear, Inc. v. E'Lite Optik, Inc.*, 2002 WL 1592606 (N.D. Tex. July 17, 2002).

Moreover, there is no authority from the Second Circuit that addresses the question of an ostensible waiver based on the sort of narrow and limited disclosure presented by NVR's letter to its employees. All of the Second Circuit precedent on which the Magistrate Judge and this Court relied in addressing the privilege waiver issue concerned much more substantive disclosures that were made under circumstances that were radically different than the disclosure at issue in this case. Both this

7

Court's Decision and Order (docket no. 584, p. 2) and the Magistrate Judge's ruling (Hearing Tr., 33) relied on *United States v. Jacobs*, 117 F.3d 82 (2d Cir. 1997). In that case, the Second Circuit found that the defendant had "waived the attorney-client privilege by disclosing the *substance* of the [privileged] communications on numerous occasions." *United States v. McDonald*, 2002 WL 31956106, at *1, 3 (E.D.N.Y. May 9, 2002) (distinguishing *Jacobs* and holding that disclosure that defendant formed shell company based on "advice of counsel" did not amount to waiver) (emphasis in original). Both this Court and the Magistrate Judge also cited *In re Horowitz*, 482 F.2d 72 (2d Cir. 1973), which also concerned a situation very different from the present case. There, the Second Circuit held that a party who treated privileged communications between himself and counsel the same way that he treated all other records, *i.e.*, by providing them to his accountant to "hav[e] a free run to look at what he pleased," had waived the attorney-client privilege. *Id.* at 82. There is no Second Circuit authority addressing an employer's mere reference to its consultation with counsel in a communication to its employees as a putative waiver of the attorney-client privilege. Indeed, both this Court and the Magistrate Judge noted the novelty of the issue, with the Magistrate Judge noting that it was a close question (Hearing Tr., 33, 37), and this Court stating that NVR's objection to the Magistrate Judge's decision raised an "interesting issue" (May 26, 2011 Hearing Tr., docket no. 586, 24).

      Third, an appeal promises to push this lethargic case to resolution. This case is almost seven years old. The discovery deadline has been repeatedly extended. Now, at long last, other than the privilege issue, discovery is largely over. Should the Second Circuit decide that the phrase "and our counsel advises us" in a letter to employees does not effect a waiver of the attorney-client privilege, discovery will be finished and the parties will finally be able to address the merits of the case. Conversely, without appellate review, discovery will continue with likely squabbles over the scope of the ostensible waiver and disputes regarding the means by which Plaintiffs may take discovery

8

regarding NVR's attorney-client privileged communications. At the same time, these anticipated disputes would do little to advance the ultimate resolution of this case because whatever NVR's counsel told it about the exempt status of its SMRs has no bearing on the issue in this case, namely, whether SMRs are in fact exempt. Discovery of the privileged communications would merely be a sideshow that would drag out an already protracted discovery period. There can thus be little doubt that an appeal would stand to advance this case towards trial by potentially eliminating an unnecessary set of issues and disputes from the case. *Cf. Mohawk Indus., Inc. v. Carpenter*, 130 S.Ct. 599, 608 (2009) ("The preconditions for § 1292(b) review -- 'a controlling question of law,' the prompt resolution of which 'may materially advance the ultimate termination of the litigation' -- are most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases.").

Accordingly, all three prongs for certification of an interlocutory appeal are met in this case, and the Court should amend its Decision and Order to include the requested certification.

## III.  CONCLUSION

For the foregoing reasons, NVR requests the Court to certify its Decision and Order for interlocutory appeal by adding the following to the text of that ruling:

> **This Court hereby finds that its holding that a portion of a letter dated January 18, 2007 from NVR to its employees stating, "Regarding the SMRs we stand by our policies and pay practices, which we believe, and our counsel advises, conform to long-standing Department of Labor Guidelines," effected a waiver of the attorney-client privilege involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal of the Decision and Order on this issue may materially advance the ultimate termination of the litigation. Accordingly, this Court hereby certifies this issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).**

Dated: July 8, 2011                                     Respectfully submitted,

                                              /s/ Barry J. Miller
                                            SEYFARTH SHAW LLP

| Richard L. Alfred | Lorie E. Almon |
|---|---|
| Barry J. Miller | 620 Eighth Avenue |
| Dana L. Fleming | New York, New York 10018 |
| James M. Hlawek | (212) 218-5500 |
| 2 Seaport Lane, Suite 300 | lalmon@seyfarth.com |
| Boston, MA 02210 | |
| (617) 946-4800 | |
| bmiller@seyfarth.com | |

*Attorneys for Defendant NVR, Inc.*

WOODS OVIATT GILMAN LLP
William G. Bauer
700 Crossroads Building, 2 State Street
Rochester, NY 14614
(585) 987-2800
wbauer@woodsoviatt.com
*Local counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2011, I electronically filed the foregoing document through the Court's ECF system, which sent notification of such filing to the following counsel of record for Plaintiffs:

                      J. Nelson Thomas
                      Thomas & Solomon LLP
                      693 East Avenue
                      Rochester, New York 14607
                      (585) 272-0540
                      nthomas@theemploymentattorneys.com

                By: */s/ Barry J. Miller*
                     Barry J. Miller