UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK TRACY, on behalf of
himself and all other employees similarly situated,

                                 Plaintiffs,

                                                                  <u>ORDER</u>

                                                                  04-CV-6541L

              v.

NVR, INC.,

                                 Defendant.
_____

       The Court is in receipt of several letters from counsel (at last count three from plaintiffs' counsel and three from defendant's counsel) relating to scheduling matters -- an item which is normally stipulated to by counsel.

       Some of the issues are moot since defendant has now filed a motion to decertify (Dkt. 618) and motions for summary judgment (Dkt. ##607, 610 and 613).

       The gist of the dispute is the timing of plaintiffs' response to these motions. Plaintiffs suggest that it should await completion of discovery while defendant asserts that such discovery is, in its view, irrelevant to the pending motions.

       Although part of this case has been settled for some time, based on the vigor with which the simple matter concerning scheduling has been pursued, it appears that further settlement is unlikely.

       I note that Magistrate Judge Payson has directed the parties to submit a proposal to her by August 26, 2011, relative to the completion of discovery. It also appears that on August 9, 2011, Magistrate Judge Payson ordered defendant to produce certain documents now held in its possession. According to Mr. Glennon's letter of August 11, 2011, defendant has represented that it will take at least thirty (30) days within which to comply.

I intend to reserve on the matters relative to scheduling pending resolution by Magistrate Judge Payson of the schedule concerning remaining discovery. One would think at this late stage extensive further discovery would not be necessary. I leave that, however, to Magistrate Judge Payson. At the very least, this Court anticipates gearing its motion schedule to the time when defendant complies with Magistrate Judge Payson's August 9 Order to produce documents.

The Court is interested in resolving dispositive motions once and not piecemeal. Although defendant ardently believes that further discovery will have no bearing on the pending motions, I am reluctant at this stage to simply accept that pronouncement. It may well be the case, but I would like to see what the parties determine, with Magistrate Judge Payson's help, relative to additional discovery before I set a schedule for the pending motions.

I do anticipate that plaintiffs should be able to articulate their position relative to class certification in their response to defendant's motion to decertify. I am inclined to agree with defendant, at this point, that a separate motion for certification is duplicative.

Therefore, I await further guidance from the parties and Magistrate Judge Payson, if necessary, to establish the parameters of additional discovery. Once I have that information, I will determine the appropriate scheduling for the pending motions. If, however, by some remote chance the parties can reach agreement on scheduling, I would not be unhappy to receive it.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 22, 2011.