**Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

August 26, 2011

**VIA HAND DELIVERY**

Honorable Marian W. Payson
United States District Court
Western District of New York
2120 U.S. Courthouse
Rochester, New York 14614



Re:  Patrick Tracy v. NVR, Inc.
     Civil Action No: 04-CV-6541 DGL

Dear Judge Payson:

Pursuant to this Court's August 9, 2011 request (Dkt. No. 622 at 66-67), plaintiffs present the following information addressing the remaining issues and discovery to be accomplished.[1]

Notwithstanding the discovery this Court Ordered defendant NVR, Inc. ("NVR") to produce during the August 9, 2011 argument, the parties do not have many discovery issues remaining. Plaintiffs understand that each party desires to file a spoliation motion against the other party. Otherwise, plaintiffs identify below the four outstanding issues that they believe should be addressed in order to complete discovery.

Plaintiffs herein discuss the following four outstanding issues: (i) NVR's spoliation; (ii) discovery related to defendant's waiver of attorney-client privilege; (iii) reconvening Tammy McCutchen's deposition for a limited basis; and (iv) limited discovery from Dickstein Shapiro LLP ("Dickstein Shapiro") regarding its and Ms. McCutchen's representation of NVR before the Department of Labor ("DOL").

---

[1] The parties have discussed the issues and contemplated submitting a joint letter to the Court as was requested; however, the nature of the outstanding issues and the parties' desire to present their respective positions on topics such as discovery from Tammy McCutchen and Dickstein Shapiro LLP, dictated separate letters.

693 East Avenue, Rochester, New York 14607  tel: 585.272.0540  fax: 585.272.0574
pglennon@theemploymentattorneys.com  •  www.theemploymentattorneys.com

### 1. NVR's Spoliation

As this Court is aware, plaintiffs are seeking defendant's litigation hold notice, and other related information. Dkt. No. 579. Plaintiffs are not seeking additional discovery from that motion. Instead, the notice and related information will add to the basis for plaintiffs' anticipated spoliation sanction motion against NVR, which has been mentioned previously. Accordingly, no briefing schedule for plaintiffs' spoliation sanction motion may be contemplated until plaintiffs' pending motion related to defendant's litigation hold notice is resolved.

### 2. Discovery Related to NVR's Privilege Waiver

Your Honor and Judge Larimer have independently ordered the parties to discuss the scope of discovery related to defendant's privilege waiver. Dkt. Nos. 565 (Payson, J.), 584 (Larimer, J.). Plaintiffs have initiated such discussions, but defendant has refused to participate in them until it receives a final decision on its current Motion for Certification of Issue for Interlocutory Appeal. Dkt. No. 591. Accordingly, no schedule to accomplish this discovery has been discussed.

### 3. Reconvening Tammy McCutchen's Deposition

Plaintiffs believe that they are entitled to re-convene Ms. McCutchen's deposition for a limited basis, including to address: (i) her knowledge about statements made on Dickstein Shapiro's website about her representation of NVR before the DOL; and (ii) knowledge of Ms. McCutchen's time records, as to whether she was representing NVR before the DOL regarding her lobbying for the related 2007 DOL Opinion Letter. Plaintiffs believe that a reconvened deposition for these two discrete issues would not take more than one hour and could be completed in minimum time. Defendant has objected to any further deposition of Ms. McCutchen.

As this Court is aware, Your Honor Ordered Ms. McCutchen's deposition over one year ago. Dkt. No. 489. After defendant's objection, Judge Larimer subsequently affirmed Your Honor's Order. Dkt. No. 554. Despite defendant's prolonged opposition to this deposition and final request for clarification from this Court as to whether a deposition was permitted, plaintiffs were finally able to depose Ms. McCutchen on July 28, 2011.

The permitted scope for Ms. McCutchen's deposition included (1) whether Ms. McCutchen was meeting with the Department of Labor ("DOL") on behalf of NVR; and (2) her knowledge related to Dickstein Shapiro's webpage statements, which indicated that Ms. McCutchen was working with NVR and the National Association of Home Builders ("NAHB") to "navigate [the legality of SMR exempt status] at the DOL level." *See* Official Transcript of Proceedings before the Honorable Marian W. Payson ("Transcript of June 23

Hearing"), June 23, 2010 at 69:20-77:4. *See also* Exhibit A attached to the Proposed Subpoena of Dickstein Shapiro LLP ("the Webpage") attached hereto as **Attachment A**. Such discovery is significant because it goes to the critical issue of whether, or to what extent, if any, deference should be given by Judge Larimer to the January 25, 2007 DOL Opinion Letter.

Unfortunately, however, despite the Court's clear directive, Ms. McCutchen refused to answer many questions within the permitted scope of the deposition.[2] Ms. McCutchen's testimony was insufficient for two primary reasons. First, although Ms. McCutchen did indicate at one point that she was not performing legal work on behalf of NVR when she met with the DOL, (McCutchen Dep. at 31:16-19), she only answered this question after being evasively unclear as to the scope of her representation with NVR in relation to her discussions with the DOL. For example, although Ms. McCutchen testified that she was not performing legal work on NVR's behalf when meeting with the DOL, she did not answer plaintiffs' counsel's question as to whether she recorded time or billed NVR for that meeting, or whether what was discussed at that meeting was done so within the scope of her representation of NVR (as the Webpage asserts). McCutchen Dep. at 23:16-24:5; 28:10-29:1.

Additionally, although Ms. McCutchen testified that she believed the statement on the Webpage that Deborah Kelly and Tammy McCutchen were "working with the client [NVR] and the National Association of Home Builders to navigate this matter at the DOL level" could be "easily misinterpreted," she also stated that to her knowledge none of the statements on the Webpage were deceptive. McCutchen Dep. at 12:1-13. Therefore, it is unclear as to whether Ms. McCutchen believes that the statements on the Webpage are true or are deceptive, particularly if Ms. McCutchen maintains that she was not meeting with the DOL on NVR's behalf.

Second, Ms. McCutchen's testimony was insufficient because she refused to answer any questions about the statement published on Dickstein Shapiro's Webpage. Ms. McCutchen declined to answer such questions on the basis of defendant's counsel's objection (and not her own counsel's) that such testimony was attorney/client privileged despite the fact that Your Honor had already ruled that such privilege has been waived. *See* Transcript of July 23 Hearing at 76:11-14 ("I do think it is fair to inquire of her what was apparently public posted on the website. There's no privilege that attaches to a document that is placed

---

[2] Indeed, as is evident from the transcript, attached hereto as **Attachment B**, Ms. McCutchen proved to be unnecessarily evasive throughout the 30-minute deposition. *See i.e.* Deposition of Tammy McCutchen conducted on July 28, 2011 ("McCutchen Dep.") at 7:16-11:14 (witness refusing to answer plaintiffs' counsel's question as to whether a statement on the website was deceptive); 25:19-21 refusing to answer plaintiffs' counsel's question as to the scope of witness' former representation of NVR and accusing plaintiffs' counsel of "bullying.").

on the firm's website."). Although Ms. McCutchen acknowledged the Webpage "could be easily misinterpreted," she, pursuant to the objections of NVR's counsel, refused to answer anything about the actual statement on the Webpage. *See e.g.*, McCutchen Dep. at 15:12-20. McCutchen also declined to answer whether the statement on the Webpage, that she was "navigating" matters at the DOL level, was true. McCutchen Dep. at 20:1-9.

Because plaintiffs have outstanding questions relating to the Webpage and Ms. McCutchen's representation of NVR with the DOL (to which they are entitled answers), plaintiffs request that Ms. McCutchen's deposition be reconvened under the same guidelines clearly set forth by this Court in its prior Order (Dkt. 489) to address the issues of the scope of her representation of NVR with the DOL and the veracity of the statement placed on the Dickstein Shapiro Webpage.[3] Because of the discreteness of such outstanding issues, plaintiffs believe this deposition will be quite brief and this issue may be resolved expeditiously.

### 4. Limited Discovery from Dickstein Shapiro

Moreover, based on Ms. McCutchen's testimony that was not limited by NVR's counsel, Ms. McCutchen may possess only minimal knowledge related to the Dickstein Shapiro Website statements. Although Ms. McCutchen refused to answer several relevant questions, she did testify that she has limited knowledge regarding some of the questions on these unresolved, yet critical, issues. McCutchen Dep. at 14:8-14; 15:7-11. Accordingly, plaintiffs desire to subpoena Dickstein Shapiro regarding (i) communications by Dickstein Shapiro and its attorneys with the DOL on behalf of NVR and/or communications with the DOL used in the representation of NVR; (ii) The billing records of Dickstein Shapiro that reflect time spent communicating with the DOL or advising NVR based on communications it had with the DOL; and (iii) information about the maintenance of the Dickstein Shapiro website, particularly concerning the statement publicly published on the Webpage. A proposed copy of the subpoena is attached to this letter. Although defendant has objected to plaintiff seeking any discovery from Dickstein Shapiro, such discovery could be completed in a short period of time.

Plaintiffs believe that they are entitled to the aforementioned information. Indeed, a portion of this information, particularly discovery as to the statement publicly posted on the Webpage, is information that plaintiff was permitted and attempted to elicit from Ms. McCutchen. However, she evaded the question and otherwise professed to possessing only minimal knowledge as to the maintenance or development of the Webpage and publication of the statements at issue. McCutchen Dep. at 14:4-14; 15:7-11.

---

[3] Further, Ms. McCutchen's stated that she was "unclear" about what the Court Order requires her to answer. McCutchen Dep. at 21:17-18.

      Plaintiffs are also entitled to limited discovery as to whether Ms. McCutchen's meetings with the DOL were conducted on behalf of or for the benefit of NVR, including any billing records that memorialize those efforts. When inquiring as to whether McCutchen's meeting with the DOL was on NVR's behalf, Ms. McCutchen refused to answer whether she billed NVR for any time for the discussions and meetings that she had with the DOL. McCutchen Dep. at 28:10-29:1.[4] McCutchen additionally testified that she does not possess any related billing or time records and that such information would have to be obtained directly from Dickstein Shapiro. McCutchen Dep. at 30:14-22. Accordingly, plaintiffs request permission to serve the proposed subpoena.

      The information identified in the proposed subpoena clearly goes to the ultimate issue of whether McCutchen's discussions with the DOL were on behalf of, and in the scope of her representation of, NVR and, consequently, whether any deference should be afforded to any opinion letters procured by Ms. McCutchen from the DOL. Such limited discovery from Dickstein Shapiro could be accomplished in minimal time. Accordingly, plaintiffs respectfully request that this limited discovery be permitted.

      Plaintiffs are available at the Court's convenience to discuss this matter further. Thank you for your courtesies in this matter.

                                      Respectfully submitted,

                                      Peter J. Glennon

cc:      Barry Miller, Esq. (via e-mail)

> [Handwritten note by the Court:] This Court has thoroughly reviewed the transcript of Ms. McCutchen's testimony and finds that it satisfies the directives of this Court. She unequivocally answered that she was not performing legal work for NVR when she met with the DOL and that she did not draft the statements on the website. This Court does not see the need for further discovery on this issue on the basis of the current record. Should plaintiffs wish to pursue the matter formally, they may file a motion by no later than 9/16/11.

---

[4]     Not only did Ms. McCutchen refuse to answer whether she billed any time to NVR for her discussions with the DOL, but she was very evasive and stated that billing time to a client does not necessarily mean that work was performed on behalf of that client. McCutchen Dep. at 29:8-12. Ultimately, Ms. McCutchen was unable to present an actual instance of when she billed time to a client for work not performed on that client's behalf. McCutchen Dep. at 30:8-12. Such testimony raises questions regarding whether Ms. McCutchen's time spent meeting with the DOL was actually billed to NVR.

> [Handwritten:] SO ORDERED
> Marian W. Payson
> US Magistrate Judge
> 8/31/11