**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

PATRICK TRACY,
*on behalf of himself and all other*
*employees similarly situated,*

                                        *Plaintiffs,*

              v.

NVR, INC.

                                        *Defendant.*

Civil Action
04-CV-06541 DGL (P)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT**
**OF THEIR MOTION FOR LEAVE TO SERVE A SUBPOENA ON**
**DICKSTEIN SHAPIRO LLP FOR LIMITED DISCOVERY**

**THOMAS & SOLOMON LLP**
  *Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
(585) 272-0540
nthomas@theemploymentattorneys.com
pglennon@theemploymentattorneys.com
sborn@theemploymentattorneys.com

Of Counsel:   J. Nelson Thomas
              Peter J. Glennon
              Sarah M. Born

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...........................................................................................................ii

PRELIMINARY STATEMENT .................................................................................................. 1

FACTUAL BACKGROUND ....................................................................................................... 2

ARGUMENT ................................................................................................................................. 5

I.   THE COURT SHOULD USE ITS DISCRETION TO GRANT PLAINTIFFS LEAVE
     TO SERVE A SUBPEONA ON DICKSTEIN SHAPIRO FOR LIMITED DISCOVERY .. 5

II.  THE REQUESTED LIMITED DISCOVERY IS A CONTINUATION OF DISCOVERY
     PREVIOUSLY PERMITTED BY THE COURT ................................................................ 6

III. THE REQUESTED LIMITED DISCOVERY DIRECTLY RELATES TO THE
     CENTRAL LEGAL ISSUE OF THIS ACTION .................................................................. 9

CONCLUSION ............................................................................................................................ 10

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                           Page

*Skidmore v. Swift & Co.*, 323 U.S. 134 (1944).........................................................- 10 -

*Tracy v. NVR, Inc.*, 599 F. Supp. 2d 359, n.1 (W.D.N.Y. 2009).......................................- 10 -

<u>Rules</u>

Fed. R. Civ. P. 26(b)(1) .............................................................................................- 5 -

Federal Rule of Civil Procedure ("FRCP") 45......................................................- 1 -

## PRELIMINARY STATEMENT

Pursuant to this Court's August 31, 2011 direction (Dkt. No. 625), plaintiffs submit this memorandum of law in support of their motion for leave to serve a non-party subpoena under Federal Rule of Civil Procedure ("FRCP") 45 for limited discovery from Dickstein Shapiro LLP ("Dickstein Shapiro").

Discovery regarding Dickstein Shapiro's representation of the defendant before the Department of Labor ("DOL") is necessary for the same reasons this Court previously permitted discovery from Tammy McCutchen, Esq.  The Court previously permitted plaintiffs discovery on two general issues:  (i) whether Tammy McCutchen's meeting with the DOL was on behalf of NVR, Inc. ("NVR"); and (ii) the meaning of statements made by Dickstein Shapiro on its website, indicating that Ms. McCutchen and others were working on behalf of NVR and the National Association of Home Builders ("NAHB") to "navigate [the legality of Sales and Marketing Representative's exempt status] at the DOL level."  *See* Official Transcript of Proceedings before the Honorable Marian W. Payson ("Transcript of June 23 Hearing"), June 23, 2010 at 69:20-77:4.  This Court ruled previously that the first issue was addressed adequately in Ms. McCutchen's deposition.  *See* Dkt. No. 625.  However, Ms. McCutchen testified that she has no knowledge of information relating to the second issue.  *See* Deposition of Tammy McCutchen, conducted on July 28, 2011 ("McCutchen Dep.") at 14:4-15:11, attached to the Affirmation of Sarah M. Born, sworn to September 16, 2011 ("Born Aff.") as **Exhibit A**.  Accordingly, discovery from Dickstein Shapiro on that topic is necessary.

A full understanding of Ms. McCutchen and Dickstein Shapiro's involvement with the DOL is critical and necessary to determine, among other things, what deference, if any, Judge Larimer should afford the 2007 DOL Opinion Letters ("DOL Letters") solicited by Ms. McCutchen and that are at issue with this action.  Thus, due to the limited knowledge of Ms. McCutchen, and in order to avoid conflicting evidence on the topic; specifically that Ms. McCutchen testified that she did not represent NVR before the DOL, but Dickstein Shapiro's website statements represented that she and the firm did, plaintiffs request leave to serve the proposed subpoena for limited discovery on Dickstein Shapiro, seeking the production of documents and a deposition, to address the outstanding issues for which the Court previously permitted discovery and to determine whether Judge Larimer should afford any deference to the solicited 2007 DOL Letters.

## FACTUAL BACKGROUND

Although this Court is familiar with the procedural background for this issue, a summary of the facts relevant to this motion are set forth below.

Plaintiffs learned of Ms. McCutchen's involvement in procuring the 2007 DOL Letters via Dickstein Shapiro's website, which contained the following language:

> …Dickstein Shapiro is defending…[o]ne of the nation's largest sellers of new homes, NVR, Inc., in a class action suit filed in the W.D. of New York alleging violation of the FLSA.  The case involves a "gray" area of law as to when sales staff are or are not exempt. This case is of significant interest to the entire homebuilder industry.  Deborah Kelly is leading the litigation with former Department of Labor (DOL) Wage and Hour Administrator Tammy McCutchen, who is working with the client and the National Association of Home Builders to navigate this matter at the DOL level…

*See* Born Aff. at **Exhibit B**.

On December 21, 2007, plaintiffs subpoenaed three individuals, including Ms. McCutchen and Deborah Kelly, whom plaintiffs believed had background information

regarding the Dickstein Shapiro website statements, and knowledge of Ms. McCutchen's representation of defendant before the DOL. *See* Born Aff. at ¶ 5. However, those subpoenas were subsequently withdrawn. *See* Born Aff. at ¶ 6. As a compromise, plaintiffs believed at the time that they could obtain the information sought through a Freedom of Information Act ("FOIA") inquiry, which led to the subsequent DOL litigation styled, *Dolin, Thomas & Solomon v. United States Department of Labor,* 6:08-cv-6181 (W.D.N.Y.). *See* Born Aff. at ¶ 7. However, plaintiffs' FOIA requests and litigation, while providing additional documents that further established Ms. McCutchen's involvement soliciting the 2007 DOL Letters, failed to answer conclusively the fundamental questions related to the statements made on Dickstein Shapiro's website; particularly whether Ms. McCutchen was representing defendant before the DOL. *See* Born Aff. at ¶ 8. Thus, plaintiffs requested from the Court permission to conduct discovery on these issues, specifically permission to serve the previously withdrawn subpoenas. *See* Dkt. No. 474.

Ultimately, on July 1, 2010, the Court ordered the deposition of Ms. McCutchen. *See* Dkt. 489. Defendant caused a delay of more than a year by first objecting to this Court's Order permitting Ms. McCutchen's deposition to Judge Larimer on July 15, 2010. *See* Dkt. No. 491. Judge Larimer agreed with this Court's sound reasoning by affirming this Court's Order on February 23, 2011. *See* Dkt. No. 554.

Apparently, however, this Court's explicit Order allowing the deposition of Ms. McCutchen's deposition, and Judge Larimer's equally explicit affirmance of that Order, was not clear to defendants who caused further delay by baselessly seeking "clarification" from this Court on June 21, 2011, via letter. *See* Born Aff. at **Exhibit C.** All the while defendant refused to discuss potential deposition dates in a continued attempt to delay Ms.

McCutchen's deposition.  *See* Born Aff. at ¶ 10.  Defendant's last attempt to further delay
Ms. McCutchen's deposition was rejected by this Court (*see* Dkt. No. 594), and plaintiffs
were finally able to depose Ms. McCutchen on July 28, 2011.  *See* Born Aff. at ¶ 11.

        Ms. McCutchen's testimony, however, did not provide plaintiffs with a clear
understanding of the statements publicly posted on Dickstein Shapiro's website, or the
relationship among defendant, Dickstein Shapiro, and Ms. McCutchen before the DOL.  *See*
Born Aff. at ¶ 12.  In fact, due to the inconsistencies in Ms. McCutchen's testimony, and Ms.
MsCutchen's testimony directly contradicting the public statement made on Dickstein
Shapiro's website regarding its representation of NVR before the DOL, Ms. McCutchen's
deposition created more questions than it answered.  *See* Born Aff. at ¶ 13; McCutchen Dep.
at 12:1-13, 31:16-19.

        Accordingly, in an attempt to resolve these inconsistencies, by letter to the Court
dated August 26, 2011, plaintiffs requested to reconvene Ms. McCutchen's deposition and
separately requested permission to serve discovery requests on Dickstein Shapiro.  *See* Born
Aff. at **Exhibit D**, ¶ 14.  The Court responded by stating:

> This Court has thoroughly reviewed the transcript of Ms. McCutchen's
> testimony and finds that it satisfies the directives of this Court.  She
> unequivocally answered that she was not performing legal work for NVR when
> she met with the DOL and that she did not draft the statements on the
> website.  This Court does not see the need for further discovery on this issue
> on the basis of the current record.

*See* Dkt. No. 625; Born Aff. at ¶ 15.  Notably, however, the Court originally permitted
plaintiffs to question why Dickstein Shapiro's website stated that Ms. McCutchen's was
working with NVR at the DOL level, not whether Ms. McCutchen drafted the statements on
the website.  *See* Transcript of June 23 Hearing at 76:21-2 ("Why did you say in the website
[Ms. McCutchen] w[as] exploring these issues with DOL.").

Thus, because discovery from Dickstein Shapiro is necessary to clarify the contradictions between its public website statement and Ms. McCutchen's testimony regarding the representation of NVR before the DOL, plaintiffs now formally request that this Court grant them leave to serve the proposed subpoena, or limited as the Court deems proper, on Dickstein Shapiro for limited discovery on the issue, in an effort to answer the specific questions for which this Court previously permitted discovery, and are necessary for Judge Larimer's to consideration of this issue.  *See* Born Aff. at ¶ 16-17.

## ARGUMENT

### I.   THE COURT SHOULD USE ITS DISCRETION TO GRANT PLAINTIFFS LEAVE TO SERVE A SUBPOENA ON DICKSTEIN SHAPIRO FOR LIMITED DISCOVERY

Generally, the Court may order discovery "of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *See* Fed. R. Civ. P. 26(b)(1).  Additionally, a good-faith, reasonable basis exists to permit the requested discovery at this time.

While discovery for this action is, in principal, closed, the requested leave for limited discovery is proper given that the Court previously permitted discovery on this issue, and considering that because of defendant's delay, plaintiffs were only just recently able to depose Tammy McCutchen on July 28, 2011.[1]  *See* Dkt. No. 489.  Moreover, because Ms.

---

[1]   Notably, the Court previously Ordered that plaintiffs must seek leave from the Court to serve the subpoenas regarding this issue.  *See* Official Transcript of Proceedings before the Honorable Marian W. Payson ("Transcript of March 3 Hearing"), March 3, 2008 at 9:18-21 ("What I am going to do with this motion [to quash subpoenas] is to grant it in part and deny it in part by precluding plaintiffs from issuing subpoenas on the individuals identified for the information identified without obtaining leave of this Court.").  While those specific subpoenas at issue were directed at Dickstein Shapiro attorneys Tammy McCutchen and Deborah Kelly, and Former Administrator of the DOL's Wage and

McCutchen's testimony failed to answer conclusively the questions for which discovery was permitted, plaintiffs must seek those answers from Dickstein Shapiro itself.

The limited discovery requested by plaintiffs is for good cause, and a benefit to both the parties and the Court, because it is necessary to provide context for determining whether Judge Larimer should afford any deference to the 2007 DOL Letters in deciding the central issue of this case—whether defendant misclassifies its Sales and Marketing Representatives ("SMRs").

Thus, plaintiffs respectfully request that the Court grant them leave to serve a non-party subpoena for limited discovery, including the production of documents and a deposition of Dickstein Shapiro on the website statement and representational issues.  Such additional discovery presents no issue of privilege, as the very public statements on Dickstein Shapiro's website have already been determined by this Court not to be protected by any privilege.  *See* Transcript of June 23 Hearing at 76:11-14.  Further, this discovery can be conducted in an expedited fashion and, therefore, will cause no prejudice to defendant.

## II.   THE REQUESTED LIMITED DISCOVERY IS A CONTINUATION OF DISCOVERY PREVIOUSLY PERMITTED BY THE COURT

As this Court recognized previously, a discoverable issue exists surrounding Dickstein Shapiro's representation of NVR, and its involvement with the DOL letters.  Of particular relevance, the Court permitted discovery of this specific issue: "Why did you say in the website [Ms. McCutchen] w[as] exploring these issues with DOL."  *See* Transcript of June 23 Hearing at 76:21-22.  The evidence discovered to date is contradictory: Ms. McCutchen

---

Hour Division, Paul DeCamp, plaintiffs are mindful that the same underlying issues are being explored by the present subpoena they wish to serve on Dickstein Shapiro, and therefore seek the Court's permission pursuant to its March 3, 2008 Order and August 31, 2011 direction from this Court (Dkt. No. 625).

testified that she did not represent NVR before the DOL; however, Dickstein Shapiro has publicly stated on its website that she and the firm did indeed represent NVR before the DOL. *See* Born Aff. at Exhibits A, B.

Further, although Ms. McCutchen testified that she was not performing legal work[2] on behalf of NVR before the DOL in relation to lobbying the DOL for the 2007 letters, she refused to answer whether she recorded or billed NVR for the time she spent before the DOL. *See* McCutchen Dep. at 31:16-31:19; 28:10-31:12. In fact, not only did Ms. McCutchen refuse to answer whether she billed any time to NVR for her discussions with the DOL, but she stated that billing time to a client does not necessarily mean that work was performed on behalf of that client. McCutchen Dep. at 29:8-12. Unsurprisingly, Ms. McCutchen was ultimately unable to provide an actual instance of when she billed time to a client for work not performed on that client's behalf. McCutchen Dep. at 30:8-12.

Additionally, McCutchen testified that she does not possess any related billing or time records and that such information would have to be obtained directly from Dickstein Shapiro. McCutchen Dep. at 30:14-22 ("Certainly none [billing records] are in my possession. I guess you would have to go to Dickstein Shapiro for that information."). Notably, however, Ms. McCutchen testified that seeing the billing records would refresh her memory as to whether or not she worked on behalf of NVR before the DOL. McCutchen Dep. at 31:2-6. Such testimony is alarming given Ms. McCutchen's claim that she did not

---

[2]     Ultimately, however, it is unclear whether Ms. McCutchen was "working with" defendant to navigate this matter at the DOL level, as represented by Dickstein Shapiro's website, because she refused to answer that question at her deposition on the grounds of privilege despite this Court's clear holding that privilege was waived in regards to the statements made on Dickstein Shapiro's website. *See* McCutchen Dep. at 34:3-8 ("Q. Other than that, it is accurate that you were working with NVR to navigate this matter at the DOL level? A. I have already told you I cannot answer that question because it requires me to reveal privileged information.").

perform "legal" work before the DOL on behalf of NVR, and actually supports the statements made on the Dickstein Shapiro website.  Accordingly, plaintiffs request permission to serve the proposed subpoena on Dickstein Shapiro, who have in their possession the relevant information and documents.

Moreover, Ms. McCutchen refused to answer any of plaintiffs' questions about the actual statement on the website (pursuant to the objections of NVR's counsel on the basis of privilege), despite the Court's clear ruling that such privilege has been waived.  *See* Transcript of June 23 Hearing at 76:11-14 ("I do think it is fair to inquire of her what was apparently publicly posted on the website.  There's no privilege that attaches to a document that is placed on the firm's website.").  Therefore, it is unclear as to whether Ms. McCutchen believes that the statements on the webpage are true or are deceptive,[3] particularly if Ms. McCutchen maintains that she was not meeting with the DOL on NVR's behalf.  As a result, plaintiffs were unable to obtain an answer to even the most basic question identified by the Court; why did Dickstein Shapiro say on its website that the firm and Ms. McCutchen were "exploring these issues with DOL?"  *See* Transcript of June 23 Hearing at 76:21-22.  Plaintiffs are entitled to that information and, because the record is unclear as to NVR's representation by Dickstein Shapiro and Ms. McCutchen, such information would benefit the Court.

---

[3]     Ms. McCutchen was unable to shed any light on the statement published on Dickstein Shapiro's website that she was "working with the client [NVR] and the National Association of Home Builders to navigate this matter at the DOL level." *See* Born Aff. at Exhibit B.  In fact, Ms. McCutchen's testimony was puzzling given the unambiguous statement made by Dickstein Shapiro on its website.  Indeed, she first testified that she did not believe the website was in any way deceptive (thus confirming that she was working with defendant at the DOL level), but in the next breath testified that the information could be "easily misinterpreted."  McCutchen Dep. at 12:1-13.  Therefore, if, as Ms. McCutchen testified, she was not representing NVR before the DOL, the statement that Ms. McCutchen was "working with the client [NVR] and the National Association of Home Builders to navigate this matter at the DOL level," would, at the very least, be considered deceptive.  It cannot, however, be both ways.

Plaintiffs believe that the most efficient manner to clarify this issue is to seek discovery from Dickstein Shapiro.   Specifically, plaintiffs seek to obtain information regarding: (i) communications by Dickstein Shapiro and its attorneys with the DOL on behalf of NVR and/or related communications with the DOL used in the representation of NVR; (ii) the billing records of Dickstein Shapiro that reflect time spent communicating with the DOL or advising NVR based on communications Dickstein Shapiro (or its attorneys) had with the DOL; and (iii) information about the maintenance of the Dickstein Shapiro website, particularly concerning the webpage statements at issue and how they came to be published. A proposed copy of the subpoena is attached to the Born Aff. as **Exhibit E.**

Because the Court previously recognized that plaintiffs are entitled to the requested limited discovery on these issues, and Ms. McCutchen was unable to provide the requested information, plaintiffs must seek the information from its direct source: Dickstein Shapiro.

## III.   THE REQUESTED LIMITED DISCOVERY DIRECTLY RELATES TO THE CENTRAL LEGAL ISSUE OF THIS ACTION

Plaintiffs' motion should be granted because the limited discovery requested relates to whether the Court ultimately determines whether SMRs are misclassified.   In fact defendant has already relied on the 2007 DOL Letters in support of its defense, using the 2007 DOL Letters as the primary authority in support of its motions for summary judgment and its motion to decertify the collective action.   *See* Docket Nos. 607, 610, 613, 618.  Such reliance is not surprising given that defendant's prior counsel solicited the 2007 DOL Letters. Indeed, Dickstein Shapiro boasted that their practice "regularly brings attorneys into … administrative agencies throughout the country … [including] former Department of Labor (DOL) Wage and Hour Administrator Tammy McCutchen, who is working with [NVR] … to navigate [the misclassification] matter at the DOL level;" and Ms. McCutchen stated publicly

that one of her proudest moment was "working with" the division to obtain the opinion on model home salespersons at issue in this litigation.  *See* Born Aff. at **Exhibit F; ¶** 18.

While agency opinion letters "'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance[,] ... [t]he weight [of the authority of an agency interpretation] in a particular case will depend upon the thoroughness evidenced in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade...'"  *Tracy v. NVR, Inc.,* 599 F. Supp. 2d 359, 362, n.1 (W.D.N.Y. 2009) (Larimer, J.) (quoting *Skidmore v. Swift & Co.,* 323 U.S. 134, 140 (1944)).  Therefore, Judge Larimer should be presented with all possible evidence related to whether the 2007 DOL Letters were procured by NVR, through its prior counsel, as it was actively involved in this litigation, by seeking the particular letters to avoid liability in this action. If such evidence is discovered, the 2007 DOL Letters should be rendered unpersuasive.

Thus, before Judge Larimer can determine whether any deference to the 2007 DOL Letters is at all appropriate, it is critical to first determine the role defendant, through its agents, had in procuring those letters, especially given that defendant relies almost exclusively on the 2007 DOL Letters in support of its defense.  Accordingly, plaintiffs respectfully request that the requested limited discovery be permitted.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request leave to serve the proposed subpoena for limited discovery on Dickstein Shapiro.

Dated:  September 16, 2011

                                        **THOMAS & SOLOMON LLP**

                     By:     <u>s/ Sarah M. Born</u>
                                  J. Nelson Thomas, Esq.
                                  Peter J. Glennon, Esq.
                                  Sarah M. Born, Esq.
                                  *Attorneys for Plaintiffs*
                                  693 East Avenue
                                  Rochester, New York 14607
                                  Telephone:  (585) 272-0540
                                  nthomas@theemploymentattorneys.com
                                  pglennon@theemploymentattorneys.com
                                  sborn@theemploymentattorneys.com