UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK TRACY, et al., on behalf of themselves
and all other employees similarly situated,

                                                Plaintiff,

                                                                                                  DECISION AND ORDER

                                                                                                  04-CV-6541L

                      v.

NVR, INC.,

                                              Defendant.
_____

Plaintiff brings this action on behalf of himself and a putative class of others, claiming that defendant mis-classified them as "exempt" employees under the Fair Labor Standards Act and denied them overtime compensation. Now before the Court is NVR's motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For the reasons that follow, that application is denied.

**BACKGROUND**

Familiarity with the lengthy and involved history of this protracted case is presumed. The facts pertaining to the instant motion consist of the following. On June 14, 2011, this Court affirmed a ruling by Magistrate Judge Payson that certain statements in a letter issued by NVR to its employees, which communicated a legal conclusion and attributed it to NVR's attorneys, effected a waiver of the attorney-client privilege to the extent that they disclosed the advice of

counsel. Unsatisfied with Magistrate Payson's ruling and this Court's affirmance, NVR now seeks certification of the waiver issue for immediate interlocutory appeal to the Second Circuit. (Dkt. #591).

## DISCUSSION

It is well settled that the grant or denial of certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) lies largely in the discretion of the district court judge. There are three criteria to be satisfied under § 1292(b). The question to be certified must (1) involve a controlling issue of law; (2) as to which there is a substantial ground for difference of opinion; and (3) and for which an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The certification of interlocutory appeals pursuant to Section 1292(b) "was designed to be a rarely used exception to the final judgment rule." *National Asbestos Workers Medical Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 161 (E.D.N.Y. 1999). As such, applications to certify an appeal must be weighed with caution, and granted only in "exceptional circumstances." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990). *See also Appex Systems, Inc.v . South Williamsport Sabrecom, Inc.,* 2000 WL 34326279 at *1 (W.D.N.Y. 2000); *Idylwoods Assocs. v. Mader Capital*, *Inc.*, 956 F. Supp. 421, 423 (W.D.N.Y. 1997).

NVR contends that: (1) whether the privilege has been waived is a "controlling" issue in the case, because once disclosure of the disputed material occurs, it cannot be effectively undone; (2) differences in applicable case law leave "substantial ground" for varying outcomes; and (3) the appeal may advance termination of the litigation, in that it may prevent the need for further rulings and future "squabbles" concerning the scope of the privilege waiver.

After consideration of the relevant factors, I do not believe that certification is appropriate here. With respect to the first element, I observe that whether NVR's disputed verbiage effected a waiver of the attorney-client privilege is by no means a "controlling" or significant issue in this FLSA overtime compensation case. Rather, the existence or non-existence of the waiver at issue is unlikely to sway the outcome, and its import is limited to the breadth of discovery required to be exchanged on a single, tangential issue. Indeed, NVR strenuously argues elsewhere in its submissions that the waiver issue (and the discovery sought thereby) "has no bearing" on the ultimate issues in the case, and is a mere "sideshow." (Dkt. #592 at 9).

Concerning the second element, although NVR can point to waiver cases in which varying types of particularized language referring to advice from counsel resulted in different findings as to the existence of a waiver, such fact-specific results do not reflect "substantial ground for a difference of opinion" concerning the existence or non-existence of a waiver in *this* case, which presents its own unique circumstances and verbiage. As the Supreme Court has recognized, "[m]ost district court rulings on [privilege waiver] matters involve the routine application of settled legal principles [which are] unlikely to be reversed on appeal, particularly when they rest on factual determinations . . ." *Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 607 (2009). Variations in the facts notwithstanding, the legal principles used by Magistrate Judge Payson and this Court to assess the waiver issue in this case are well-settled, and the question NVR seeks to certify does not challenge those principles, but merely seeks to have them re-applied to the facts of this case in the wild hope of a different result. NVR has failed to present any unsettled, novel or close legal question, or identified any application of an erroneous legal standard, which would require resolution by the Second Circuit.

The third and final element is whether resolution of the issue sought to be appealed would advance the litigation. NVR argues that if an appeal is resolved in its favor and a "no waiver" finding is obtained, then this "lethargic" case can be resolved "at long last" without the continuation of "likely squabbles over the scope of the ostensible waiver and disputes regarding the means by which Plaintiffs may take discovery regarding [the] privileged communications." (Dkt. #592 at 8-9). Apparently lacking appreciation for the irony inherent in this threat, NVR essentially warns the Court that if its request for an interlocutory appeal -- which is presently delaying the matter -- is not granted, then resolution of this prolonged case will be further postponed, because *NVR* will then continue to engage in "squabbles" concerning the disputed waiver, apparently as part and parcel of its litigation strategy.

I am not convinced that certification of an appeal is likely to bring a speedier end to this litigation, and the Court is unimpressed by NVR's attempt to reargue the merits of the underlying discovery dispute, its insistence that the materials it may disclose as a result of the waiver have "no bearing" in the issues presented (while simultaneously arguing that the question is a "controlling" one), and NVR's thinly-veiled threat to employ delay tactics if it is unable to appeal and obtain a favorable ruling on a discovery issue so tangential that even NVR characterizes it as a mere "sideshow."

Moreover, as before, the Court notes that NVR's attempt to overturn the Magistrate Judge's ruling is in many respects premature. Magistrate Judge Payson has yet to rule on the scope of the implied waiver, nor has NVR conferred in good faith with opposing counsel and reached an agreement on that issue, as it was directed to do. (Dkt. #584, Dkt. #598 at 11). As such, the discovery and motion practice scenarios imagined by NVR are wholly speculative, and

permitting an interlocutory appeal of the waiver issue to the Second Circuit in order to avoid such remote and nebulous consequences would not serve the interests of judicial economy.

## CONCLUSION

For these reasons, plaintiff's application (Dkt. #591) for permission to take an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is denied. Plaintiff's request for costs and attorneys fees relating to this motion (Dkt. #598) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 8, 2011.