**Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

November 18, 2011

**VIA FACSIMILE & U.S. MAIL**

Honorable Marian W. Payson
United States District Court
Western District of New York
2310 U.S. Courthouse
Rochester, New York 14614

**RECEIVED**
NOV 18 2011
MARIAN W. PAYSON
U.S. Magistrate Judge
Western District of New York

Re: <u>Patrick Tracy v. NVR, Inc.</u>
Civil Action No: 04-CV-6541 DGL

Dear Judge Payson:

Pursuant to this Court's November 4, 2011 Order (Dkt. No. 650), the parties have conferred regarding the scope of discovery related to defendant NVR, Inc.'s (NVR) waiver of attorney-client privilege (Dkt. Nos. 565 and 584). Only one point of disagreement remains between the parties, however they otherwise agree that the discovery to be conducted shall be delimited to communications that meet all three of the following parameters:

1. Information conveyed to NVR by any of its legal counsel and from any of its legal counsel to NVR;

2. Communications made between the date of the commencement of the lawsuit and January 18, 2007, which is the date of the letter that the Court found to have effected the waiver; and

3. Communications regarding the overtime exempt status classification of Sales and Marketing Representatives ("SMRs") pursuant to "DOL guidelines," which the parties have agreed include the United States Department of Labor ("DOL") regulations, Field Operations Handbook, Opinion Letters, Fact Sheets, and the Fair Labor Standards Act, but excluding the three 2007 DOL Opinion Letters at issue in this litigation (i.e., FLSA 2007-1; FLSA 2007-2; FLSA 2007-4).

The temporal scope of this discovery, addressed in the second point above, is based on the representation from defendant's counsel that no communications occurred between NVR and its legal counsel regarding the overtime exempt status classification of SMRs prior to the commencement of this action. The parties agree that should there be an indication that a communication within the scope of the waiver began on or before January 18, 2007 and

Honorable Marian W. Payson
November 18, 2011
Page 2

continued after that date, they will meet-and-confer in good faith to discuss the need for additional discovery at that time. Pursuant to this Court's Order, dated March 9, 2011 (Dkt. No. 565), and based on the scope of the above-defined discovery, defendant will respond to Interrogatory Numbers 4 and 5 of Plaintiffs' First Set of Interrogatories and produce documents within the above-stated scope of discovery by December 16, 2011.

The single point of disagreement for which the parties seek the Court's guidance, relates to whether the present discovery should be limited to communications regarding the overtime exempt status classification of SMRs pursuant to *federal* guidelines. As this action includes claims under New York law, and in light of the language in the letter effecting the waiver not specifically identifying whether "Department of Labor guidelines" excludes New York Department of Labor guidelines and regulations, and this Court's prior rulings, plaintiffs believe that any communications regarding the overtime exempt status classification of SMRs under New York law should also be discoverable. Defendant believes that such discovery should be limited to communications regarding federal law based on the language in the January 18, 2007 letter, which refers to "longstanding Department of Labor guidelines," it being Defendant's position that there are no such guidelines promulgated by the New York agency.

Consequently, we respectfully ask the Court to determine whether the scope of discovery should be limited to federal guidelines, or whether it should include communications regarding defendant's classification of SMRs under relevant New York law and guidelines.

The Court's attention to this matter is greatly appreciated.

Respectfully submitted,

Peter J. Glennon

cc: Barry Miller, Esq. (via e-mail)

*Handwritten order:* Counsel for defendant shall confer with Bob Paul, Senior Vice President of Human Resources for NVR, who signed the January 18, 2007 letter at issue to determine whether the letter's reference to "Department of Labor" includes the N.Y.S. Department of Labor. Mr. Miller shall then submit a letter reflecting Mr. Paul's answer. Discovery on the issue shall be determined by that representation. Of course, if the representation is that the "Department of Labor" refers only to the United States Department of Labor, NVR may not contend at trial that the January 18, 2007 letter refers to the New York State Department of Labor, as well as the federal agency.

SO ORDERED
Marian W. Payson

TOTAL P.03