UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK TRACY, on behalf of himself
and all other employees similarly situated,

                              Plaintiff,

                                                    <u>ORDER</u>

                                                    04-CV-6541L

                      v.

NVR, INC.,

                              Defendant.
_____

       This matter was brought under the Fair Labor Standards Act to press claims that defendant's classification of plaintiff as an exempt employee was in error.  On August 16, 2013, plaintiff's counsel wrote to the Court to request bifurcation of the trial with regard to liability and damages (Dkt. #719).  Defendant wrote to the Court on August 30, 2013, opposing the request to bifurcate (Dkt. #720).

       Rule 42 of the Federal Rules of Civil Procedure permits a court to bifurcate a trial, "[f]or convenience, to avoid prejudice, or to expedite and economize."  Fed. R. Civ. Proc. 42(b).

       Upon review of the parties' submissions, I decline plaintiff's request to bifurcate the trial, finding that bifurcation would be inconvenient, and would not expedite or economize the efforts of the parties or the Court.  Under the circumstances of this case, proof of plaintiff's damages (i.e., proof of the amount of overtime he worked) will naturally be interlaced with the proof supporting plaintiff's case in chief (i.e., proof concerning the plaintiff's work activities, where and when they were performed, how often and for how long they were performed).  Trying liability and damages separately would not appreciably abbreviate the necessary proof: to the contrary, it could result in

unnecessarily cumulative testimony from plaintiff and others. Where, as here, issues of liability and damages are intertwined, and would likely rely on testimony by many of the same witnesses, it is "well within the discretion of the trial judge to deny [bifurcation]." *Vichare v. AMBAC Inc.*, 106 F.3d 457, 466-467 (2d Cir. 1996).

Plaintiff's request for bifurcation (Dkt. #719) is accordingly denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 11, 2013.