UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
: 
PATRICK TRACY, :
:
        Plaintiff, :
:
   v. : Case No. 04-CV-06541 DGL (P)
:
NVR, Inc., :
:
        Defendant. :
:
-------------------------------------------------------- X

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Of Counsel:

Lorie E. Almon
Richard L. Alfred
Barry J. Miller
James M. Hlawek (*pro hac vice*)

Local Counsel:

William G. Bauer

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018
---------------------
Two Seaport Lane, Suite 300
Boston, MA 02210

WOODS OVIATT GILMAN LLP
700 Crossroads Building, 2 State Street
Rochester, NY 14614

*Attorneys for Defendant NVR, Inc.*

15675532v.4

<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>

Pursuant to the Court's Pretrial Order (docket 717), Defendant NVR, Inc. ("Defendant" or "NVR") hereby submits the following Proposed Jury Instructions regarding its affirmative defenses in this matter. Defendant reserves the right to amend and supplement these instructions based upon Plaintiff's proposed submissions, developments prior to or at trial, and any errors and omissions in the parties' submissions.

### INDEX OF PROPOSED INSTRUCTIONS

1.  Defendant's Proposed Pre-Charge with Case Background ..........................................2

2.  Defendant's Proposed Jury Instruction on General Rules Regarding
    Minimum Wage, Overtime Compensation, and Exemptions ......................................3

3A. Defendant's Proposed Jury Instruction on the Outside Sales Exemption ....................5

3B. Defendant's Alternative Proposed Jury Instruction on
    the Outside Sales Exemption ........................................................................................9

4.  Defendant's Proposed Jury Instruction on the Employer's
    Reasonable Expectations Regarding Exempt Work ....................................................12

15675532v.4

## 1.  DEFENDANT'S PROPOSED PRE-CHARGE AND CASE BACKGROUND

In this action, the Plaintiff, Patrick Tracy, claims that the Defendant, NVR, Inc., owes him overtime pay under the Fair Labor Standards Act and the New York Labor Law for hours that he worked in addition to forty per workweek.  The Company contends that it does not owe Mr. Tracy any overtime pay because it contends that he was a type of employee that is exempted from state and federal minimum wage and overtime pay requirements.

Mr. Tracy worked for NVR as a Sales and Marketing Representative or "SMR."  His job was to sell new homes to NVR's customers to be constructed in communities that the Company develops with its business partners.  He was paid on a commission basis and participated in a compensation program that would provide him a target level of pay that varied between $70,000 and $95,000 per year, if he met his sales quota.  When he sold fewer homes than his quota, he earned less, and when he sold more homes than his quota, he earned more than the target sum.

Neither NVR nor Mr. Tracy regularly kept track of his working hours on a regular or ongoing basis.

---
UNITED STATES DISTRICT JUDGE

GIVEN: _____

REFUSED: _____

MODIFIED: _____

### 2. DEFENDANT'S PROPOSED JURY INSTRUCTION ON GENERAL RULES REGARDING MINIMUM WAGE, OVERTIME COMPENSATION, AND EXEMPTIONS

Generally, employers are required to pay minimum wage and overtime compensation to employees for hours that employees work in excess of 40 hours per week. The purpose of minimum wage and overtime pay requirements is to protect covered workers from substandard wages and oppressive working hours.

The law recognizes that there are some employees who are outside the scope of the kind of employees that minimum wage and overtime statutes were intended to protect because they tend to be well compensated or perform duties that are not suitable to being paid on an hourly basis. Such employees are referred to as "exempt" employees and are not entitled to a minimum hourly wage or overtime pay.

_____
UNITED STATES DISTRICT JUDGE

GIVEN: _____

REFUSED: _____

MODIFIED: _____

Supporting Authorities:
29 U.S.C. § 206(a); N.Y. Lab. Law. § 652 (minimum wage statutes)
29 U.S.C. § 207(a)(1); 12 N.Y. Comp. Codes R. & Regs. 142-2.2 (overtime pay requirement for non-exempt employees);
29 U.S.C. § 213 (setting forth federal exemptions);
12 N.Y. Comp. Codes R. & Regs. 142-2.2 (incorporating federal exemptions);
*Christopher v. SmithKline Beecham Corp.*, 132 S.Ct. 2156, 2161 (2012) ("The [outside sales] exemption is premised on the belief that exempt employees normally earn salaries well above the minimum wage and perform a kind of work that is difficult to standardize to a particular time frame and that cannot easily be spread to other workers. Petitioners—each of whom earned an average of more than $70,000 per year and spent 10 to 20 hours outside normal business hours each week performing work related to his assigned portfolio of drugs in his assigned sales territory—are hardly the kind of employees that the FLSA was intended to protect.");

*Scholtisek v. Eldre Corp.*, 697 F. Supp. 2d 445, 463 n.10 (W.D.N.Y. 2010) (noting parallelism between FLSA and NYLL overtime pay obligation);

*Chenensky v. New York Life Ins. Co.*, 2009 WL 4975237, *5 (S.D.N.Y. Dec. 22, 2009) ("New York law governing overtime pay is defined and applied in the same manner as the FLSA and includes an exemption for outside salespersons.").

## 3A. DEFENDANT'S PROPOSED JURY INSTRUCTION
## REGARDING OUTSIDE SALES EXEMPTION

Defendant NVR, Inc. claims that Mr. Tracy was properly classified as subject to the outside sales exemption from state and federal wage laws. If that is the case, NVR was not required to pay a minimum hourly wage or overtime to Mr. Tracy and does not owe him any additional compensation. NVR bears the burden of proof on this issue and must demonstrate by a preponderance of the evidence that Mr. Tracy was properly subject to the outside sales exemption.

The law exempts an outside sales person from minimum wage and overtime pay requirements because such an employee to a great extent works individually. There are no restrictions respecting the time he shall work, and he can earn as much or as little, within the range of his ability, as his ambition dictates. In lieu of overtime, he ordinarily receives commissions as extra compensation. He works away from his employer's place of business, is not subject to the personal supervision of his employer, and his employer has no way of knowing the number of hours he works per day. To apply hourly standards primarily devised for an employee on a fixed hourly wage is incompatible with the individual character of the work of an outside salesman.[1]

An employee is subject to the outside sales exemption if he:

(1) has a primary duty of making sales; and

(2) is customarily and regularly engaged away from the employer's place of business in performing that primary duty.

---

[1] This paragraph closely paraphrased from *Christopher v. SmithKline Beecham Corp.*, 635 F.3d 383, 398 (9th Cir. 2011) (quoting *Jewel Tea Co. v. Williams*, 118 F.2d 202, 207-08 (10th Cir. 1941), *aff'd* 132 S.Ct. 2156 (2012).

15675532v.4

The parties agree that Mr. Tracy had a primary duty of making sales.  Therefore, the application of the outside sales exemption to Mr. Tracy depends on how much time he spent on outside activities in performing his sales duties.

The employer's place of business includes a fixed and permanent site from which an employee conducts sales.  Mr. Tracy performed some of his sales efforts from model homes that were constructed in the communities where he sold new homes to be constructed.  To the extent that all or certain parts of these model homes were intended as an office from which to transact business, they constitute NVR's place of business and work done in those locations was not outside sales work.  To the extent that all or certain parts of these model homes were intended as an example of the product that NVR offered for sale and to assist Mr. Tracy in his efforts to sell such homes, those locations are not NVR's places of business and Mr. Tracy's sales efforts in those locations was outside sales work. [2]

As previously noted, Mr. Tracy must have been "customarily and regularly" engaged in outside sales work to be subject to the outside sales exemption.  "Customarily and regularly" means a frequency that must be greater than occasional but which, of course, may be less than constant.   If Mr. Tracy performed sales work outside of an NVR's place or places of business

---

[2] This portion of this proposed instruction is derived from the principles articulated in the U.S. Department of Labor's ("DOL") Field Operations Handbook § 22f06 (c) (Nov. 29, 2010), which states in regard to the application of the outside sales exemption to new home sales employees, "not every home called a 'model home' would be a place of business of the employer.  One which is in the nature of an 'open house' to which a sales employee is assigned to meet prospects who may buy that house or another similar one on the tract may more properly be viewed as analogous to the hotel sample room of a traveling sales employee referred to in 29 C.F.R. § 541.502 than to an actual place of business of the employer." This concept is carried forward from the U.S. DOL's 1964 pronouncements regarding the exempt status of new home sales employees.  *See* 1964 DOLWH LEXIS 198, *3-4.  It is also seen in the DOL's January 25, 2007 Opinion Letter, which describes "demonstrating model homes and home sites" among the employees' exempt outside sales duties.  Wage & Hour Div. Op. Letter 2007-2, pp. 3-4.

6

for at least one or two hours a day, one or two times a week, he was an exempt outside sales person.

UNITED STATES DISTRICT JUDGE

GIVEN: _____

REFUSED: _____

MODIFIED: _____

Supporting Authorities:
29 U.S.C. § 213(a)(1) (providing for outside sales exemption);

29 C.F.R. § 541.500, *et seq.* (defining and delimiting outside sales exemption);

29 C.F.R. § 541.701 (defining "customarily and regularly");

Wage & Hour Div. Op. Letter, January 31, 1964, 1964 DOLWH LEXIS 156 (concluding that outside salesperson exemption applied to salesman stationed at model home);

Wage & Hour Div. Op. Letter, April 21, 1964 DOLWH LEXIS 198, *3 ("not every home called a 'model home' would be a place of business of the employer," because a model home "in the nature of an 'open house' to which a salesman is assigned to meet prospects who may buy that house or another similar one on the tract may more properly be viewed as analogous to the hotel sample room of a traveling salesman . . . than an actual place of business of the employer."

DOL Field Operations Handbook § 22e06 (1965) ("real estate salesman" operating from model home on tract of land on which homes are to be built will generally qualify for outside sales exemption);

DOL Field Operations Handbook § 22f06(c) (Nov. 29, 2010) (same);

Wage & Hour Div. Op. Letter, June 13, 1995 (sales representatives selling parcels of land for residential development, based in offices or model homes on tracts of land, and spending portion of workday outside model home showing parcels of land to prospective buyers, met outside sales exemption);

Wage & Hour Div. Op. Letter 2007-1, January 25, 2007 ("FLSA2007-1") (applying outside sales exemption to new home sales employees);

Wage & Hour Div. Op. Letter 2007-2, January 25, 2007 ("FLSA2007-2") (new home sales employee who leaves employer's place of business for "one or two hours, one or two times a week, to engage in selling or sales-related activities" properly subject to outside sales exemption);

*Tracy v. NVR, Inc.*, 599 F. Supp. 2d 359 (W.D.N.Y. 2009) (adopting and applying standard set forth in 2007 DOL Opinion Letters to deny plaintiff's motion for summary judgment in this action);

*Billingslea v. Brayson Homes, Inc.*, 2007 WL 2118990 (N. D. Ga.) (relying on 2007 DOL Opinion Letters to hold new home sales employees who worked out of model homes in subdivisions to be exempt outside sales personnel as a matter of law);

15675532v.4

*Maddock v. KB Home, Inc.*, 248 F.R.D. 229, 241 (C. D. Cal. 2007) ("Because the DOL opinion letters [including FLSA2007-1 and FLSA2007-2] are consistent with the DOL's longstanding position on real estate agents, the Court finds the opinion letters persuasive").

8

15675532v.4

*The following instruction is proposed in the event that the Court concludes that the model homes in which Mr. Tracy performed certain of his sales duties were the "employer's place of business" for purposes of the outside sales exemption, notwithstanding the DOL guidance treating the model home as an example of the employer's product rather than the employer's place of business.*

### 3B. DEFENDANT'S ALTERNATIVE PROPOSED JURY INSTRUCTION REGARDING OUTSIDE SALES EXEMPTION

Defendant NVR, Inc. claims that Mr. Tracy was properly classified as subject to the outside sales exemption from state and federal wage laws. If that is the case, NVR was not required to pay a minimum hourly wage or overtime to Mr. Tracy and does not owe him any additional compensation. NVR bears the burden of proof on this issue and must demonstrate by a preponderance of the evidence that Mr. Tracy was properly subject to the outside sales exemption.

The law exempts an outside sales person from minimum wage and overtime pay requirements because such an employee to a great extent works individually. There are no restrictions respecting the time he shall work, and he can earn as much or as little, within the range of his ability, as his ambition dictates. In lieu of overtime, he ordinarily receives commissions as extra compensation. He works away from his employer's place of business, is not subject to the personal supervision of his employer, and his employer has no way of knowing the number of hours he works per day. To apply hourly standards primarily devised for an employee on a fixed hourly wage is incompatible with the individual character of the work of an outside salesman.[3]

An employee is subject to the outside sales exemption if he:

(1) has a primary duty of making sales; and

---

[3] This paragraph closely paraphrased from *Christopher v. SmithKline Beecham Corp.*, 635 F.3d 383, 398 (9th Cir. 2011) (quoting *Jewel Tea Co. v. Williams*, 118 F.2d 202, 207-08 (10th Cir. 1941), *aff'd* 132 S.Ct. 2156 (2012).

(2) is customarily and regularly engaged away from the employer's place of business in performing that primary duty.

The parties agree that Mr. Tracy had a primary duty of making sales. Therefore, the application of the outside sales exemption to Mr. Tracy depends on how much time he spent on outside activities in performing his sales duties.

The employer's place of business includes a fixed and permanent site from which an employee conducts sales. When he worked in communities where NVR had built a model home, Mr. Tracy would use that model home as a sales office. Sales work that Mr. Tracy conducted outside such model homes, including sales efforts within the communities in which NVR offered homes for sale, is work that he did away from his employer's place of business.

As previously noted, Mr. Tracy must have been "customarily and regularly" engaged in outside sales work to be subject to the outside sales exemption. "Customarily and regularly" means a frequency that must be greater than occasional but which, of course, may be less than constant. If Mr. Tracy performed sales work outside of an NVR office or model home for at least one or two hours a day, one or two times a week, he was an exempt outside sales person.

UNITED STATES DISTRICT JUDGE

GIVEN: _____

REFUSED: _____

MODIFIED: _____

Supporting Authorities:
29 U.S.C. § 213(a)(1) (providing for outside sales exemption);
29 C.F.R. § 541.500, *et seq*. (defining and delimiting outside sales exemption);
29 C.F.R. § 541.701 (defining "customarily and regularly");
Wage & Hour Div. Op. Letter, January 31, 1964, 1964 DOLWH LEXIS 156 (concluding that outside salesperson exemption applied to salesman stationed at model home);

15675532v.4

Wage & Hour Div. Op. Letter, April 21, 1964 DOLWH LEXIS 198 (for salesman stationed at model home, leaving model home would be "away" from the employer's place of business, even if all property shown to prospects is within the tract on which the model home is located);

DOL Field Operations Handbook § 22e06(c) (1965) ("real estate salesman" operating from model home on tract of land on which homes are to be built will generally qualify for outside sales exemption);

DOL Field Operations Handbook § 22f06(c) (Nov. 29, 2010) (same);

Wage & Hour Div. Op. Letter, June 13, 1995 (sales representatives selling parcels of land for residential development, based in offices or model homes on tracts of land, and spending portion of workday outside model home showing parcels of land to prospective buyers, met outside sales exemption);

Wage & Hour Div. Op. Letter 2007-1, January 25, 2007 ("FLSA2007-1") (applying outside sales exemption to new home sales employees);

Wage & Hour Div. Op. Letter 2007-2, January 25, 2007 ("FLSA2007-2") (new home sales employee who leaves employer's place of business for "one or two hours, one or two times a week, to engage in selling or sales-related activities" properly subject to outside sales exemption);

*Tracy v. NVR, Inc.*, 599 F. Supp. 2d 359 (W.D.N.Y. 2009) (adopting and applying standard set forth in 2007 DOL Opinion Letters to deny plaintiff's motion for summary judgment in this action);

*Billingslea v. Brayson Homes, Inc.*, 2007 WL 2118990 (N. D. Ga.) (relying on 2007 DOL Opinion Letters to hold new home sales employees who worked out of model homes in subdivisions to be exempt outside sales personnel as a matter of law);

*Maddock v. KB Home, Inc.*, 248 F.R.D. 229, 241 (C. D. Cal. 2007) ("Because the DOL opinion letters [including FLSA2007-1 and FLSA2007-2] are consistent with the DOL's longstanding position on real estate agents, the Court finds the opinion letters persuasive").

15675532v.4

### 4. DEFENDANT'S PROPOSED JURY INSTRUCTION REGARDING AN EMPLOYER'S REALISTIC EXPECTATIONS OF JOB AND EXEMPT STATUS

An employee working in an exempt job does not lose his exempt status merely because his performance of the duties that make the job exempt is substandard.  To determine whether the employee was properly classified, you must consider the employer's realistic expectations of his performance.  In so doing, you should consider, first, how Mr. Tracy actually spent his time.  But you should also consider whether Mr. Tracy's practice diverged from NVR's realistic expectations, whether there was any concrete expression of NVR's displeasure regarding Mr. Tracy's substandard performance of the exempt aspects of his job, and whether NVR's expressions were realistic given the actual overall requirements of the job.

If you find that NVR reasonably expected Mr. Tracy to engage in outside sales activity on a customary and regular basis, but that he failed to satisfy such reasonable expectations, you must find that he was properly an outside sales employee.

UNITED STATES DISTRICT JUDGE

GIVEN: _____

REFUSED: _____

MODIFIED: _____

Supporting Authorities:

*In Marx v. Friendly Ice Cream Corp.*, 380 N.J. Super. 302, 322 (2005) (analysis of exempt status requires inquiry "into the realistic requirements of the job, giving consideration to how the employee actually spends his or her time, but also considering whether the employee's practice diverges from the employer's realistic expectations.");

*Ramirez v. Yosemite Water Co.*, 978 P.2d 2 (Cal. 1999) ("A trial court, in determining whether the employee is an outside salesperson, must [inquire] into the *realistic* requirements of the job. In so doing, the court should consider, first and foremost, how the employee actually spends his or her time. But the trial court should also consider whether the employee's practice diverges from the employer's realistic expectations, whether there was any concrete expression of employer displeasure over an employee's substandard performance, and whether these

expressions were themselves realistic given the actual overall requirements of the job") (emphasis in original);

*Brody v. AstraZeneca Pharm., LP*, 2008 U.S. Dist. LEXIS 107301, at *13 (C.D. Cal. June 11, 2008) (granting summary judgment on outside sales exemption based on employer's expectation that employee engage in sales activities);

*Ho v. Ernst & Young LLP*, 2009 U.S. Dist. LEXIS 5294, at *15 (N.D. Cal. Jan. 15, 2009) (analyzing exempt status of position in terms of whether it was "clear from this record [that] her position, performed as legitimately expected by [her employer], met the elements of the administrative exemption.")

13

15675532v.4

Dated: September 16, 2013             Respectfully submitted,

                                      /s/ Barry J. Miller            _

| SEYFARTH SHAW LLP | | WOODS OVIATT GILMAN LLP |
|---|---|---|
| Richard L. Alfred | Lorie E. Almon | William G. Bauer |
| Barry J. Miller | 620 Eighth Avenue | 700 Crossroads Bldg., 2 State St. |
| James M. Hlawek | New York, NY 10018 | Rochester, NY 14614 |
| 2 Seaport Lane, Suite 300 | (212) 218-5500 | (585) 987-2800 |
| Boston, MA 02210 | lalmon@seyfarth.com | wbauer@woodsoviatt.com |
| (617) 946-4800 | | |
| bmiller@seyfarth.com | | |

*Attorneys for Defendant NVR, Inc.*

## CERTIFICATE OF SERVICE

I certify that on September 16, 2013, I caused to be served a true and correct copy of the foregoing Defendant's Proposed Final Jury Instructions by filing the foregoing document through the Court's ECF system, which is configured to effect delivery by NEF on Plaintiff's counsel:

> J. Nelson Thomas, Esq.
> Thomas & Solomon LLP
> 693 East Avenue
> Rochester, New York 14607
> (585) 272-0540
> nthomas@theemploymentattorneys.com


                                      s/Barry Miller
                                      Barry Miller