UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------------- X
PATRICK TRACY,

              Plaintiff,

     v.

NVR, Inc.,

              Defendant.

------------------------------------------------------- X

Case No. 04-CV-06541 DGL (P)

# DEFENDANT NVR, INC.'S STATEMENT OF UNDISPUTED FACTS

<u>Of Counsel</u>:

Lorie E. Almon
Richard L. Alfred
Barry J. Miller
James M. Hlawek (*pro hac vice*)

<u>Local Counsel</u>:

William G. Bauer

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018
---------------------
Two Seaport Lane, Suite 300
Boston, MA 02210

WOODS OVIATT GILMAN LLP
700 Crossroads Building, 2 State Street
Rochester, NY 14614

*Attorneys for Defendant NVR, Inc.*

In accordance with Paragraph B(3) of the Court's Pretrial Order dated June 14, 2013 (Dkt. 717), Defendant NVR, Inc. ("NVR") submits the following list of facts that it contends to be undisputed in this matter.

## Undisputed Facts

1. NVR is in the business of selling new homes in residential communities on tracts of land developed by NVR's business partners.

2. NVR sells new homes in the Syracuse, Rochester, and Buffalo areas under the "Ryan Homes" name.

3. Plaintiff was employed by NVR as a Sales and Marketing Representative ("SMR") from January 2000 to August 2005.

4. As an SMR, Plaintiff's primary responsibility was to sell new homes to NVR's customers.

5. Each SMR is assigned to one or more residential communities in which NVR operates.

6. Some of NVR's communities have a sales center inside a model home or a sales trailer where the SMR can meet prospective customers.

7. Over the course of the time when Plaintiff was an SMR, NVR assigned him to a number of different communities in the Syracuse area including Park Ridge in Liverpool, Landings by the Bay in Brewerton, Falconview in Manlius, Creekside in Cicero, Scenic Meadows in Camillus, Golden Meadows in Camillus, and Burning Hollow in Chittenango.

8. Plaintiff made sales at NVR communities other than the ones to which he was assigned, which NVR refers to as "cross-selling."

9. NVR paid Plaintiff based on a compensation plan that provided for sales-based commissions, incentive bonuses, and/or sales-based prizes, all of which were based on Plaintiff's success in making sales.

3

Dated: September 16, 2013            Respectfully submitted,

/s/ Barry J. Miller

| SEYFARTH SHAW LLP | | WOODS OVIATT GILMAN LLP |
|---|---|---|
| Richard L. Alfred | Lorie E. Almon | William G. Bauer |
| Barry J. Miller | 620 Eighth Avenue | 700 Crossroads Bldg., 2 State St. |
| James M. Hlawek | New York, NY 10018 | Rochester, NY 14614 |
| 2 Seaport Lane, Suite 300 | (212) 218-5500 | (585) 987-2800 |
| Boston, MA 02210 | lalmon@seyfarth.com | wbauer@woodsoviatt.com |
| (617) 946-4800 | | |
| bmiller@seyfarth.com | | |

*Attorneys for Defendant NVR, Inc.*

16140079v.2

## CERTIFICATE OF SERVICE

I certify that on September 16, 2013, I caused to be served a true and correct copy of the foregoing Defendant NVR, Inc.'s Statement of Undisputed Facts by filing the foregoing document through the Court's ECF system, which is configured to effect delivery by NEF on Plaintiff's counsel:

> J. Nelson Thomas, Esq.
> Thomas & Solomon LLP
> 693 East Avenue
> Rochester, New York 14607
> (585) 272-0540
> nthomas@theemploymentattorneys.com

                                                s/Barry Miller
                                                Barry Miller

16140079v.2