UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
PATRICK TRACY,                                             :
                                                           :
        Plaintiff,                                  :
                                                           :
   v.                                                  :
                                                           :  Case No. 04-CV-06541 DGL (P)
NVR, Inc.,                                                 :
                                                           :
        Defendant.                                  :
                                                           :
---------------------------------------------------------- X

### DEFENDANT'S OPPOSITION TO
### PLAINTIFF'S MOTIONS *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING:
### PLAINTIFF'S SALARY (DKT 738),
### PLAINTIFF'S AGREEMENT TO BE PAID COMMISSIONS (DKT 739), AND
### PLAINTIFF'S FAILURE TO COMPLAIN INTERNALLY (DKT 740)

Of Counsel:

Lorie E. Almon
Richard L. Alfred
Barry J. Miller
James M. Hlawek (*pro hac vice*)

Local Counsel:

William G. Bauer

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018

----------------------

Two Seaport Lane, Suite 300
Boston, MA 02210

WOODS OVIATT GILMAN LLP
700 Crossroads Building, 2 State Street
Rochester, NY 14614

*Attorneys for Defendant NVR, Inc.*

16226528v.4

Defendant NVR, Inc. submits this response in opposition to Plaintiff Patrick Tracy's motions *in limine* seeking to exclude evidence of Plaintiff's compensation (Dkt. 738), Plaintiff's agreement to be paid on a commission basis (Dkt. 739); and Plaintiff's failure to complain internally about Fair Labor Standards Act ("FLSA") violations (Dkt. 740). Through these motions, Plaintiff seeks to prevent the jury from hearing anything about the manner or amount of his compensation. Given that Plaintiff's claims in this action are founded in these very issues (i.e., the amount and manner in which he was compensated), Plaintiff's effort to conceal such evidence from the jury is misguided. The U.S. Supreme Court has directed that the amount and nature of an employee's compensation are among the factors appropriately considered in determining whether an employee is subject to the FLSA's outside sales exemption in the context of the industrial realities of the employee's position. Similarly, whether or not Plaintiff complained internally about the compensation arrangement that is now the subject of his lawsuit bears on the issues of the willfulness of any violation and NVR's good faith efforts to comply with the law. Further, to the extent that the evidence that Plaintiff seeks to exclude has "the potential for prejudice and confusion of issues for the jury," as Plaintiff contends (Dkt. 738, p. 3; Dkt. 740, p. 3), those concerns may be addressed through a curative instruction to the jury. As such, the Court should deny each of Plaintiff's motions *in limine* to exclude evidence regarding his compensation.

### A. Evidence Regarding Plaintiff's Compensation Is Relevant to Whether He Was Properly Classified as an Exempt Outside Salesperson.

In Plaintiff's motion to exclude evidence regarding the amount of his compensation, he asserts that the only evidence relevant to whether NVR properly classified him as an exempt outside salesperson "pertains to the actual job duties of, and where they were performed, by Plaintiff." Dkt. 738, p. 3. Plaintiff cites no authority to support his claim that the evidence

1

should be circumscribed in this manner, and he offers only the most generic arguments and conclusory references to the Federal Rules of Evidence in support of his motion.

Plaintiff's more basic contention that the amount of his compensation is irrelevant to his status as an exempt outside sales employee is contrary to Supreme Court precedent. In *Christopher v. SmithKline Beecham Corp.*, the Supreme Court provided substantial new guidance on the application of the FLSA's outside sales exemption.[1]  132 S.Ct. 2156 (2012). The Court noted that application of the exemption calls for "a functional, rather than a formal, inquiry, one that views an employee's responsibilities in the context of the particular industry in which the employee works." 132 S.Ct. at 2170. In view of this functional approach, the Court noted that "exempt status should not depend on technicalities." 132 S.Ct. at 2163. In applying this framework, the Court reviewed the working conditions of the employees at issue in their totality, taking into account their job duties, how much time they spent on various tasks, and the fact that "they were not required to punch a clock or report their hours." 132 S.Ct. at 2164. The Court also included in its analysis of the exempt status of the position several factors relating to the employees' compensation. The Court considered both the amount that each of the named plaintiffs were paid annually and the median pay for employees in the same position. *Id*. (noting that plaintiffs made "just over $72,000" and "just over $76,000," respectively), *id*. at 2164 n.7 (noting median pay for pharmaceutical detailers nationwide). The Court also included the components of the employees' compensation in its analysis, noting that the gross pay that each received was based in significant measure on their sales. *Id*.

In applying the exemption, the Court noted that, in view of the employees' duties, working hours, lack of immediate supervision, and incentive-based compensation, the employees

---

[1] Despite the fact that the Court – at Plaintiff's request – allowed the parties to brief the impact of the *Christopher* decision on the issues in this action (*see* Dkt. 711), Plaintiff entirely ignores that decision in each of his motions *in limine* directed at limiting the evidence that the jury may hear regarding his status as an exempt outside salesman.

"bear all of the external indicia" of the relevant element of the exemption. 132 S.Ct. at 2172. The Court also refracted its analysis of the employees' exempt status through the purposes that the exemption was intended to serve, noting that the "exemption is premised on the belief that exempt employees 'typically earned salaries well above the minimum wage' and enjoyed other benefits that 'set them apart from the non-exempt workers entitled to overtime pay.'" *Id*. at 2173. Also in reference to the purpose of the exemption, the Court noted that exempt outside salesman perform work that is "difficult to standardize to any time frame and could not be easily spread to other workers after 40 hours in a week, making compliance with overtime provisions difficult and generally precluding the potential job expansion intended by the FLSA's [overtime] provision." *Id*.

In viewing the employees' job duties in light in the purposes of the exemption, the Court concluded that "Petitioners -- each of whom earned an average of more than $70,000 per year and spent between 10 and 20 hours outside of business hours performing work related to his [sales] -- are hardly the kind of employees that the FLSA was intended to protect." *Id*. There can be no question that the Supreme Court included the amount and nature of the employees' compensation in determining whether they were exempt outside salesmen, and the jury should be allowed to do the same.

The one case that Plaintiff cites in his motion to exclude evidence regarding the amount of his compensation fails to advance his argument. Plaintiff quotes an incomplete phrase from *Meza v Intelligent Mexican Marketing*, Inc., 720 F.3d 577 (5th Cir. 2013), for the proposition that an employee's compensation does not determine whether the exemption applies. In fact, the case that Plaintiff cites is contrary to the position that he now urges. The passage that Plaintiff quotes is part of a larger discussion of the Supreme Court's decision in *Christopher* in which the

3

Fifth Circuit acknowledged that an employee's high level of compensation may dictate that he is properly exempt, but rejected the plaintiff's obverse contention that his very modest earnings were inconsistent with a finding of exempt status. The Fifth Circuit wrote:

> It is true that the *Christopher* Court emphasized that "the FLSA's exemption for outside salesmen ... is premised on the belief that exempt employees typically earned salaries well above the minimum wage and enjoyed other benefits that set them apart from the nonexempt workers entitled to overtime pay." *Id*. at 2173 . . . Meza, who was paid on average $6.66 an hour, was compensated meaningfully below the minimum wage. *Christopher*, however, merely found that the employees at issue, who made significantly more than minimum wage, were not the sort of employees the FLSA was meant to protect, thus implying only that earning significantly more than minimum wage may *preclude* relief under the statute. *Id*. at 2173. No aspect of the opinion suggests that earning less than minimum wage is itself *sufficient* for relief. The fact is that there is no way to eliminate the possibility that Meza's relatively low compensation was due solely to poor salesmanship; in any event (and perhaps for that very reason), the regulations do not indicate that a court should consider a salesman's effective compensation in determining whether the exemption applies.

720 F.3d at 586 (emphasis in original). At least one trial court has rejected the reading of *Meza* that Plaintiff offers here and concluded that the opinion, like *Christopher*, is consistent with considering an employee's level of compensation in analyzing the application of the outside sales exemption. *Hurt v. Commerce Energy, Inc.*, 2013 WL 5323162, at *2 (N.D. Ohio Sept. 20, 2013). By contrast, Plaintiff cites no case -- and Defendant's research reveals no case -- in which any court has excluded information regarding the amount of an employee's compensation in analyzing whether an employee was properly an exempt outside salesman.

In making a determination of whether Mr. Tracy was properly an exempt outside salesman, the jury should be allowed to consider the same factors that the Supreme Court considered in applying the exemption in *Christopher*. Providing the jury with this information will allow them to "view [Tracy's] responsibilities in the context of the particular industry in which [he] works," as the Supreme Court instructed. Depriving them of this information, as

Plaintiff suggests, is an approach to exempt status that "depend[s] on technicalities," an approach that the Supreme Court expressly rejected.

### B. Evidence Regarding Plaintiff's Agreement to Be Paid on a Commission Basis Is Relevant to His Status as an Exempt Outside Salesperson.

In his motion to exclude evidence of his "agreement or acquiescence" to be paid based on a salary or commission basis, Plaintiff contends that "[a]ny testimony or evidence offered . . . that suggests plaintiff agreed or acquiesced to be paid a salary is irrelevant because any such evidence does not make it any more or less probable that plaintiff was improperly classified as an employee." (Dkt. 739, p. 1). Again, Plaintiff's unsupported argument ignores the applicable law.

In *Christopher*, the Supreme Court noted that a commission basis of pay is a hallmark of exempt status. 132 S.Ct. at 2172-73 ("That petitioners bear all of the external indicia of salesmen provides further support for our conclusion. Petitioners were hired for their sales experience. . . . They worked away from the office, with minimal supervision, and they were rewarded for their efforts with incentive compensation."). The Second Circuit also recently recognized that an employee's commission basis of pay is relevant to his status as an exempt outside sales person. *Gold v. N.Y. Life Ins. Co.,* __ F.3d __, 2013 WL 5226183, at *6 (2nd Cir. Sept. 18, 2013) (fact that employee's "compensation as well as his continued affiliation with the company was tied exclusively to his sales" supported conclusion that plaintiff was exempt outside salesman). The *Meza* case that Plaintiff has brought to the Court's attention supports the same conclusion. 720 F.3d at 581. ("An outside salesman's extra compensation comes in the form of commissions, not overtime, and because most of the salesman's work is performed away from the employer's place of business, the employer often has no way of knowing how many hours an outside salesman works."); *see also Hurt*, 2013 WL 5323162, at *2 (summarizing cases

16226528v.4

analyzing outside sales exemption and explaining that its applicability depends in part on whether the employee receives a commission).  Again, Plaintiff cites no case - and Defendant's research reflects no case -- in which a court has held that an employee's commission basis of pay is irrelevant to his status as an exempt outside salesman.

To the extent that Plaintiff is concerned that the jury may misconstrue evidence reflecting that Tracy signed annual compensation agreements expressly agreeing to a commission basis of pay, that issue can be addressed by appropriate instructions from the Court.  NVR will not argue to the jury that Plaintiff's agreement to be paid on a commission basis effects a legal waiver of his right to pursue the claims at issue in this litigation.  However, based on the authorities noted above, the fact that the parties shared an understanding that Plaintiff would be paid based on the quantity of his sales is relevant to the application of the exemption for the reasons noted above. To the extent that testimony or other evidence is presented at trial in a manner that might lead the jury to confuse these two points, the Court can provide any necessary clarification.

### C. Evidence that Plaintiff Failed to Complain or Question the Manner in which He Was Paid is Relevant to His Exempt Status.

Plaintiff's motion *in limine* to exclude evidence regarding his failure to complain internally about any FLSA violation asks the Court to exclude any evidence that he "failed to complain to his supervisors or to a governmental agency . . . that he was improperly classified as an exempt employee."[2]  Dkt. 741, p. 1.  In support of this request, Plaintiff notes the uncontroversial proposition that the FLSA does not include a requirement that an employee complain internally or exhaust administrative remedies before commencing suit.  *Id*., p. 2.  Of course, NVR has no intention of arguing at trial that Mr. Tracy is barred from pursuing his

---

[2] The only authority that Plaintiff cites on this point is a case that concerned payments to non-exempt employees for off-the-clock work, and did not present any question pertaining to those employees' exempt status.  *See* Dkt. 740, p. 2 (citing *Lopez v. Tyson Foods*, 2011 WL 1791549 (D. Neb. May 11, 2011)).

overtime claim by virtue of having failed to satisfy exhaustion requirements that do not exist. However, the mutual understanding that NVR and Mr. Tracy shared regarding the manner in which he would be compensated is relevant to the application of the exemption for the reasons described in the preceding section. Moreover, the fact that the parties persisted in this arrangement for years, with Mr. Tracy acknowledging his commission basis of pay each year in a detailed agreement and never requesting overtime or any other compensation on an hourly basis, is relevant to his exempt status. The fact that Mr. Tracy never even suggested that he should be paid on some basis other than a commission is evidence from which the jury may infer that his relationship with NVR was of the sort that Congress intended to exempt from the FLSA's overtime regime because -- as with the employees in *Christopher* -- the duties and incentives of such a position were not consistent with a compensation system based on an hourly rate of pay.

The fact that Mr. Tracy never requested overtime pay from NVR or otherwise complained about his compensation is also relevant to Plaintiff's claim that NVR's supposed violation of the FLSA was willful and NVR's defense that its conduct was in good faith. Plaintiff cannot establish that NVR's conduct was "willful" without some evidence that NVR knew that the pay structure violated the FLSA or failed to investigate complaints. *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness where the employer admitted that it knew its employees were being paid incorrectly and the employer's attorney advised the employer not to investigate); *Reich v. Bay*, Inc., 23 F.3d 110, 117 (5th Cir. 1994) (upholding a district court's finding of willfulness where the employer was notified by a government representative that its payment practices violated the FLSA and the employer continued those practices without further investigation). And while the absence of any

7

complaints regarding compensation may not, on its own, prove NVR's "good faith" compliance with the statute, that does not mean that this fact should be excluded from consideration as Plaintiff contends. Instead, the fact that Plaintiff never complained should be evaluated as one of many factors indicating that NVR acted in "good faith" and lacked "willfulness."

That Plaintiff never once complained about his compensation, under the FLSA or otherwise, is clearly relevant to any claim by Plaintiff that NVR acted "willfully" in failing to pay him minimum wage and/or overtime.

### D. Evidence Regarding Plaintiff's Compensation Is Not Unfairly Prejudicial And Will Not Confuse The Jury.

Plaintiff also contends that the Court should exclude evidence regarding Plaintiff's compensation under FRE 403 because admission of such evidence would be prejudicial and would confuse the jury. In support, Plaintiff asserts that "[a] juror may attach undue significance to the amount plaintiff earned, and improperly decide that he was fully compensated for all work performed regardless of whether he was an inside or outside salesperson." (Dkt. 739, p. 2.) Plaintiff's assertion, however, misstates the law. The jury should consider the totality of Plaintiff's compensation, along with Plaintiff's primary job duties, in its determination of whether he was an exempt outside sales employee for the reasons described in the preceding sections. The jurors' consideration of Plaintiff's compensation, therefore, would not be undue or improper, and such evidence is not excludable under FRE 403. As with the other issues noted above, to the extent that the Court believes that evidence is presented at trial in a manner that could have an unfairly prejudicial effect, any such concerns can be cured with an appropriate instruction to the jury.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's motions *in limine* seeking to exclude evidence regarding the amount of his compensation (Dkt. 739), the fact that he agreed to be paid on a commission basis (Dkt. 740), and the fact that he never complained about the manner in which he was paid (Dkt. 741). Plaintiff has provided this Court with no compelling factual or legal argument why evidence or testimony related to his compensation would be irrelevant or would create a substantial danger of undue prejudice. On the contrary, information about the nature and amount of Plaintiff's compensation bears directly on his exempt status.

Dated: October 8, 2013                Respectfully submitted,

/s/ Barry J. Miller

| | | |
|---|---|---|
| SEYFARTH SHAW LLP<br>Richard L. Alfred<br>Barry J. Miller<br>James M. Hlawek<br>2 Seaport Lane, Suite 300<br>Boston, MA 02210<br>(617) 946-4800<br>bmiller@seyfarth.com | Lorie E. Almon<br>620 Eighth Avenue<br>New York, NY 10018<br>(212) 218-5500<br>lalmon@seyfarth.com | WOODS OVIATT GILMAN LLP<br>William G. Bauer<br>700 Crossroads Bldg., 2 State St.<br>Rochester, NY 14614<br>(585) 987-2800<br>wbauer@woodsoviatt.com |

*Attorneys for Defendant NVR, Inc.*

9

## **CERTIFICATE OF SERVICE**

I certify that on October 8, 2013, I caused to be served a true and correct copy of the foregoing document by filing it through the Court's ECF system, which is configured to effect delivery by NEF on Plaintiff's counsel:

>J. Nelson Thomas, Esq.
>Thomas & Solomon LLP
>693 East Avenue
>Rochester, New York 14607
>(585) 272-0540
>nthomas@theemploymentattorneys.com

>s/Barry Miller
>Barry Miller

16226528v.4