UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------------- X
PATRICK TRACY,                                          :
                                                        :
        Plaintiff,                                 :
                                                        :
    v.                                                :   Case No. 04-CV-06541 DGL (P)
                                                        :
NVR, Inc.,                                              :
                                                        :
        Defendant.                                 :
                                                        :
------------------------------------------------------- X

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE
ANY EVIDENCE OR TESTIMONY REGARDING
DEFENDANT'S EXPECTATION OF PLAINTIFF'S JOB PERFORMANCE**

Of Counsel:

Lorie E. Almon
Richard L. Alfred
Barry J. Miller
James M. Hlawek (*pro hac vice*)

Local Counsel:

William G. Bauer

                SEYFARTH SHAW LLP
                620 Eighth Avenue
                New York, NY 10018

                ---------------------

           Two Seaport Lane, Suite 300
                Boston, MA 02210

           WOODS OVIATT GILMAN LLP
      700 Crossroads Building, 2 State Street
                Rochester, NY 14614

            *Attorneys for Defendant NVR, Inc.*

Plaintiff's Motion *in Limine* to Exclude Any Evidence or Testimony Regarding Defendant's Expectation of Plaintiff's Job Performance (Dkt. 742) seeks to limit evidence regarding Plaintiff's outside sales activities to the actual tasks that Plaintiff performed, regardless of the extent to which those activities were consistent with or in disregard of NVR's expectations and instructions. Plaintiff's position distills to an assertion that he could avoid the exempt status of his position by disregarding his assigned duties and responsibilities, which does not accord with the language of the applicable regulations, the underlying purposes of the relevant statute, or common sense. As Plaintiff acknowledges, the FLSA regulations provide that an employee's exempt status is based on his "duties," a term that is synonymous with the employer's expectations for the position, the very subject that Plaintiff seeks to exclude from evidence. Plaintiff provides no citation to any case that supports such an approach, and as noted below, those courts that have considered the issue have found that it is appropriate to consider both the employee's actual activities *and* the employer's realistic expectations of what the employee will do in assessing exempt status. Evidence regarding NVR's expectations of Plaintiff's outside sales activities is, therefore, highly relevant and is admissible.

**I.     Evidence Regarding NVR's Reasonable Expectations of Plaintiff's Job Performance Is Highly Relevant to Whether He Was an Exempt Outside Salesperson.**

Plaintiff contends that NVR's reasonable expectations of his job performance are irrelevant because the determination of an employee's exempt status is based on the actual job duties of the employee, not the employer's expectations. Motion, p. 1. In support, Plaintiff points to 29 C.F.R. § 541.2, which Plaintiff cites to only partially. In full, 29 C.F.R. § 541.2 states that: "A job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employer's salary and duties meet the requirements of the regulations in this part." This regulation does not restrict

1

NVR's reliance on its reasonable expectations of Plaintiff's job performance in demonstrating that he was properly classified as an exempt outside salesman.  First, when read in its full context, it is clear that the regulation's aim is to prevent employers from pointing simply to a sham job title to establish exempt status, not to prevent employers from using a job description or other indications of an employer's expectations in making the exemption determination.

During the October 7 pretrial conference, Plaintiff's counsel argued that NVR's job description for Plaintiff's position is categorically irrelevant because NVR may not have held him to that description, similar to the way a fast-food employer might attempt to evade overtime requirements by drafting a disingenuous job description suggesting that its cashiers had high-level duties.  But Plaintiff provides no evidence that NVR drafted its job description disingenuously or failed to hold him to the requirements listed in that description.  Further, the fact that an employer might fail to hold an employee to the job description does not mean that job descriptions are per se inadmissible.  29 C.F.R. § 541.2 does not suggest such a result.  And NVR does not contend that the exemption analysis should be made based entirely on the job description.  Rather, as explained below, NVR's reasonable expectations of the position should be considered in conjunction with what Plaintiff actually did.

Further, Plaintiff's contention is based on an implication that there is some difference between an employee's "duties" and an employer's expectations.  "Duties" are, by definition, what the employee is expected to do.  *See* http://dictionary.reference.com/browse/duties. (Defining duties as "something that one is expected or required to do.").  That is, an employee's "duties" are the expectations or requirements established by the employer, such as job requirements set forth in an employee's job description.  In arguing that NVR's expectations were irrelevant to his actual job duties, Plaintiff confuses the *activities* that he actually performed with the *duties* that NVR charged him to perform.  However, the two terms have distinct meetings, and the activities that an employee

performs may not correspond with his duties. In using the term "duties," 29 C.F.R. § 541.2 makes clear that an employer's expectations of how an employee performs his job are centrally relevant to his status as an exempt or nonexempt employee.

In arguing that his exempt status should be based solely on his actual activities and that NVR's position in its decertification papers endorses Plaintiff's approach, Plaintiff overlooks the fact that consideration can be given to both his actual job activities and NVR's realistic expectations of his position. NVR's proposed jury instruction provides for just such an approach. *See* Dkt. 730 at 122. ("To determine whether the employee was properly classified, you must consider the employer's realistic expectations of his performance. In so doing, you should consider, first, how Mr. Tracy actually spent his time. But you should also consider how Mr. Tracy's practice diverged from NVR's realistic expectations . . . ."). This is consistent with the approach adopted by *Ramirez v. Yosemite Water Co.*, 978 P.2d 2 (Cal. 1999), and several other courts. *See, e.g., id*. at 13; *Brody v. AstraZeneca Pharm., LP*, 2008 U.S. Dist. LEXIS 107301, at *13 (C.D. Cal. June 11, 2008); *Marx v. Friendly Ice Cream Corp*., 380 N.J. Super. 302, 322 (2005).

The *Ramirez* approach of considering both the employee's actual job activities and the employer's reasonable expectations makes sense because, as the *Ramirez* court pointed out, an employee who is supposed to engage in outside sales activities should not be able to evade a valid exemption by disregarding the expectations of his position. 978 P.2d at 13. This justification is especially compelling for a position like Plaintiff's, in which he regularly worked away from his employer's place of business with minimal supervisory oversight. Simply put, Plaintiff should not be rewarded with overtime pay based on an assertion that he parked himself in the model home in defiance of his supervisors' express instructions. NVR's reasonable expectations are, therefore, highly relevant.

In his objections to NVR's proposed jury instructions (Dkt. 743), Plaintiff asserts that the *Ramirez* approach is inappropriate because the seminal case adopting that approach arose under California law. Dkt. 743 at p. 5. Plaintiff explained that the *Ramirez* approach "makes sense when analyzing the outside sales exemption under California state law because the standard for the outside sales exemption is a quantitative one . . . [that applies to an employee] who customarily and regularly works more than half the working time away from the employer's place of business . . ." *Id*. (citations omitted). What Plaintiff fails to recognize is that his exempt status under the FLSA and New York law also depends on a quantitative standard, albeit with a lower threshold. As this Court has recognized, the FLSA's outside sales exemption applies to Plaintiff if he engaged in outside sales activities for at least one or two hours a day, one or two times per week. *Tracy v. NVR, Inc.*, 599 F. Supp. 2d 359, 363 (W.D.N.Y. 2009). Having conceded that an analysis that accounts for the employer's reasonable expectations is appropriate when the standard at issue is quantitative, Plaintiff has no grounds to argue that NVR's expectations are irrelevant to the determination of whether he was an exempt outside salesman under the standard that the Court has adopted.

Notwithstanding this Court's prior rulings, Plaintiff argues in various of his pre-trial filings, as he argued in his Motion for Summary Judgment, that the gravamen of the 2007 DOL Opinion Letters regarding new home sales employees is not the quantity of their outside activities, but the "indispensable" quality of such activities. That interpretation is errant for the reasons that NVR argued in opposition to Plaintiff's motion for summary judgment and in several other briefings to this Court, and the Court rejected Plaintiff's arguments on this point in the published opinion cited above. However, even if Plaintiff were correct that the standard for the FLSA's outside sales exemption included some such qualitative considerations, there can be no serious dispute that the DOL's analysis in the 2007 Opinion Letters also includes consideration of the quantity of the new

4

home sales employees' outside activities.  *See* FLSA2007-2, p. 2 (relying on fact that "sales employees generally leave the model home or trailer one or two hours a day, one or two times a week, to engage in the selling or sales-related activities" to conclude that "the described activities qualify as being 'customarily and regularly'" engaged in outside sales work).  Because there is no question that the standard includes a quantitative component, and Plaintiff concedes that an employer's reasonable expectations are appropriately considered in such a quantitative inquiry, he cannot argue that evidence of NVR's expectations regarding his level of outside activities are irrelevant to his exempt status.

## II.   EVIDENCE REGARDING NVR'S REASONABLE EXPECTATIONS OF PLAINTIFF'S POSITION IS NOT UNFAIRLY PREJUDICIAL AND WILL NOT CONFUSE THE JURY.

Plaintiff also contends that the Court should exclude evidence regarding NVR's reasonable expectations of his position under FRE 403 because admission of such evidence would be prejudicial and would confuse the jury.  In support, Plaintiff asserts that "[a] juror may attach undue significance to testimony that plaintiff's job performance somehow undercut defendant's expectation for the position, and improperly decide whether he was an inside or outside salesperson on defendant's 'realistic expectations' of the position."  Motion at p. 2-3.  Plaintiff's assertion, however, is based on a mischaracterization of the law.  As set forth in the previous section, the jury should consider NVR's realistic expectations of the position along with Plaintiff's actual job activities.  The juror's consideration of those expectations, therefore, would not be "undue" or "improper."

Further, NVR's proposed instruction expressly informs the jury to consider Plaintiff's actual job activities as well as NVR's realistic expectations, and in fact informs the jury to consider Plaintiff's actual job activities first.  Dkt. 730 at p. 12.  This instruction would prevent the concerns that Plaintiff raises, particularly his concern that a juror would attach undue significance to the

5

expectations of his position. Evidence regarding NVR's reasonable expectations of Plaintiff's position should not, therefore, be found inadmissible under FRE 403.

## CONCLUSION

Evidence regarding NVR's expectations of Plaintiff's position is relevant to his exempt status. Plaintiff can be expected to minimize his actual outside sales activities in his testimony at trail. To balance that testimony, NVR should be allowed to submit evidence to show that the level of outside sales activity that it reasonably expected Plaintiff to perform. For these reasons, the Court should deny Plaintiff's Motion *in Limine* in its entirety.

Dated: October 8, 2013        Respectfully submitted,

/s/ Barry J. Miller

| SEYFARTH SHAW LLP | | WOODS OVIATT GILMAN LLP |
|---|---|---|
| Richard L. Alfred | Lorie E. Almon | William G. Bauer |
| Barry J. Miller | 620 Eighth Avenue | 700 Crossroads Bldg., 2 State St. |
| James M. Hlawek | New York, NY 10018 | Rochester, NY 14614 |
| 2 Seaport Lane, Suite 300 | (212) 218-5500 | (585) 987-2800 |
| Boston, MA 02210 | lalmon@seyfarth.com | wbauer@woodsoviatt.com |
| (617) 946-4800 | | |
| bmiller@seyfarth.com | | |

*Attorneys for Defendant NVR, Inc.*

16229528v.3

## CERTIFICATE OF SERVICE

I certify that on October 8, 2013, I caused to be served a true and correct copy of the foregoing Defendant NVR, Inc.'s Opposition to Plaintiff's Motion in Limine To Exclude Any Evidence or Testimony Regarding Defendant's Expectation of Plaintiff's Job Performance, which is configured to effect delivery by NEF on Plaintiff's counsel:

>J. Nelson Thomas, Esq.
>Thomas & Solomon LLP
>693 East Avenue
>Rochester, New York 14607
>(585) 272-0540
>nthomas@theemploymentattorneys.com

>>s/Barry Miller
>>Barry Miller