SEYFARTH SHAW LLP
ATTORNEYS

Writer's direct phone
(617) 946-4806
Writer's e-mail
bmiller@seyfarth.com

RECEIVED
NOV 4 2013
DAVID G. LARIMER
U.S. District Judge
Western District of New York

World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
(617) 946-4800
fax (617) 946-4801
www.seyfarth.com

November 1, 2013

**BY FACSIMILE AND FIRST CLASS MAIL**

Honorable David G. Larimer
U.S.D.C. Western District of New York
2120 U.S. Courthouse, 100 State Street
Rochester, NY 14614

Re: *Tracy v. NVR, Inc., 04-CV-06541*

Dear Judge Larimer:

We write on behalf of Defendant, NVR, Inc. in regard to the Motion to Compel that Plaintiff Patrick Tracy filed in the above-referenced matter (Dkt 770) subsequent to the entry of the jury's verdict against him. Plaintiff seeks an order compelling NVR to produce responses that the Company received to customer surveys that it sent to customers who purchased homes from Sales and Marketing Representatives other than Mr. Tracy. The time for Plaintiff to pursue this issue has long since passed. The Court has issued a final judgment in NVR's favor following the jury's verdict, and the customer survey results could not possibly have any bearing on Plaintiff's efforts to undo that verdict. The Court should, therefore, find Plaintiff's motion non-justiciable and deny the motion without further briefing or delay.

As a threshold matter, Plaintiff filed his Motion to Compel without conferring with NVR, as required under Local Rule 7(d)(4). The Rule provides that "No motion for discovery and/or production of documents . . . shall be heard unless accompanied by an affidavit showing that sincere attempts to resolve the discovery dispute have been made." NVR learned of Plaintiff's contentions regarding the surveys at issue only upon reviewing his Motion to Compel. Plaintiff never even so much as requested the production of additional surveys before filing his present motion. Having entirely disregarded the prerequisites to filing a discovery motion, Plaintiff's Motion to Compel is not properly before the Court.

Plaintiff's Motion to Compel is also procedurally improper insofar as it seeks discovery after the trial has concluded, which requires a showing of a particular and unique need for the information at issue. *Griffin v. Foley*, 542 F.3d 209, 223 (7th Cir. 2008) (absent evidence of perjury, post-trial discovery request was properly denied as "unduly burdensome"); *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 852 (6th Cir. 2010) (absent an evidentiary showing of fraud, district court properly denied request for post-trial discovery premised on allegations of misconduct); *Jones v. Swanson*, 512 F.3d 1045, 1050 (8th Cir. 2008) (post-trial discovery properly denied where proposed discovery would not further motion for relief from judgment); *Kelso v. City of Toledo*, 77

LONDON WASHINGTON, D.C. SAN FRANCISCO SACRAMENTO NEW YORK LOS ANGELES HOUSTON CHICAGO BOSTON ATLANTA

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK





Fed. Appx. 826, 834-835 (6th Cir. 2003) (district court properly denied discovery request after entry of summary judgment, where plaintiff offered no basis for such an "unusual" request).

Indeed, at this very late stage, the documents that Plaintiff seeks to compel are several steps removed from the ambit of relevant information. First, documents of the type that Plaintiff seeks were excluded from evidence -- at Plaintiff's request -- as inadmissible hearsay. There is nothing that can be done with such documents at this juncture to alter the outcome of the trial. Second, Plaintiff does not seek surveys pertaining to his own outside activities, but surveys pertaining to the outside activities of other employees. Such materials have no bearing on the extent of Mr. Tracy's outside sales activities for the same reasons that the Court articulated in decertifying the FLSA collective action claim in this matter and denying his motion to certify a class action under Fed. R. Civ. P. 23. *See* Dkt 716. Finally, Plaintiff's contention that the materials at issue could have some bearing on NVR's decision to classify his position as exempt ignores the recent procedural history of the case. The trial in this action was phased -- again, at Plaintiff's request -- such that issues pertaining to NVR's willfulness and/or good faith in its decision to classify Mr. Tracy's position as exempt would be reached only if the jury found that he was not properly subject to the outside sales exemption. That eventuality never occurred, and judgment entered in this matter without the Court or the jury ever considering the circumstances surrounding NVR's classification decision. Plaintiff's protestations regarding the relevance of the materials at issue are misplaced and contrary to the positions that Plaintiff took on the evidentiary issues in this case at trial.

For the reasons noted above, the Court should deny Plaintiff's Motion to Compel without the need for further briefing or hearing. NVR further states that Plaintiff's representations regarding the discovery events and disputes described in his Motion to Compel include a number of serious distortions of the procedural history of this action. Because those events occurred approximately 5 ½ years ago, Defendant would respectfully request a period of two weeks in which to prepare a complete opposition to the motion, to the extent that the Court decides to overlook the procedural defects in Plaintiff's filing and entertain his Motion to Compel.

Thank you for your courtesies in this matter.

Respectfully submitted,

SEYFARTH SHAW LLP

Barry J. Miller

cc: J. Nelson Thomas, Esq. (by email)

16368178v.2